8/24/2009
TC#: F-07-50318-M
RE: Case No. AP-75,968
STYLE: RUIZ, WESLEY LYNN
        On this day, this Court has denied the "Appellant's (pro se) Motion of Appeal".

                                        Louise Pearson, Clerk


            Wesley Lynn Ruiz
            TDCJ-ID No. 999536
            Polunsky Unit
            Livingston, TX 77351

AP-75968

DENIED
8-24-09
p.c.

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL - 7 2009

Louise Pearson, Clerk

Wesley Lynn Ruiz
999536 Polunsky Unit
3872 F.M.350 South
Livingston, Texas 77351

Date: 07/06/09

Texas Court of Criminal Appeals
Capital station
P.O. Box 12308
Austin, Texas 78711

Re: Ruiz v. State of Texas, No.F07-50318

Dear Clerk,

   Enclosed please find one original copy of appellant's appeal from denial on trail transcript to be filed with the court.

   Additionally, please find one extra copy of appellant's appeal from denial of trial transcript to be file stamped and returned back to me in the self-addressed postage paid envelope provided herein.

   Thank you for your time and consideration in this matter. Should there be any quesitons concerning the above please contact me directly at the above listed address.

With regards,

Wesley Lynn Ruiz
Wesley Lynn Ruiz

FILED IN
COURT OF CRIMINAL APPEALS

JUL 07 2009

Louise Pearson, Clerk

NO. _____

IN THE COURT OF CRIMINAL APPEALS

STATE OF TEXAS

No. F07-50318
IN THE 194TH DISTRICT COURT
DALLAS COUNTY, TEXAS

---

WESLEY LYNN RUIZ, Appellant

Vs.

THE STATE OF TEXAS, Appellee

---

APPELLANT'S MOTION OF APPEAL

---

Wesley Lynn Ruiz, Appellant
Pro Se, TDCJ # 999536
3872 F.M. 350 South
Livingston, Texas 77351

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

## STATEMENT OF CASE

Appellant was indicted for the offense of capital murder involving the death of a peace officer. After trial by jury, appellant was sentenced to death on July 11,2008. Direct appeal is automatic.

Trial court appointed Lydia Brandt to file 11.071 application for writ of habeas corpus. Mrs.Bradnt's office is located in Richardson, Texas, several hundred miles from the Livingston, Texas, Polunsky Unit in which appellant is currently housed.

Direct appeal and State habeas corpus application is not currently due.

## STATEMENT OF FACTS

On or about April 23,2009 appellant filed motion to convicting court requesting he be provided a free copy of trial transcript inorder to better assist habeas counsel [Lydia Brandt] in her preparation of issues to be raised. On June 8,2009 appellant received notice motion for transcript had been denied.

On or about June 10,2009 appellant filed notice of appeal to convicting court. The court reports record was filed to this Court on July 15,2009.

## ARGUMENT

Appellant asserts trial court abused its discretion in denying motion for transcript inorder to aid in preparation of state habeas corpus

1.

application.

In this particular instance, appellant has sought the trial transcript to aid habeas counsel in her investigation of evidence not presented during trial proceedings. With appellant not having a constitutional claim to habeas proceedings, he is unable to seek relief on state habeas counsel in federal court due to unexhausted claims which makes it all that more important for a thorough investigation to be done now. Habeas counsel is not local, making seeing appellant on a regular basis impossible, there are no phones available to appellant which to contact counsel leaving mail service the only option. Without trial transcript appellant is unable to properly explain why trial counsel was ineffective for not presenting evidence related both guilt/innocence and punishment phase of trial.

At present habeas counsel has her office in Richardson Texas, approximately 300 miles north of Livingston, Texas where appellant is currently housed. Due to the very distance counsel would be unable to communicate with appellant in person, conducting as thorough investigation as possible. Appellant with the aid trial transcript would be able to articulate his communication with counsel specifically pointing out what volumn and page for counsel, stating what evidence could be found to discredit prosecutions theory, or what mitigating evidence may be found inorder to illustrate appellant is not a continuing threat.

Inorder for appellant to properly aid his defense on appeal, production of trial transcript is mandated. Equal protection demands that State provide an indigent criminal defendant a transcript from a previous proceeding if its needed for an effective appeal or an effective defense. <u>Britt v. North Carolina</u>, 404 U.S. 226,227, 92 S.Ct. 431 (1971). The interest protected ensures that the trial a person obtains is not determined by "the amount of money he has" Id., at 404 U.S., at 231 (Douglas,J., dissenting)(quoting <u>Griffin v. Illinois</u>, 351 U.S. 12,19, 76 S.Ct. 585,591 (1956)). The Supreme Court in Britt rules that the following two factors are relevant to determining a defendants need for the transcript: 1) the value of the transcript in the connection with defense and 2) the availability of alternative devices that would fulfill the same functions as a transcription. Id., at 404 U.S. 227, 92 S.Ct 433-34. Transcription of a prior proceeding is presumptively valuable to a defendant without a particularized showing of need. Id., at 404 U.S. 228, 92 S.Ct. 434. If an adequate alternative to a transcription is available to the defendant, however, then trial court doe snot err in refusing to order the State to provide a free transcription to an indigent defendant. Id., at 404 U.S. 228-30, 92 S.Ct. 343-35.

In <u>White v. State</u>, 823 S.W.2d 296,300 (Tex.Crim.App.1992), this Court applied, but also distguished, Britt when the court

3.

when the court held that denying continuance to allow and indigent defendant to obtain a transcript of a prior proceedings was reversible error. The White court presumed that the defendant was harmed in the absense of a showing, by the State, that the defendant did not need the transcript from earlier proceedings. Id., at 299,300. In reaching this conclusion, the White court recognized a critical difference from the circumstances of the Britt case. Id., at 299-300.

It is axiomative, however, that a criminal defendant must be indigent in order to be entitled to a free record of any testimony whether of a trial that ended in a mistrail or of a full trial for appeal. Whitehead v. State, 130 S.W.3d 866,873-74 (Tex.Crim.App.2004)(noting that rule authorizing a free record for appeal contains oath requirement; holding that "only sworn allegations are to be considered in determining where a defendant is entitled to a free record")(citing Tex.R.App.P.20.2); see also Abdnor v. State, 712 S.W.2d 136 141043 (Tex.Crim.App.1986) (citing settled law imposing duty on appellant claiming indigency as basis for obtaining free record to exercise due diligence in asserting indigency; holding that due diligence includes timely filing of affidavit and sustaining indigency claims in affidavit, but does not require the defendant to testify.)

Prior to trial appellant requested appointed of counsel due to being indigent. At conclusion of trial proceedings, appellant

4.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays this Court reverse trial court, GRANTING motion for production of trial transcript to aid in thorough investigation and affirmative defense on appeal.

                                  Respectfully submitted,

                                  *Wesley Lynn Ruiz*

                                  Wesley Lynn Ruiz, Appellant
                                  Pro se, TDCJ #999536
                                  3872 F.M.350 South
                                  Livingston, Texas 77351

IN THE COURT OF CRIMINAL APPEALS
STATE OF TEXAS

| | | |
|---|---|---|
| WESLEY LYNN RUIZ | ) | IN THE JUDICIAL DISTRICT |
| Appellant | ) | 194TH DISTRICT COURT |
| Vs. | ) | DALLAS COUNTY, TEXAS |
| THE STATE OF TEXAS | ) | CAUSE No. F07-50318 |
| Appellee | ) | |

## O R D E R

This Court having considered appellant's motion on appeal hereby:

       GRANTS_____

       DENIES_____

_____
Presiding judge

## CERTIFICATION

I, Wesley Lynn Ruiz, TDCJ#999536 state that to the best of my knowledge facts alleged in support of motion for production of trial transcript are true and correct under the penalty of perjury as proscribed by title 18 U.S.C.§1746.

*Wesley Lynn Ruiz*
Wesley Lynn Ruiz

## VERIFICATION

I, Wesley Lynn Ruiz, TDCJ#999536 state that a true and correct copy of appeal from denial of trial transcript has been sent to the district attorneys office on this 6 day of July, 2009

Dallas County District Attorney
133 N Industrial Blvd
Dallas, Texas 75207

*Wesley Lynn Ruiz*
Wesley Lynn Ruiz