*15968*

\* \* \* \* \*  DEATH PENALTY  \* \* \* \* \*

C  L  E  R  K ' S  R  E  C  O  R  D

Volume ___ONE___ of ___TWO___

Trial Court Cause Number ___F07-50318-M___
In the ___JUDICIAL___ District Court ___194th___
Of Dallas County, Texas.

Honorable ___ERNEST WHITE___, Judge Presiding.

================================================

THE STATE OF TEXAS

_____, Plaintiff

vs.

WESLEY RUIZ

_____, Defendant

================================================

**FILED IN**
**COURT OF CRIMINAL APPEALS**

OCT 10 2008

**Louise Pearson, Clerk**

Appealed to the Court of
Criminal Appeals of Texas at Austin, Texas, or
Court of Appeals for the _____ District of Texas, at _____, Texas.

================================================

Attorney for Appellant
Name ___DOUG PARKS___
Address ___321 CALM WATER LANE, HOLLY LAKE RANCH, TX   75755___
Telephone No. ___214.521.2670___
Fax No. ___903.769.3465___
SBOT No. ___15520000___
Attorney for: ___WESLEY RUIZ___

================================================

Delivered to the Court of Criminal Appeals of Texas at Austin, Texas, or
Court of Appeals for the _____ day of _____, _____.

Signature of Clerk _____
Name of Clerk _____
Title _____

================================================

Appellate Court Cause No. _____
Filed in the Court of Criminal Appeals of Texas at Austin, Texas, or
Court of Appeals for the _____ District of Texas, at _____, Texas,
this ___3rd___ day of ___OCTOBER___ ___2008___
GARY FITZSIMMONS, DALLAS COUNTY DISTRICT CLERK

By ___ANA McDANIEL___, Deputy

1    WESLEY LYNN RUIZ        CAUSE NO.      F07-50318-M

2    VS                               IN THE 194th JUDICIAL DISTRICT

3    THE STATE OF TEXAS       COURT OF DALLAS COUNTY, TEXAS

4    ================================================

5

# * INDEX *

6    Caption                                           Vol. 1-01

7    True Bill of Indictment    (10 May 07)        Vol. 1-06
      Affidavit for Arrest Warrant

8

      Trial Docket                                 Vol. 1-08

9

      Defendant's Motion for Examining Trial    Vol. 1-11
      (27 Mar 07)

10

      Motion to Quash Grand Jury Subpoenas/Denied    Vol. 1-14
      (23 Apr 07)

11

12    Proposed Jury Questionnaire    (09 May 07)      Vol. 1-18

13    Writ/Officer's Return    (16 May 07)          Vol. 1-36

14    Affidavit for Search Warrant/Search Warrant    Vol. 1-37
      (04 Oct 07)

15

16    Return and Inventory    (04 Oct 07)          Vol. 1-40

17    Writ for Special Venire    (04 Oct 07)         Vol. 1-41

18    State's Motion to Seek the Death Penalty    (12 Nov 07)    Vol. 1-43

19    State's Motion to Conduct Individual Voir Dire    Vol. 1-44
      (13 Nov 07)

20

21    Pre-Trial Motions - Volume I Cover           Vol. 1-46
      -   Motion for Special Venire/Granted        Vol. 1-53

22    -   Motion for Notice of List of Prospective Jurors/Granted    Vol. 1-56
      -   Motion for Request for Individual Voir Dire of the    Vol. 1-59
          Panel of Prospective Jurors/Granted

23

24

WESLY RUIZ

F07-50318-M

PAGE   2

=======================================================

Pre-Trial Motion - Volume 1 (continued)

- Motion for Discovery, Production and Inspection of Evidence No. 1/Granted with Exception — Vol. 1-62
- Motion for Discovery Deadline/Granted — Vol. 1-74
- Motion to Consult with Client in Private — Vol. 1-78
- Motion for Approval of Defense Medical Examiner/ Granted — Vol. 1-82
- Motion to Limit Cross-Examination of the Defendant/ Denied — Vol. 1-85
- Motion to Prohibit Inflammatory Exhibition of Defendant/Granted — Vol. 1-88
- Motion to Suppress Testimony Concerning the Defendant's State of Mind and to Instruct the State's Witnesses in Regard to such Testimony/Denied — Vol. 1-92
- Motion to Instruct Witnesses for the State Not to Make Unresponsive Answers and/or Volunteer Information Not Called for the Questions Propounded to Them by Either the Defendant's Attorneys or the State's Attorneys/Granted — Vol. 1-97
- Motion Regarding Statements of the Defendant/Granted — Vol. 1-101
- Motion to Instruct Counsel for the State Concerning In-Court and Out-of-Court Identification of the Defendant/Granted — Vol. 1-104
- Motion to Designate Where Physical Evidence was Found/Granted — Vol. 1-110
- Motion for Disclosure of Evidence Favorable to the Accused/Granted — Vol. 1-114
- Motion with Reference to Arraignment of the Accused/Granted — Vol. 1-119
- Motion to Instruct Counsel for the State Concerning Voir Dire Examination, Argument and Trial before the Jury/Granted — Vol. 1-122
- Motion to Sequester Jury — Vol. 1-129
- Motion for Clean Jacket/Granted — Vol. 1-133
- Motion to Sequester — Vol. 1-136
- Motion to Provide Definition/Denied — Vol. 1-139
- Motion to List Witnesses/Granted — Vol. 1-143
- Motion to Declare Tex. Code Crim. Proc. Ann. Art. 37.07 Sec 4(a) Unconstitutional/Denied — Vol. 1-147
- Application for Attachment of Prospective Juror/Granted — Vol. 1-151

WESLEY RUIZ

PAGE 3

F07-50318-M

====================================================================

Pre-Trial Motion - Volume I (continued)
- Motion for Discovery of Information Regarding Prior Jury Service/Denied — Vol. 1-154
- Motion to Prohibit Oath/Denied — Vol. 1-160
- Motion to Suppress Illegal Identification of the Defendant and Request for Hearing Outside the Presence of the Jury/Granted — Vol. 1-164
- Motion to Disclose Mitigation Evidence/Granted — Vol. 1-168
- Motion to Inquire into Peremptory Challenges by the State/Granted — Vol. 1-176
- Motion for Reproduction of Photographs/Granted — Vol. 1-180
- Motion Requesting Notice of Intent to Use Certified Copies of Official Written Instruments/Granted — Vol. 1-184
- Motion to Instruct Counsel for the State Not to Lead Witnesses/Granted — Vol. 1-187
- Motion for Opportunity to be Heard Prior to the Taking of Judicial Notice of Adjudicative Facts: Tex. R. Crim. Evid. 201(E)/Granted — Vol. 1-190
- Motion to Discover Rewards/Granted — Vol. 1-194
- Motion to Reveal Conferences Between Witnesses/Denied — Vol. 1-197
- Motion for the Production and Inspection of Criminal Records/Granted — Vol. 1-201
- Motion to Disclose Punishment Evidence/Denied — Vol. 1-204

Pre-Trial Motions - Volume II  Cover — Vol. 1-207
- Defendant's Election of Punishment in Jury Trial — Vol. 1-212
- Motion to Preclude the Death Penalty as a Sentencing Option/Denied — Vol. 1-214
- Motion to Preclude the Death Penalty as a Sentencing Option (Denial of Equal Protection)/Denied — Vol. 1-219
- Motion for a Hearing to Test Qualification of the Prosecution's Character and Reputation Witnesses/Granted — Vol. 1-224
- Motion to Preserve and Make Available Witness Statements/Granted — Vol. 1-228
- Motion to Define Mitigation/Denied — Vol. 1-232
- Motion for the Appointment of an Investigator/Granted — Vol. 1-235
- Motion to Shuffle Jurors — Vol. 1-238
- Defendant's Motion that the Court Reporter Record All Proceedings/Granted — Vol. 1-241

WESLEY RUIZ                                                              PAGE   4

F07-50318-M

===============================================================================

Pre-Trial Motion - Volume II   (continued)
- Defendant's Motion for Disclosure of Specific                          Vol. 1-244
  Impeachment and Exculpatory Information/Granted
- Motion to List Expert Witnesses/Granted                                Vol. 1-248
- Motion in Limine - Extraneous Offenses                                 Vol. 1-251
- Motion to Provide Funds for the Purpose of Securing                    Vol. 1-254
  Expert Witnesses/Granted
- Motion to Reveal Mitigation Charge/Granted                             Vol. 1-258
- Motion to Declare Tex. Code Crim. Proc. Ann.                           Vol. 1-262
  Art. 37.071 Unconstitutional as Applied/Denied
- Motion to Declare Tex. Code Crim. Proc. Ann.                           Vol. 1-268
  Art. 37.071 Unconstitutional/Denied
- Defendant's Motion Regarding Victim Character/Impact                   Vol. 1-275
  Testimony After Mosley vs State/Denied
- Motion to Allow the Defense to Close Arguments on                      Vol. 1-280
  Mitigation/Denied
- Motion to Preclude Prosecution from Seeking the                        Vol. 1-285
  Death Penalty/Denied
- Motion to Require the State to Reveal Agreements/                      Vol. 1-297
  Understandings/Granted
- Motion to Hold Unconstitutional V.A.C.C.P. Article                     Vol. 1-301
  37.071 Sec. 2(e) and (f) - Burden of Proof/Denied
- Motion to Allow Incarcerated Defendant Access to a                     Vol. 1-307
  Hot Meal/Granted
- Motion to Allow Additional Motions/Granted                            Vol. 1-311
- Motion to Introduce the Testimony of Defendant's                       Vol. 1-315
  Family and Friends Regarding their Feelings on the
  Prospect of a Death Sentence and the Impact an
  Execution Would Have on Them/Denied
- Motion to Hold Unconstitutional Tex C. Crim. P.                        Vol. 1-326
  Article 37.071 2(e) and (f) - Failure to Require
  Mitigation to be Considered/Denied
- Motion to Declare Article 37.071 (3)(e) (1)                            Vol. 1-330
  Unconstitutional/Denied
- Motion to Declare V.A.C.C.P. 37.071 Unconstitutional                   Vol. 1-334
  and for Other Relief/Denied

Discovery      (19 Dec 07)                                               Vol. 1-352

Clerk's Certificate that Appellate Record is True and                    Vol. 1-353
Correct

**CAPTION**

The State of Texas                    §
County of Dallas                      §

In the ___194th JUDICIAL DISTRICT COURT___ of Dallas County, Texas, the

Honorable ___ERNEST WHITE___, Judge Presiding, the following

proceedings were held and the following instruments and other papers

were filed in this cause, to writ:

Trial Court Cause No. ___F07-50318-M___

The State of Texas          §    In the ___JUDICIAL___

Vs                          §    District Court ___194th___, of

___WESLEY RUIZ___           §    Dallas County, Texas

000001

LM

**DEFENDANT** Ruiz, Wesley Lynn          W M  11201979  **CHARGE** CAP MUR PO

AKA:

**ADDRESS**    2708 Sagebrush, Irving, Tx          **LOCATION** DSO

**FILING AGENCY** TXDPD0000 **DATE FILED** April 02, 2007          **COURT**     JDC194

**COMPLAINANT** Nix, Mark          F-0750318    **VT#:**

**C/C**

---

### TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of

Dallas County, State of Texas, duly organized at the _____ April _____ Term, A.D., ___2007___ of the

_____ Criminal District Court 5 _____ , Dallas County, in said Court at said

Term, do present that one          **RUIZ, WESLEY LYNN**          , Defendant,

On or about the    23 rd  day of March A.D., 2007    in the County of Dallas and said State, did

unlawfully then and there intentionally and knowingly cause the death of MARK NIX, an individual, hereinafter called deceased, by SHOOTING THE DECEASED WITH A FIREARM, A DEADLY WEAPON, and the said deceased was a peace officer, namely: a DALLAS POLICE OFFICER then and there acting in the lawful discharge of an official duty, and the said defendant then and there knew the said deceased to be a peace officer,

against the peace and dignity of the State.

_William H. Foal_

**CRAIG WATKINS**

Criminal District Attorney of Dallas County, Texas          Foreman of the Grand Jury.

COURT



000003

```
*****************************  ****************************  *****************************
03/24/07 0602                    DALLAS POLICE DEPARTMENT                        PAGE 01
*******************************************************************************
```

SERVICE#: 0203348T          ARREST#: 07-015687

AFFIDAVIT FOR ARREST WARRANT          COUNTY OF DALLAS          STATE OF TEXAS

        BEFORE ME, THE UNDERSIGNED AUTHORITY, ON THIS DAY PERSONALLY
APPEARED THE UNDERSIGNED AFFIANT WHO, AFTER BEING DULY SWORN BY ME, ON
OATH STATED: MY NAME IS   J.L. MCGUIRE                    AND I AM A PEACE
OFFICER OF THE CITY OF DALLAS, DALLAS COUNTY, TEXAS.  I, THE AFFIANT,
HAVE GOOD REASON AND DO BELIEVE THAT ON OR ABOUT 23 MARCH    2007  ONE
RUIZ,WESLEY,LYNN;                    DID THEN AND THERE IN THE CITY OF DALLAS,
DALLAS COUNTY, TEXAS COMMIT THE OFFENSE(S) OF:

        CAPITAL MURDER                F1 CF  19.03   0203348T
        AGG ASLT/TO PUB SERVANT       F1     22.02   0204694T
        AGG ASLT/TO PUB SERVANT       F1     22.02   0204696T
        AGG ASLT W/DW                 F2     22.02   0204689T
        AGG ASLT W/DW                 F2     22.02   0204692T

AFFIANT'S BELIEF IS BASED UPON THE FOLLOWING FACTS AND INFORMATION:

JARC,JASON CHRISTOPH___ 7854 , A FELLOW PEACE OFFICER OF THE CITY OF
DALLAS, DALLAS COUNTY, TEXAS, WHO PERSONALLY PARTICIPATED IN THE
INVESTIGATION OF THESE ALLEGED OFFENSE(S), PROVIDING THIS INFORMATION TO
AFFIANT, AND WHOSE INFORMATION AFFIANT BELIEVES TO BE CREDIBLE.

ON MARCH 23, 2007 AT ABOUT 0530 P.M. OFFICER(S) JARC,JASON CHRISTOPH # 7854
AND STARR,PATRICK J # 7420  OBSERVED THE VEHICLE IN WHICH A/P WAS DRIVING,
WAS A SUSPECT VEHICLE IN A HOMICIDE AT AT SOUTHBOUND STEMMONS NEAR
MOCKINGBIRD DALLAS, DALLAS COUNTY, TEXAS.

CHARGE DESCRIPTION:    CAPITAL MURDER

THE COMPLAINANT NIX #7906, WAS A UNIFORMED DALLAS POLICE OFFICER
WORKING NW PATROL.  HE RESPONDED TO A CALL FROM DEPLOYMENT OFFICERS JARC
#7854 AND STARR #7420 TO MAKE A TRAFFIC STOP ON A VEHICLE THAT WAS
REPORTED ON A POSSIBLE HOMICIDE.  THE OFFICERS WERE SOUTHBOUND ON
STEMMONS FRWY AT MOCKINGBIRD.  A/P RUIZ EXITED STEMMONS ON
MOCKINGBIRD AND PROCEEDED SOUTHBOUND ON WESTMORELAND.  COMPLAINANT GOT
BEHIND THE A/P WITH OTHER OFFICERS FOLLOWING.  THE COMPLAINANT ATTEMPTED
TO STOP THE A/P BY TURNING ON HIS RED LIGHTS, BUT THE A/P REFUSED TO
STOP AND ACCELERATED AND CONTINUED SOUTHBOUND ON WESTMORELAND AND TURNED
RIGHT ON BERNAL. A/P LOST CONTROL AND SKIDDED ACROSS THE ROAD AND INTO
THE FRONT YARD OF 4023 BERNAL.  THE COMPLAINANT STOPPED HIS CAR DIRECTLY
IN FRONT OF THE A/P.  COMPLAINANT EXITED HIS SQUAD CAR, AND WENT TO
THE RIGHT PASSENGER SIDE OF THE CAR AND ATTEMPTED TO BREAK OUT THE CAR'S
WINDOW. OTHER OFFICERS WERE ALSO AT THE LOCATION. COMPLAINANT
CONTINUED TO HIT THE WINDOW WITH HIS ASP, AT WHICH TIME THE A/P INSIDE
THE VEHICLE FIRED SEVERAL ROUNDS, WHICH STRUCK COMPLAINANT TO THE SIDE
OF THE NECK. COMPLAINANT IMMEDIATELY FELL TO THE GROUND.  OFFICES JARC
#7854 AND BORCHARDT #7800 DRAGGED COMPLAINANT TO SAFETY. OFFICERS
RETURNED COVER FIRE. COMPLAINANT WAS TRANSPORTED BY OFFICER JARC, HOGAN,
AND BOCHARDT TO PMH WHERE HE WAS PRONOUNCED DECEASED BY DR. THAL

```
*********************************                    ***********************
03/24/07  0602              DALLAS POLICE DEPARTMENT              PAGE 02
*******************************************************************************
```

SERVICE#: 020334ST        ARREST#: 07-015687

AFFIDAVIT (CONTINUED)

AT 7:16 PM.  THE A/P WAS TAKEN INTO CUSTODY BY TACTICAL OFFICERS WHO
HAD RESPONDED TO A BARRICADED PERSON INSIDE THAT VEHICLE. THE A/P WAS
TRANSPORTED TO PMH BY DFD WITH MULTIPLE GUN SHOT WOUNDS. HE WAS TAKEN TO
SURGERY AND LISTED IN SERIOUS CONDITION. SEE RELATED SERVICE NUMBERS:
204689T, 204692T, 204694T AND 204696T.
A/P HAS BEEN ARRESTED NUMEROUS TIMES.
TLETS AND JI55 SHOWED NO FELONY CONVICTIONS.

CHARGE DESCRIPTION:      AGG ASLT/TO PUB SERVANT

COMP BORCHARDT #7800 WAS ON DUTY IN A MARKED PATROL ELEMENT IN FULL
POLICE UNIFORM. HE RESPONDED TO DEPLOYMENT ELEMENTS CALL FOR ASSISTANCE
IN ATTEMPTING TO STOP A CAR THAT THEY BELIEVED WAS OCCUPIED BY A MURDER
SUSPECT. THE VEHICLE TURNED SOUTH ON MOCKINGBIRD FROM STEMMONS. THE
MARKED ELEMENTS WERE GOING TO WAIT SOUTH ON WESTMORELAND TO INTERCEPT
THE A/P. OFFICER NIX #7906 (RELATED SER #203348-T) WAS FIRST ELEMENT
TO GET BEHIND THE A/P AFTER HE WAS OBSERVED ON WESTMORELAND. THE COMP
AND HIS PARTNER, HAECKER #7996 WERE THE SECOND VEHICLE. WHEN OFFICER NIX
ATTEMPTED TO STOP THE A/P, A/P SPED UP AND ATTEMPTED TO FLEE. THE
OFFICERS CHASED THE A/P SOUTH ON WESTMORELAND TO WEST ON BERNAL. THE
A/P LOST CONTROL OF HIS VEHICLE IN THE 4000 BLOCK OF BERNAL AND
SKIDDED INTO THE FRONT YARD OF 4023 BERNAL COMING TO A STOP. OFFICER NIX
STOPPED DIRECTLY IN FRONT OF THE A/P AND COMPLAINANT AND HIS PARTNER
STOPPED ON THE PASSENGER SIDE. ALL OF THE OFFICERS GOT OUT OF THEIR
VEHICLES AND OFFICER NIX ATTEMPTED TO KNOCK OUT THE PASSENGER SIDE
WINDOW WITH HIS ASP. THE A/P BEGAN TO SHOOT AT THE OFFICERS FROM
INSIDE THE VEHICLE, STRIKING OFFICER NIX IN THE NECK, HE FELL TO THE
GROUND AND THE OFFICERS RETURNED FIRE. THE A/P CONTINUED TO SHOOT AT
THE COMPLAINANT AND OTHER OFFICERS. THE OFFICERS RETREATED BY PULLING
OFFICER NIX OUT OF THE LINE OF FIRE. TACT WAS THEN CALLED. THE A/P
WAS TAKEN TO PMH WITH MULTIPLE GSWS. THE COMPLAINANT WAS NOT INJURED.
TLETS AND JI55 SHOWED NO FELONY CONVICTIONS.

CHARGE DESCRIPTION:      AGG ASLT/TO PUB SERVANT

COMPLAINANT HAECKER IS A DALLAS POLICE OFFICER, WHO WAS DRESSED IN A
FULL DALLAS POLICE UNIFORM.  HE WAS RIDING PARTNERS WITH OFFICER
BORCHARDT #7800 (SEE RELATED SER #204694-T). THEY RESPONDED TO A
REQUEST BY NORTHWEST DEPLOYMENT ELEMENT TO STOP A CAR THAT COULD BE
OCCUPIED BY A MURDER SUSPECT. A/P WAS ON STEMMONS @ MOCKINGBIRD. HE THEN
TURNED SOUTH ON MOCKINGBIRD WHICH TURNS INTO WESTMORELAND. THE MARKED
ELEMENTS WAITED ON WESTMORELAND TO INTERCEPT THE A/P.  OFFICER NIX 7906
WAS FIRST TO GET BEHIND THE A/P WITH COMPLAINANT HAECKER SECOND IN
LINE. THE A/P THEN BEGAN TO RUN FROM THE OFFICERS WITH THE CHASE
CONTINUING SOUTH ON WESTMORELAND TO WEST ON BERNAL. IN THE 4000 BLOCK,
THE A/P LOST CONTROL OF HIS VEHICLE AND HE SKIDDED INTO THE FRONT
YARD AND STOPPED.  OFFICER NIX STOPPED DIRECTLY IN FRONT OF THE A/P.
THEY ALL GOT OUT OF THEIR CARS AND OFFICER NIX BEGAN TO HIT THE
PASSENGER WINDOW WITH HIS ASP. THE A/P FIRED A WEAPON AT OFFICER NIX,
STRIKING HIM IN THE NECK, AND HE FELL TO THE GROUND. THE A/P THEN
BEGAN TO FIRE SEVERAL MORE ROUNDS AT THE OFFICERS. THEY RETURNED FIRE
WHILE OFFICER NIX WAS PULLED TO SAFETY ACROSS THE STREET. THE COMPL WAS
NOT INJURED. OFFICER NIX WAS TRANSPORTED TO PMH WHERE HE WAS PRONOUNCED

SERVICE#: 02033487          ARREST#: 07-015687

AFFIDAVIT (CONTINUED)

DECEASED AT 7:16 PM. TACTICAL WAS CALLED TO GET THE A/P, WHO HAD
BARRICADED HIMSELF IN HIS CAR. HE WAS EVENTUALLY ARRESTED AND TAKEN TO
PMH IN SERIOUS CONDITION.
TLETS AND JISS SHOWED NO FELONY CONVICTIONS.

CHARGE DESCRIPTION:     AGG ASLT W/DW

COMPL JARC #7854 IS A DALLAS POLICE OFFICER WHO IS ASSIGNED TO THE PLAIN
CLOTHES DEPLOYMENT UNIT OF THE NORTHWEST PATROL DIVISION. HE AND OFFICER
STARR 7420 WERE RIDING TOGETHER IN A BLK CHEVY PICK-UP ON STEMMONS FRWY
AT MOCKINGBIRD. THEY OBSERVED THE SUSPECT VEHICLE TRAVELING ON STEMMONS.
THEY WERE AWARE THAT A POSSIBLE HOMICIDE SUSPECT COULD BE DRIVING THIS
VEHICLE. THEY REQUESTED MARKED COVER ELEMENTS TO STOP THE VEHICLE. THEY
FOLLOWED IT TO SOUTHBOUND ON MOCKINGBIRD WHICH TURNS INTO WESTMORELAND.
OTHER UNIFORMED OFFICERS WERE WAITING ON WESTMORELAND TO INTERCEPT THE
SUSPECT VEHICLE. OFFICER NIX 7906 WAS FIRST COVER ELEMENT TO GET BEHIND
THE A/P.  A CHASE ENSUED AND IT CONTINUED SOUTH ON WESTMORELAND TO
WEST ON BERNAL. OTHER ELEMENTS WERE ALSO INVOLVED IN THE CHASE. IN THE
4000 BLOCK OF BERNAL, THE A/P LOST CONTROL OF THE VEHICLE AND
SKIDDED INTO THE FRONT YARD OF 4023 BERNAL AND CAME TO A STOP. OFFICER
NIX PULLED DIRECTLY IN FRONT OF THE A/P AND STOPPED.  COMPLAINANT JARC
STOPPED HIS VEHICLE ON THE ROADWAY AND HE AND HIS PARTNER EXITED. COMP
STATED THAT HE OBSERVED OFFICER NIX ON THE GROUND AND HE RAN AROUND ONE
OF THE OTHER MARKED SQUADS AND SAW THE A/P HOLDING A FIREARM, WHICH
HE POINTED AT THE COMPL. COMP WAS IN FEAR OF HIS LIFE AND FIRED MULTIPLE
TIMES AT THE A/P. THE COMPLAINANT WAS NOT INJURED.
TLETS AND JISS SHOWED NO FELONY CONVICTIONS.

CHARGE DESCRIPTION:     AGG ASLT W/DW

COMPLAINANT STARR #7820 WAS WORKING PLAIN CLOTHES DEPLOYMENT
UNIT OF THE NORTH WEST DIVISION WITH OFFICER JARC #7854. THEY
OBSERVED THE SUSPECT ON STEMMONS AT MOCKINGBIRD.
THEY WERE AWARE THAT THIS VEHICLE COULD BE OCCUPIED BY A MURDER
SUSPECT. THEY REQUESTED A MARKED SQUAD TO STOP THE A/P. THE VEHICLE
TURNED SOUTH ON MOCKINGBIRD WHICH TURNS INTO WESTMORELAND. THE
MARKED ELEMENTS WAITED ON WESTMORELAND FOR THE A/P.  OFFICER NIX 7906
WAS FIRST MARKED ELEMENT TO GET BEHIND THE A/P.  A CHASE BEGAN WHICH
CONTINUED SOUTH ON WESTMORELAND TO WEST ON BERNAL. THE A/P LOST CONTROL
AND SKIDDED INTO THE FRONT YARD OF 4023 BERNAL AND STOPPED. OFFICER NIX
STOPPED DIRECTLY IN FRONT OF THE A/P.  COMPLAINANT STARR AND HIS
PARTNER STOPPED ON THE ROAD AND WALKED DOWN IN THE DIRECTION OF THE
A/P.  THEY OBSERVED OFFICER NIX FALL TO THE GROUND. THE A/P
CONTINUED TO SHOOT AT THE OFFICERS, AND THEY RETURNED FIRE, STRIKING HIM
NUMEROUS TIMES. THE COMPLAINANT WAS NOT INJURED. THE A/P WAS TRANSPORTED
TO PMH IN SERIOUS CONDITION.  OFFICER NIX DIED FROM HIS WOUNDS.  SEE
RELATED SERVICE #203348-T.
TLETS AND JISS SHOWED NO FELONY CONVICTIONS.

```
****************   ***********************   *****************
03/24/07 0602            DALLAS POLICE DEPARTMENT           PAGE 04
*********************************************************************
```

SERVICE#: 0203348T        ARREST#: 07-015687

AFFIDAVIT (CONTINUED)

_____  WHEREFORE AFFIANT REQUESTS THAT AN ARREST
        AFFIANT           WARRANT BE ISSUED FOR THE ABOVE ACCUSED
                          INDIVIDUAL IN ACCORDANCE WITH THE LAW.

SUBSCRIBED AND SWORN TO BEFORE ME ON
DATE:_____      _____
                                   MAGISTRATE

```
*********************************************************************
```

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

No. _____   F07-50318-LM

BAIL STATUS: _____

STATE OF TEXAS

WESLEY LYNN RUIZ

| DATE OF ORDER | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|
| | P. Brauchle appt 3/29/07 | CAPITAL MURDER, A CAPITAL FELONY OFFENSE AS CHARGED IN THE INDICTMENT/PO | 5-10-07 |

ORDERS OF COURT

| DATE OF ORDER | ORDERS OF COURT |
|---|---|
| 5-11-07 | First 5-14-07 |
| 5-14-07 | Arraign 5-24-07 |
| 5-24-07 | Other 1:30 07 |
| | near 12-6-07 |
| | = 12-12-07 PT |
| | = 12-19-07 PT |
| | Trial 1/14/08 |
| | special venue |
| 12/07/08 | Court Conducts Pretrial — A 2/12/09ing, A did not |
| | enter a Plea |
| | hear 3/27/08 |
| | = 4/3/08 |
| | Trial 4/17/08 |

BAIL STATUS:

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

No. F07-503/8

| DATE OF ORDER | STATE OF TEXAS | ATTORNEYS | ORDERS OF COURT | OFFENSE | DATE OF FILING |
|---|---|---|---|---|---|

STATE OF TEXAS

Luis Wesley

4-2-08

4-4-08

4-11-08   Court Swore in following witness; Vernie msolo

5-27-08

6/5/08

6-17-08   Pre Sentence Hearing. Defense David as presence due to Excess Security in ct.

Case called for trial. Both sides announced ready. Jury selected, impaneled and sworn. Defendant arraigned. Indictment read. Plea of not guilty before the jury. Evidence presented. Jury charged. Arguments of counsel. Jury verdict of ____ Guilty murder

Punishment fixed by ____ Court at ____ years confinement in the Texas Department of Corrections.

6/2/08 — Ct Swore in following
Witnesses; Karlus Luke, Maria Gilles

6/2/08 — Ct Swore in following
Witnesses; Raynal Sosa

000009

STATE OF TEXAS

vs. No. _____

| DATE OF ORDER | ORDERS OF COURT |
|---|---|

Punishment fixed by _____ at _____ Death _____

confinement in the Texas Department of Corrections.

FILED

CAUSE NO. _F0150318-M_

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE ___194th___ |
| VS. ROBERTA WILLIAMS | § | DISTRICT COURT _____ OF |
| _Wesley_ DEPUTY 2 | § | DALLAS COUNTY, TEXAS |

DISTRICT CLERK
BALLAS CO., TEXAS

## DEFENDANT'S MOTION FOR EXAMINING TRIAL

COMES NOW the defendant through the undersigned attorney of record and would move the Court to conduct an examining trial in the above styled and numbered cause, and in support thereof would show the Court as follows:

I.

☐ The defendant is charged with the ___capitol___ degree felony offense of _____ ___capitol murder___ , AND

☐ The case was filed with the District Attorney on the ____ day of _____, 20__.

II.

☐ The case has not been indicted but is set before the Dallas County Grand Jury on the _____ day of _____, 20__, OR

☐ The case has not been indicted and is not currently set before the Dallas County Grand Jury.

III.

☐ The defendant has been incarcerated in the Dallas County jail for this offense since the ___28th___ day of ___May___, 2007; book-in number ___07022486___ , OR

☐ The defendant is currently on bond in the amount of $ _____

IV.

List order of preference (1,2,3,4,5) for day of hearing, and indicate any days not available (X)

## ALL EXAMINING TRIALS BEGIN AT 8:30 AM

Any day ___✓___

Monday _____    Tuesday _____    Wednesday _____

Thursday _____    Friday _____

This Motion filed on the ___28th___ day of ___May___, 2007

_____          x _____
Attorney for Defendant                    Defendant's signature
(Print Name) _Paul Brauch___
Bar Card # _02918000___
Telephone # _21/742-2332___
Email _____

10/3/2005

000011

## RESET INFORMATION

The examining trial was not conducted and is ordered reset for the following reasons

___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____
___/___/20___  _____  _____

*************************

### ORDER OF THE COURT

The undersigned Magistrate hereby certifies that on this date the following occurred pursuant to Art 16.01 CCP.

☐   An examining trial was conducted and probable cause found to bind the defendant over to the Dallas County Grand Jury.  Bond is: _____

☐   An examining trial was conducted and no probable cause was found to bind the defendant over to the Dallas County Grand Jury.  The defendant is ordered discharged.

☐   The examining trial was canceled for the following reasons _____
_____

☐   The examining trial was waived as evidenced by the following signature(s):

_____              _____
Attorney for Defendant                                         Defendant


All proceedings were conducted with the following present:

_____              _____
Defense Attorney                                                  Court Reporter

_____
District Attorney

The foregoing Order is hereby entered this _____ day of _____, 20___.


_____
Magistrate

10/3/2005

Cause No. F _07-50318-M_____          Bond Set At $ _1000,000.00_____

OFFENSE: _Capital Murder_____          By MAGISTRATE: __Shead_____

                                          ON $ _____BOND


THE STATE OF TEXAS VS.                    IN THE _____194ᵗʰ_____

_RUIZ, Wesley_____               DISTRICT COURT _____

"The Defendant"


AKA: _____                  OF DALLAS COUNTY, TEXAS


<u>CERTIFICATE OF EXAMINING TRIAL</u>

    The undersigned Magistrate of Dallas County, Texas hereby certifies that on this date there was conducted an examining trial in this cause in accordance with Article 16.01 et seq. Of the Texas Code of Criminal Procedure.

X _____       X _____
Court Reporter                Attorney for Defendant

                          X _____
                              Assistant District Attorney


<u>ORDER</u>

    Probable cause is found to bind the Defendant over to the Dallas County Grand Jury.  Bond is set at:

$ ~~_____~~ NO BOND

SIGN AND ENTERED this _19_ day of _April_____, 200_7_

                          _____
                              MAGISTRATE

    No probable cause is found to bind the Defendant over to the Dallas County Grand Jury, and the Defendant is Ordered discharged.

    SIGNED AND ENTERED this _____day of _____, 200_____.


                          _____
                              MAGISTRATE

<u>WAIVER OF EXAMINING TRIAL</u>

    COME NOW the undersigned Defendant and Defendant's Attorney in the above cause, and do hereby waive the right of the Defendant to an examine trial under Article 16.01 et seq., Texas Code of Criminal Procedure in the above cause.

    SIGNED AND ENTERED THIS _____day of _____, 200_____.


_____          _____
Defendant                              Attorney for Defendant

    The foregoing Waiver of Examining Trial is hereby approved.


                          _____
                              MAGISTRATE

000013

FILED

'07 APR 23 AM 11: 52

F07 50318 90

F07-23387-M

CLERK
DALLAS CO. TEXAS
DEPUTY

THE STATE OF TEXAS

VS.

WESLEY RUIZ

IN THE 194TH JUDICIAL

DISTRICT COURT OF

DALLAS COUNTY, TEXAS

## MOTION TO QUASH GRAND JURY SUBPOENAS

TO THE HONORABLE COURT, COMES NOW the Defendant in the above entitled and numbered cause and would show the Court as follows:

I

Defendant is charge with capital murder. Siad charge is to be heard by the Dallas County Grand Jury on April 24, 2007.

II.

It has come to the attention of the Defendant that the State of Texas is attempting to subpoena non-offense witnesses before the Grand Jury to testify about facts not related to the offense of capital murder.

III.

Defendant would ask that the Court quash any and all subpoenas issued for putative witnesses not directly related to the events associated with March 23, 2007 at 4023 Bernal, Dallas, Texas.

IV.

A copy of a purported subpoena is attached.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Motion be set for a hearing and the subpoenas be quashed and held for naught..

Respectfully submitted,

PAUL BRAUCHLE
4131 N. CENTRAL EXPY.
 SUITE 680
DALLAS, TEXAS 75204
02918000
214-742-2332

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion was served on the State on the 22nd day of April, 2007..

## ORDER

The foregoing Motion is hereby GRANTED

The foregoing Motion is hereby DENIED, to which the Defendant excepts.

JUDGE

000015

2256 B-1

**GRAND JURY SUBPOENA**

CAP MUR PO

Grand Jury Case No.     WESLEY RUIZ       Charge

Defendant's Name
TO THE SHERIFF OR ANY PEACE OFFICER OF DALLAS COUNTY, TEXAS

ASHLEY RIVERA

YOU ARE HEREBY COMMANDED TO SUMMON

TUESDAY, APRIL 24, 2007     9:00 A.M.

to appear before the Grand Jury on _____, at _____ O'clock A.M. as a witness.

UP TO A $500.00 FINE FOR FAILURE TO OBEY A GRAND JURY SUMMONS.

ANDY BEACH    (214)653-3611
Bailiff

Phone: 653-3585

WILLIAM POOL

Foreman
BRING THIS NOTICE WITH YOU TO 1ST FLOOR
FRANK CROWLEY COURTS BUILDING, 133 NORTH INDUSTRIAL BOULEVARD DALLAS, TEXAS 75207-4313

000016

BAIL STATUS:

TRIAL DOCKET — CRIMINAL DISTRICT COURT — DALLAS COUNTY, TEXAS

No.

| DATE OF ORDER | ORDERS OF COURT | STATE OF TEXAS | ATTORNEYS | OFFENSE | DATE OF FILING |
|---|---|---|---|---|---|
| 4·24·07 | Hearing on a Mtn to Quash Grand Jury Subpoena | Wesley R. 3 | | | |

000017

# JURY QUESTIONNAIRE

Juror No._____

*You have taken an oath to truthfully, correctly and completely answer the following questions.* ***Please*** ***answer each and every question.*** *The information you give in this questionnaire will only be used by the court and the parties to select a qualified jury. After a jury has been selected, all copies of your responses will be kept secret. The parties are under orders to maintain the secrecy of any information they learn in the course of reviewing these questionnaires.*

## PLEASE PRINT DARK ENOUGH TO MAKE COPIES:

NAME:_____ Maiden (If Applicable)
　　　　　Last　　　　　　First　　　　Middle

Age _____　　　　Date of Birth _____
Sex _____　　　　　　　　　　　　 Month　　　　Day　　　　Year
Race _____　　　　Place of Birth _____
　　　　　　　　　　　　　　　　　　　City/Town　　　　　　　State

Social Security Number: _____
Driver's License Number: _____
Home Address: _____ Zip
　　　　　Number　　　Street　　　　　　　City/Town
Home Number ( )_____ Work Number ( )_____
Cellular Number ( )_____ Fax Number ( )_____
Pager Number ( )_____

## *DEATH PENALTY*

Are you in favor of the death penalty?　[ ] YES [ ] NO　Please explain your answer._____
_____
_____
_____
_____

With reference to the death penalty, which of the following statements would best represent your feelings:
(Circle only one)

1. I believe that the death penalty is appropriate in all murder cases.
2. I believe that the death penalty is appropriate in some murder cases and I could return a verdict in a proper case which assessed the death penalty.
3. Although I do not believe that the death penalty ever ought to be invoked, as long as the law provides for it, I could assess it under the proper set of circumstances.
4. I believe that the death penalty is appropriate in some murder cases, but I could never return a verdict which assessed the death penalty.
5. I could never, under any circumstances, return a verdict which assessed the death penalty.
6. None of the above. (If none of the above, please state your position.)_____
_____
_____

1

## PLEASE ANSWER EACH AND EVERY QUESTION

Has there been any particular event in your life that has influenced the way you feel about the death penalty?
[ ] YES    [ ] NO   If yes, please explain. _____
_____
_____
_____
_____

The best argument for the death penalty is _____
_____
_____

The best argument against the death penalty is _____
_____
_____

Although neither side is permitted to tell you their version of the facts in this case, both sides have agreed to summarize the allegations as follows, to see if you know anything about this case:

It is alleged that on March 23, 2007, Dallas Police Officer Mark Nix was shot to death in West Dallas.

There has been news media coverage regarding this case. If chosen as a juror you will have taken an oath that requires you to return a verdict, whatever that verdict is, on the basis of the evidence that you hear in the courtroom and not from some outside source. Therefore, there is nothing wrong with a prospective juror, such as yourself, having heard of this case, or having heard of this defendant. However, it is not permissible if what you have heard causes you to have a preconceived conclusive opinion that the defendant is guilty or not guilty, or a preconceived conclusive opinion as to what punishment the defendant should receive, if found guilty. A juror is not qualified to serve if there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence the jurors action(s) in reaching a verdict.

All defendants are presumed to be innocent. This presumption requires the State to prove a defendant's guilt beyond a reasonable doubt before a jury would be authorized in finding the defendant guilty of an offense. Only evidence presented in court, under oath, and subject to cross examination is to be considered by a jury in determining whether the State has satisfied its burden of proof in a particular case. A juror, to be qualified, must set aside any opinion held concerning a defendant's guilt that was formed by the reading of newspaper accounts, by seeing or hearing other media reports, or through rumor or hearsay.

000019

## PLEASE ANSWER EACH AND EVERY QUESTION

PLEASE INDICATE WHETHER YOU AGREE OR DISAGREE WITH THE FOLLOWING STATEMENTS:

(1) A defendant in a criminal case should be presumed to be innocent unless that the State proves their guilt beyond a reasonable doubt, if it does. [   ]  Agree    [   ] Disagree

(2) A jury's verdict should be based only on the evidence heard in the courtroom, and not from what one hears outside the courtroom.   [   ]  Agree    [   ] Disagree

(3) What one hears in the news media is a better source of information than testimony one hears in the courtroom. [   ]  Agree    [   ] Disagree

Do you think you have heard about this case?   [   ]Yes    [   ]No

If yes, please give details (including how you heard - radio, TV, newspaper, word of mouth).

_____

_____

_____

_____


If you are in favor of the death penalty in some cases, do you agree that a life sentence, rather than the death penalty, would be appropriate under the proper circumstances in some cases?   [   ] YES    [   ] NO


Do you have any moral, religious or personal beliefs that would prevent you from sitting in judgment of another human being?   [   ] YES [   ] NO If yes, please explain. _____

_____

_____


Do you have any moral, religious or personal beliefs that would prevent you from returning a verdict which would result in the execution of another human being?   [   ] YES    [   ] NO   If yes, please explain.

_____

_____

For what crimes do you think the death penalty should be available in Texas? _____

_____

_____

Do you agree with the law in the State of Texas that says an intentional murder of a police officer in the line of duty by an individual who knew the victim was a police officer is a capital offense for which the death penalty may be imposed?   [   ] YES [   ] NO

Please explain. _____

_____

_____

3

000020

## PLEASE ANSWER EACH AND EVERY QUESTION

Do you think there are some crimes which call for the death penalty <u>solely</u> because of their severe facts and circumstances, regardless of whether or not the guilty person has committed prior violent acts?

[ ] YES     [ ] NO     Please explain. _____

_____

_____

If a person guilty of a capital murder was youthful, would it prevent you from assessing the death penalty? [ ] YES     [ ]NO     Please explain. _____

_____

If you believe in using the death penalty, how strongly, on a scale of 1 to 10, do you hold that belief? (1 being least and 10 being the most) _____

Do you think the death penalty is a deterrent to other criminals? [ ] YES     [ ] NO

Do you think the death penalty is ever misused? [ ] YES     [ ] NO   If  yes, please explain.

_____

_____

_____

_____

Do you believe in "an eye for an eye"?  [ ] YES     [ ] NO

Do you think that spending a lifetime in prison is equivalent to the death penalty? [ ] YES     [ ] NO

Do you feel the death penalty in Texas is used too often or too seldom?  Please explain. _____

_____

_____

_____

In your opinion, what does the death penalty say about the American culture? _____

_____

_____

_____

What would be important to you in deciding whether a  person received a death or life sentence in a capital murder case?

_____

_____

_____

4

000021

**PLEASE ANSWER EACH AND EVERY QUESTION**

The law in the state of Texas is: "*Voluntary intoxication does not constitute a defense to the commission of crime.*" Do you agree with this law?   [ ] YES      [ ] NO
Please explain. _____
_____
_____

Would a person's use of drugs automatically prevent you from assessing the death penalty if you found him guilty of capital murder? [ ] YES   [ ] NO If yes, please explain. _____
_____
_____

### CRIMINAL JUSTICE SYSTEM
What are your feelings in general about the criminal justice system? _____
_____
_____

Do you believe crime is on the increase or decrease? _____
Please explain why you believe this is happening. _____
_____
_____

What is the first thing that comes to mind when you think of the following: Police officers _____
_____
_____

Prosecutors _____
Defense lawyers _____
Do you believe police officers are more or less likely to tell the truth than the average person?
[ ] more likely   [ ] less likely   [ ] no difference

**Please check the statement which best reflects your personal belief regarding the following five (5) statements:**

"Most criminals are actually victims of society's problems."
[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"The criminal justice system fairly protects the rights of persons accused of committing a crime."
[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"The criminal justice system fairly protects the rights of victims of crime."
[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"My city's police officers are enforcing the laws in a professional and fair way."
[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

"Criminal laws treat criminal defendants too harshly."
[ ] Strongly Agree      [ ] Agree      [ ] Uncertain      [ ] Disagree      [ ] Strongly Disagree

5

000022

**PLEASE ANSWER EACH AND EVERY QUESTION**

Where would you place our criminal justice system on a scale of 1 to 10 with respect to punishment of criminal offenders, with one being the most lenient and 10 being the most severe?  (Circle a number)

1        2        3        4        5        6        7        8        9        10

Have you, your spouse, any family members or close personal friends ever been accused, arrested or convicted (including probation, deferred adjudication, conditional discharge, fine, etc.) of a crime _above_ the level of a traffic ticket?    [ ] YES      [ ] NO    If yes, please give the following details:

| Person Charged | Relation to You | Type of Crime | Date | Outcome of Charge |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

Have you, your spouse, any family members or close personal friends ever used the services of an attorney, been involved in litigation, or had friends or associates (professionally or socially) who are attorneys?
[ ] YES      [ ] NO   If yes, please give details. _____
_____
_____
_____
_____

Do you know anyone who is now or has ever been in jail or prison?    [ ]YES      [ ] NO
If yes, please give details.

| Person Charged | Relation to You | Date | Name of Jail or Prison | Type of Charge | Outcome of Charge |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |

Have you, your spouse, any family members or close personal friends ever been associated with, supported, or worked with any group or organization opposed to the death penalty or any group dedicated to defendants' rights or rehabilitation such as Amnesty International or the American Civil Liberties Union?
[ ] YES    [ ]NO  If yes, please give details. _____
_____
_____
_____
_____

6

000023

## PLEASE ANSWER EACH AND EVERY QUESTION

Have you or your spouse ever been associated with, or worked with any state, local or national citizen law enforcement group such as a crime commission, group dedicated to victims' rights, traffic commission, neighborhood crime watch, Mothers Against Drunk Driving or police or sheriff's auxiliary?
[ ]YES    [ ] NO If, yes, please give details._____

_____
_____
_____

Have you, your spouse or any family member ever hired the services of a private investigator or private security agency? [ ] YES [ ] NO If, yes, please give details. _____

_____
_____
_____
_____

Have you, your spouse, any family members or close personal friends ever been the victim of a crime or a witness to a crime? [   ] YES    [   ] NO  If, yes, please give details. _____

_____
_____
_____

Have you been interested in the outcome of a criminal case either personally or through the media?
[ ] YES      [ ] NO  If, yes, please give details. _____

_____
_____

Did you form any opinion as a result of this interest? [ ] YES      [ ] NO   Please give details. _____

_____
_____

Have you ever watched any TV shows or movies or read any books or articles dealing with the death penalty or life on death row?
[ ] YES      [ ] NO   If, yes, which ones? _____

How did those shows, movies, books or articles influence your opinion about the death penalty._____

_____
_____

000024

**PLEASE ANSWER EACH AND EVERY QUESTION**

Have you ever used the services of this or any other District Attorney's office (hot checks, child support, protective order, etc.)?   [  ]YES   [  ] NO   If yes, please give details. _____

_____

_____

Have you, your spouse, any family members or close personal friends ever had any training in law enforcement, applied for employment in law enforcement or been employed in law enforcement (police officer, constable, deputy sheriff, secretary in police department, etc.)? [ ] YES   [ ] NO   If yes, please give details.

_____

_____

_____

Do you have a burglar alarm on your:
Home? [ ] YES      [ ] NO
Car?   [ ] YES      [ ] NO
Anywhere else? _____

Have you ever been to any of the Dallas County courthouses before? [ ] YES      [ ] NO   If yes, please give
details. _____

_____

_____

Have you or your spouse ever been a juror in a civil or criminal case or a grand juror? [ ]YES      [ ] NO
If yes, please give the following details.

| Year of Case | Type of Case | Verdict Punishment Amount | Judge or Jury Set Punishment |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

If no verdict was reached, please explain why. _____

_____

_____

_____

Were you the Foreman of that jury?   [ ] YES      [ ]NO

If you have served on a jury how much did you participate in that jury's discussion?
_____ Less than other jurors      _____ More than other jurors

If you have served on a jury how much influence do you think you had on that jury's verdict?
_____ Less influence than other jurors      _____ More influence than other jurors

8

000025

## PLEASE ANSWER EACH AND EVERY QUESTION

If you have served on a jury, was there anything that upset you to the extent that such jury service was an unsatisfactory experience? [ ] YES      [ ] NO If yes, please explain. _____

_____

_____

_____

Have you, a family member, or close friend had any involvement with drug usage? [ ] YES      [ ]NO
If yes, please explain. _____

_____

_____

Have you ever known anyone that was killed, accidentally or otherwise? [ ] YES      [ ] NO
If yes, please explain. _____

_____

_____

Have you ever owned a gun?  [ ] YES     [ ] NO
How do you feel about gun control? _____

_____

_____

Rank the following objectives of punishment in order of their importance to you: (lst, 2nd or 3rd)

_____      Rehabilitate those convicted
_____      Deter others from similar crimes
_____      Punish those convicted

Please explain your above answer. _____

_____

_____

_____

What do you think makes a person dangerous? _____

_____

_____

Some people say that if a group of ten people were charged with murder, nine of whom were guilty and one innocent, it is better to convict all ten to protect society from the nine than to acquit the guilty nine to protect the innocent one.  What do you think? _____

_____

_____

_____

9

## PLEASE ANSWER EACH AND EVERY QUESTION

Some people feel genetics, circumstances of birth, upbringing and environment should be considered when determining the proper punishment of someone convicted of a crime.  What do you think? _____

_____

_____

_____

Are your views on the death penalty the same or different from your spouse or a close family member's views?
[ ] YES    [ ] NO   Please explain your answer.

_____

_____

Have you or your spouse's or close family member's views on the death penalty changed in the past five years?
[ ] YES    [ ] NO
If yes, please explain what caused the change. _____

_____

_____

Do you think that prison rehabilitates people? [ ] YES    [ ] NO     Please explain your answer.

_____

_____

_____

Do you agree with the following statement: "Regardless of what a judge says the law is, jurors should do what they believe is the right thing."   [ ] YES    [ ] NO   Please explain. _____

_____

_____

_____

### _BIOGRAPHICAL INFORMATION_

How long have you lived in Dallas County? _____

What other cities have you lived in and how many years did you live in each? _____

_____

_____

_____

Your employer: _____

Location: _____

Occupation/duties: _____

_____

_____

10

000027

**PLEASE ANSWER EACH AND EVERY QUESTION**

How long have you been employed there? _____

Supervisor: _____

Work phone number: ( ___ )

Excluding the above, state your occupation for the past ten years:

| <u>Title</u> | <u>Job Description</u> | <u>Employer</u> | <u>Length of Employment</u> |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Do you have any projects in progress at your job which might affect your ability to concentrate if you were to serve as a juror on this case for a week or more? [ ] YES    [ ] NO      If yes, please explain. _____

_____

Have you ever gone by any other name(s)?   [ ] Yes   [ ] No

If so, please list all of them. _____

_____

Have you ever gone by any nicknames? [ ]  Yes   [ ] No

If so, please list all of them. _____

_____

**_MARITAL STATUS_**

Are you:

Widowed          Married          Separated          Divorced          Single          Living with someone

How long married?                      _____

Married previously?                    _____

How many times married?                _____

How many times divorced?               _____

List any last names you have had from previous marriages (if applicable).

_____

Spouse's/housemate's name: _____

                          Last          First          Middle          (Maiden)

11

000028

**PLEASE ANSWER EACH AND EVERY QUESTION**

Age _____          Date of Birth _____
Sex _____                            Month              Day                    Year

                     Place of Birth _____
                                       City/Town              State

Spouse's employer: _____

Occupation/duties: _____

_____

How long employed there? _____

Work phone number: _____

If not employed, what is spouse's/housemate's source of income? _____

What other types of jobs has your spouse held? _____

_____

_____


## *CHILDREN INFORMATION ( INCLUDING CHILDREN, STEPCHILDREN AND DEPENDANTS)*

Full Name                          Date of Birth    Age    Sex    Current School or Occupation

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

Do you think that concern about our children or dependents might distract your concentration if you served as a juror in this case for a week or more? [ ] YES    [ ] NO


## *BROTHER AND SISTER INFORMATION*

Full Name                          Date of Birth    Age    Sex    Current School or Occupation

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

12

000029

**PLEASE ANSWER EACH AND EVERY QUESTION**

## *PARENT INFORMATION*

Mother's full name: _____

Mother's date of birth: _____

Mother:  Living [  ]  Deceased [  ]

If living, current residence (City/Town/State): _____

Occupation/Job: _____

If retired or deceased, type of prior work: _____

_____

_____

_____

Father's full name: _____

Father's date of birth: _____

Father: Living [  ]   Deceased [  ]  If living, current residence.

(City/Town/State:)_____

Occupation/Job: _____

If retired or deceased, type of prior work: _____

_____

_____

_____

Were your parents ever divorced?   [ ] YES     [ ] NO

## *EDUCATION*

Please give us your educational background.  Be sure to indicate how far you went in school, the name of any colleges or trade schools you attended, your major subject and degrees received.  If you did graduate work, please list your field of study. _____

_____

_____

_____

_____

Are you presently a student? [  ] YES     [ ] NO    If yes, please give details: _____

_____

_____

_____

_____

13

000030

## PLEASE ANSWER EACH AND EVERY QUESTION

Have you, any family member or close personal friend ever studied psychology, sociology, criminology or law (or worked for a person in one of these fields)? [ ] YES     [ ] NO   If yes, please give details. _____

_____

_____

_____

_____

Have you, any family member or close personal friend ever undergone counseling or treatment for emotional, psychiatric, behavioral or substance abuse (alcohol or drug) problems? [ ] YES     [ ] NO   If yes, please give details. _____

_____

_____

_____

What are your feelings, either positive or negative, about psychiatrists, psychologists or other mental health professionals? _____

_____

_____

_____

How would you feel about a psychiatrist, psychologist, or other mental health professional testifying in a capital murder case as an expert witness? _____

_____

_____

_____

### *MILITARY SERVICE*
If applicable, please list branch, years of service, duties, rank, and type of discharge:

Yourself: _____

Spouse: _____

### *RELIGIOUS, POLITICAL, AND OTHER ACTIVITIES*
Religious preference: _____ Church denomination, if any: _____

Name and location of church or synagogue: _____

How often do you attend? _____

If your church has a position on capital punishment, please state it: _____

_____

Do you agree? _____

14

## PLEASE ANSWER EACH AND EVERY QUESTION

Other than attendance, what other activities are you involved in at your church or synagogue? _____
_____
_____
_____

Were you raised in some other denomination? [ ] YES     [ ] NO    If yes, which one? _____
_____

Are you registered to vote? [ ] YES      [ ] NO     When did you last vote in an election? _____

Do you consider yourself politically liberal, conservative, or moderate? _____
Do you consider yourself a Democrat, Republican, or Independent? _____
Have you ever held or sought office? [ ] YES    [ ] NO    If yes, please give details: _____
_____

What are your  hobbies, recreations, or pastimes? _____
_____

Are you a member of, or do volunteer work for, any civic clubs, societies, unions, professional associations or other organizations? [ ] YES    [ ] NO   If so, please give details, including any offices held in any of these organizations. _____
_____
_____
_____

Have you ever written a Letter to the Editor? [ ] YES      [ ] NO     If yes, on what subject? _____
_____

What newspapers or magazines do you routinely read? _____
_____

What are your favorite movies? _____
_____

What are your favorite TV shows? _____
_____

What is your favorite radio station? _____

What books about murder cases have you read? _____
_____

15

## PLEASE ANSWER EACH AND EVERY QUESTION

List three (3) men and women who are publicly known whom you **most** respect:

Men:                                                    Women:

_____                _____

_____                _____

List three (3) men and women who are publicly known whom you **least** respect:

Men:                                                    Women:

_____

_____

Please    list    the    one    person    you    feel    most    influenced    your    life    and    why:

_____

_____

Which of the following words would describe you?  (Please check (✓)all that apply):

☐ Analytical      ☐ Careful       ☐ Emotional      ☐ Generous         ☐ Judgmental
☐ Kind            ☐ Logical       ☐ Naive          ☐ Old-fashioned    ☐ Opinionated
☐ Outspoken       ☐ Practical     ☐ Private        ☐ Selfish          ☐ Sensitive
☐ Skeptical       ☐ Strict        ☐ Technical      ☐ Other

## THIS CASE

Do you know any of the prosecutors, District Attorney Craig Watkins, or Assistant District Attorney's Kevin Brooks, Andy Beach, Julius Whittier, Andrea Handley or Marshall McCallum? [ ] YES [ ] NO  If yes, please explain. _____

_____

Do you know anyone else in the Dallas County District Attorney's office?
[ ] YES       [ ] NO   If  yes, please explain. _____

Do you know any of the defense attorneys, Paul Brauchle and Karo Johnson? [ ] YES      [ ] NO
If yes, please explain. _____

_____

16

000033

## PLEASE ANSWER EACH AND EVERY QUESTION

Do you know, or think you might know, the defendant, Wesley Ruiz, or any of his family?
[ ] YES  [ ] NO  If yes, please explain._____
_____
_____

Do you have any plans to move out of Dallas County within the next six (6) months?  If yes, please give details. _____
_____

If you have any plans to be out of Dallas County within the next six (6) months, please state the dates.
_____
_____

Are you currently taking any medication? [  ] YES      [  ] NO
If yes, please give details. _____
_____

Do you have any personal or health problems (hearing, medications, etc.) that would prevent you from giving your full attention to the testimony during the trial? [  ] YES      [  ] NO
If  yes, please give details. _____
_____
_____

Do you know any reason why you could not sit as a juror for this trial, be absolutely fair to the Defendant and the State and render a verdict based solely upon the evidence presented to you? [ ] YES    [ ] NO
If yes, please explain. _____
_____

How would you feel about being chosen as a juror in this case?
_____
_____

Is there anything not mentioned in this questionnaire that you want the Court and the parties to know  about you in making a decision as to whether or not you will be selected as a juror in this case?
[ ] YES  [ ] NO
If yes, please explain. _____
_____
_____
_____

17

000034

PLEASE ANSWER EACH AND EVERY QUESTION

---

I HAVE NEVER BEEN CONVICTED OF ANY FELONY AS AN ADULT OR JUVENILE. I HAVE NEVER BEEN CONVICTED OF ANY KIND OF THEFT OR SHOPLIFTING (REGARDLESS OF VALUE) AS AN ADULT OR JUVENILE. I AM NOT UNDER INDICTMENT, NOR AM I UNDER ANY LEGAL ACCUSATION FOR ANY GRADE OF THEFT OR ANY FELONY.

As applied to you, is the above statement true and correct? [   ] YES        [   ] NO

I DECLARE UNDER PENALTY OF PERJURY THAT ALL OF MY ANSWERS IN THIS JUROR QUESTIONNAIRE ARE TRUE, CORRECT AND COMPLETE TO THE BEST OF MY KNOWLEDGE.

_____
(Signature)

18

000035

WRIT

CAUSE NO. F-0750318-LM

THE STATE OF TEXAS
VS.
WESLEY LYNN RUIZ                    *3M SC13*

OFFENSE:  CAP MUR PO

194TH JUDICIAL DISTRICT COURT
OF DALLAS COUNTY, TEXAS

TO THE SHERIFF OF DALLAS COUNTY, TEXAS-GREETINGS:

YOU ARE HEREBY COMMANDED TO IMMEDIATELY SERVE  WESLEY LYNN RUIZ

THE DEFENDANT IN THE ABOVE TITLED CAUSE,

WITH ACCOMPANYING CERTIFIED COPY OF THE ORIGINAL INDICTMENT IN SAID CAUSE.

   WITNESS MY OFFICIAL SEAL AND SIGNATURE AT MY OFFICE IN THE CITY OF DALLAS,

THIS THE  10TH DAY OF      MAY  A.D. 2007.

                    GARY FITZSIMMONS
            CLERK OF THE DISTRICT COURTS
            OF DALLAS COUNTY, TEXAS

BY _____          DEPUTY

OFFICER'S RETURN

   CAME TO HAND ON THIS THE ___ DAY OF _____ A.D. 20 __

AND EXECUTED ON THIS THE ___ DAY OF _____ A.D. 20 __

BY DELIVERING TO THE DEFENDANT IN PERSON

THE CERTIFIED COPY OF THE INDICTMENT ATTACHED HERETO.

   RETURNED ON THIS THE ___ DAY OF _____ A.D. 20 __ .

BY _____ DEPUTY          SHERIFF,  DALLAS COUNTY, TEXAS

000036

CAUSE NO. F07-50318

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT # 194th |
| Wesley Lynn Ruiz | § | DALLAS CO., TEXAS |

## AFFIDAVIT FOR SEARCH WARRANT

The undersigned Affiant, being duly sworn, on oath makes the following statements and accusations:

I.

There is in Dallas County, Texas, an individual, Wesley Lynn Ruiz, who currently stands charged by indictment in Cause Number F07-50318 with the felony offense of Capital Murder as defined in the Texas Penal Code § 19.03.

II.

It is the belief of this Affiant, and Affiant hereby charges and accuses, that the said Wesley Lynn Ruiz has possession of and is concealing on his person the following described personal property, to-wit: buccal swab (saliva) sample. Affiant further believes and charges that the buccal swab (saliva) sample, of the said Wesley Lynn Ruiz constitute evidence of the crime of capital murder which the said Wesley Lynn Ruiz stands charged or constitute evidence that he, Wesley Lynn Ruiz committed said offense.

III.

Affiant has probable cause for the said belief by reason of the following facts:

My name is Anthony Robinson and I am a certified peace officer and Chief Investigator for the Criminal District Attorney's Office of Dallas County, Texas, and am the assigned investigator to this case. I have personal knowledge that the said Wesley Lynn Ruiz is charged by indictment in Cause Numbers F07-50318 with the offense of Capital Murder in Dallas County, Texas on or about March 23, 2007, and that the said Wesley Lynn Ruiz is awaiting trial for this offense . I have read the Dallas Police report written by Detective J. Briseno which states that on March 23,2007 while attempting to effect an arrest on the said Wesley Lynn Ruiz, during a high speed traffic chase Dallas Police Officer Mark Nix was shot to death. After the said Wesley Lynn Ruiz was removed from the car by SWAT officers, Crime scene detectives recovered a Carbon 15 pistol with a 30 round magazine from the vehicle the said Wesley Lynn Ruiz was driving. I have also read the forensic report dated May 15, 2007 written by Courtney A. Head , a forensic biologist at the Southwestern Institute of Forensic Sciences which states blood samples taken from the buffer spring, magazine and the trigger of the pistol used in this offense may contain biological material suitable for DNA analysis . With a buccal swab from Wesley Lynn Ruiz, it is possible that DNA testing could be performed to determine to a reasonable degree of scientific certainty whether the said Wesley Lynn Ruiz left his DNA on the buffer spring, magazine and trigger of the pistol used in this offense. It is requested that a saliva sample be taken from the said Wesley Lynn Ruiz for DNA testing. The specimen will be taken to the Southwestern Institute of Forensic Sciences, 5230 Medical Center Drive, Dallas, Dallas County, Texas, in order that a qualified medical technician can test and compare it against the evidence obtained during the investigation of this offense.

I believe the above information to be reliable and credible based on my investigation of this case. I further believe that a comparison of Wesley Lynn Ruiz's DNA with the DNA collected from the evidence will show identical DNA. And further, I believe these test results would constitute probative evidence that the said Wesley Lynn Ruiz committed the foregoing offense.

WHEREFORE, Affiant asks for the issuance of a search warrant that will authorize the Sheriff of Dallas County to present Wesley Lynn Ruiz to a qualified medical technician who can take a buccal swab (saliva) sample from the said Wesley Lynn Ruiz, all in accordance with accepted medical procedure. The undersigned Affiant asks for the issuance of such search warrant.

_____
Affiant

SUBSCRIBED AND SWORN to before me by the said Affiant on this the ___3___ day of ___October___, 2007.

My commission expires:

GEORGE ESPINOZA
Notary Public State of Texas
Commission Expires
DECEMBER 9, 2007

Notary Public in and for the State of Texas

_____
Printed Name

000038

CAUSE NO. F07-50318

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT #____ |
| Wesley Lynn Ruiz | § | DALLAS CO., TEXAS |

## SEARCH WARRANT

IN THE NAME OF THE STATE OF TEXAS – To any Sheriff or any Peace Officer of Dallas County, Texas.

GREETINGS:

    On this the **3** day of **October**, 2007 the attached "Affidavit for Search Warrant" was presented to this Court. Such Affidavit is, by this reference, incorporated for all purposes.

    IT IS THE FINDING of this Court that the verified facts, as set out in the attached Affidavit, establish probable cause for the issuance of this search warrant. Such verified facts are hereby adopted as the Court's findings.

    Accordingly, it is ORDERED that a buccal swab (saliva) sample be obtained from the body of said Defendant, by the procedure outlined in the attached Affidavit, and in all accordance with accepted medical practices.

    NOW THEREFORE, you are commanded to search for the items described in the attached Affidavit and to seize the same as herein ordered.

    HEREIN FAIL NOT, but have then and there this warrant within three days, exclusive of the day of its execution, with your return thereon, showing how you have executed the same.

    ISSUED at **3:09** o'clock **P**.m. on this the **3** day of **October**, 2007 to certify which witness my hand this day.

District Judge
Dallas County, Texas

000039

CAUSE NO. F07-50318

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE CRIMINAL |
| VS. | § | DISTRICT COURT # *194th* |
| Wesley Lynn Ruiz | § | DALLAS CO., TEXAS |

<u>RETURN AND INVENTORY</u>

The undersigned Affiant, being a peace officer on oath certifies that the foregoing Warrant came to hand on the day it was issued it was executed on the *4th* day of *October*, 2007, by making the search directed therein wherein the Defendant was brought to *Dallas County Jail 2WL02* and a buccal swab (saliva) sample was taken from him by *Kenneth McClellan* a qualified medical technician of *Parkland Jail Health*

*Anthony L. Robinson #450*
                              Affiant

SUBSCRIBED AND SWORN to before me, the undersigned authority on this the *4th* day of *October*, 2007.

My commission expires:

GEORGE ESPINOZA
Notary Public State of Texas
Commission Expires
DECEMBER 9, 2007

Notary Public in and for the State of Texas

Printed Name

000040

CAUSE NO. F07-50318-M

| | | |
|---|---|---|
| STATE OF TEXAS | * | IN THE 194TH JUDICIAL |
| VS. | * | DISTRICT COURT OF |
| WESLEY LYNN RUIZ | * | DALLAS COUNTY, TEXAS |

### WRIT FOR SPECIAL VENIRE

It appearing to the Court that a motion for Special Venire was filed in the above-numbered and styled cause, and;

It further appearing to the Court that this cause is a capital case;

**IT IS THEREFORE THE ORDER** of this Court that a writ for special venire be and hereby is granted;

**IT IS FURTHER ORDERED AND COMMANDED** that the Sheriff of Dallas County, Texas summon by mail 2,400 persons to appear in the Central Jury Room, Dallas County, Texas, at the Frank Crowley Criminal Courts Building, 133 North Industrial Blvd., Dallas, Texas, at 8:30 a.m. on Friday, 30 November, 2007 **AND** another 2,400 persons to appear at 1:30 p.m. also on Friday, 30 November , 2007 for jury duty in the above-numbered and styled cause.

Signed this the 4th day of October, 2007.

JUDGE ERNEST B. WHITE, III
**194TH JUDICIAL DISTRICT COURT**
**DALLAS COUNTY, TEXAS**

Sheriff Lupe Valdez, Dallas County

By: _____

000041

THE STATE OF TEXAS
COUNTY OF DALLAS

I, Gary Fitzsimmons, District Clerk of
Dallas County, Texas, do hereby certify
that the foregoing is a true and correct
copy as the same appears on record now
on file in my office.

Witness my official hand and seal of
office, this _____10/1/14_____

GARY FITZSIMMONS, DISTRICT CLERK
Dallas County, Texas

By: _____

CAUSE NO.: F07-50318

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| WESLEY LYNN RUIZ | § | DALLAS COUNTY, TEXAS |

## STATE'S MOTION TO SEEK THE DEATH PENALTY

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW the State of Texas by and through her Assistant District Attorney, Kevin M.

Brooks, and files this Motion and gives written notice that the State of Texas will seek the Death

Penalty in Cause Number F07-50318.

Respectfully submitted,

_____
KEVIN M. BROOKS
Assistant District Attorney
Dallas County, Texas
Bar Card No. 03070735

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing instrument was delivered to

opposing counsel on the _12_ day of _November_, 200_7_.

_____
KEVIN M. BROOKS

000043

**CAUSE NO.: F07-50318**

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| WESLEY LYNN RUIZ | § | DALLAS COUNTY, TEXAS |

## STATE'S MOTION TO CONDUCT INDIVIDUAL VOIR DIRE

### TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the District Attorney of Dallas County, Texas, and files this Motion to Conduct Individual Voir Dire as provided under Article 35.17 (2), the Texas Code of Criminal Procedure. As grounds in support hereof, the State would represent this is a Capital Murder prosecution wherein the State has announced it's intention to seek the death penalty. The State would respectfully request this Court to grant each party thirty (30) minutes a side to question each individual prospective juror, separate and apart from the entire panel.

Respectfully submitted,

ANDY BEACH
Assistant District Attorney
Dallas County, Texas

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing instrument was delivered to opposing counsel on the _13th_ day of __Nov.__, 2007.

ANDY BEACH

## **ORDER**

On the _____ day of _____, 2007, the said Motion came on
to be heard, and same is hereby GRANTED/DENIED.

_____
Judge Presiding

# F07-50318-M

# THE STATE OF TEXAS

# VS

# WESLEY RUIZ

# CAPITAL MURDER

# PRETRIAL MOTIONS
# VOLUME I

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant herein and files this his Volume I of

Pretrial Motions.

Respectfully submitted,

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

**ATTORNEYS FOR DEFENDANT WESLEY RUIZ**

**CERTIFICATE OF SERVICE**

I, WM. E. "KARO" JOHNSON, attorney of record for Wesley Ruiz, hereby certify that

a true and correct copy of the following motions, Volume I, have been duly served on the

Dallas County District Attorney's Office on this the 6th day of December, 2007.

WM. E. "KARO" JOHNSON

000047

LAW OFFICE OF
**WM. E. "KARO" JOHNSON**
3300 OAK LAWN, SUITE 600
DALLAS, TEXAS 75219
(214) 824-9955
FAX (214) 528-6601

December 6, 2007

Mr. Kevin Brooks
Assistant District Attorney                                      Via Hand Delivery
Frank Crowley Courts Building, 11th Floor
133 North Industrial Boulevard, LB 19
Dallas, Texas 75207

Re:   Cause No. F07-50318-M
      State of Texas v. Wesley Ruiz

Dear Mr. Brooks:

Pursuant to Tex. R. Crim. Evid. 404(b), Code of Criminal Procedure, I hereby request that your office provide me with written notice of your intent to introduce into evidence, as part of the State's case in chief, during the trial of the above captioned case, any evidence of other crimes, wrongs, or acts other than that arising in the same transaction, committed by Wesley Ruiz, whether you intend to introduce such evidence as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, state of mind or previous or subsequent relationship, whether during the guilt/innocence phase or punishment phase of the trial. Specifically, I request that you provide such notice at least thirty (30) days prior to the scheduled trial date of January 14, 2008.

Pursuant to Tex. R. Crim. Evid. 609, I hereby request that your office provide me with written notice of your intent to introduce into evidence, during the trial of the above captioned case, evidence of conviction of crime to impeach Wesley Ruiz. Additionally, I respectfully request that your office specify each conviction to be used to impeach and provide such information in a timely fashion, in order for the Defendant to be given a fair opportunity to contest the use of such evidence. Specifically, I request that you provide such notice at least thirty (30) days prior to the scheduled trial date of January 14, 2008.

Pursuant to Article 37.07, Section 3(g), Code of Criminal Procedure, I hereby request that your office furnish me with written notice in the manner described by Rule 404(b), Texas Rules of Criminal Evidence, of your intent to introduce into evidence during the trial of the above captioned case any evidence of other crimes, wrongs, or acts other than those arising in the same transaction committed by Wesley Ruiz, whether you intend to introduce such evidence as proof of motive,

opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or future dangerousness. Specifically, I request that you provide such notice at least thirty (30) days prior to the scheduled trial date of January 14, 2008.

Pursuant to Tex. R. Crim. Evid. 902(10)(a), I hereby request that your office furnish me with written notice of business records accompanied by affidavit in the manner described in said Rule.

If you have any questions, please do not hesitate to call.

Sincerely,

Wm. E. "Karo" Johnson

WEJ/rmh

000049

## VOLUME I INDEX OF MOTIONS

1.    Motion for Special Venire

2.    Motion for Notice of List of Prospective Jurors

3.    Motion for Request for Individual Voir Dire of the Panel of Prospective Jurors

4.    Motion for Discovery, Production and Inspection of Evidence No. 1

5.    Motion for Discovery Deadline

6.    Motion to Consult with Client in Private

7.    Motion for Approval of Defense Medical Examiner

8.    Motion to Limit Cross-Examination of the Defendant

9.    Motion to Prohibit Inflammatory Exhibition of Defendant

10.   Motion to Suppress Testimony Concerning the Defendant's State of Mind and to Instruct the State's Witness in Regard to Such Testimony

11.   Motion to Instruct Witnesses for the State Not to Make Unresponsive Answers and/or Volunteer Information Not Called by the Questions Propounded to Them by Either the Defendant's Attorneys or the State's Attorneys

12.   Motion Regarding Statements of the Defendant

13.   Motion to Instruct Counsel for the State Concerning In-Court and Out-of-Court Identification of the Defendant

14.   Motion to Designate Where Physical Evidence Was Found

15.   Motion for Disclosure of Evidence Favorable to the Accused

16.   Motion with Reference to Arraignment of the Accused

17.   Motion to Instruct Counsel for the State Concerning Voir Dire Examination, Argument and Trial Before the Jury

18.   Motion to Sequester Jury

19.   Motion for Clean Jacket

20.  Motion to Sequester

21.  Motion to Provide Definition

22.  Motion to List Witnesses

23.  Motion to Declare Tex. Code Crim. Proc. Ann. Art. 37.07 Sec. 4(a) Unconstitutional

24.  Application for Attachment of Prospective Juror

25.  Motion for Discovery of Information Regarding Prior Jury Service

26.  Motion to Prohibit Oath

27.  Motion to Suppress Illegal Identification of the Defendant and Request for Hearing Outside the Presence of the Jury

28.  Motion to Disclose Mitigation Evidence

29.  Motion to Inquire Into Peremptory Challenges by the State

30.  Motion for Reproduction of Photographs

31.  Motion Requesting Notice of Intent to Use Certified Copies of Official Written Instruments

32.  Motion to Instruct Counsel for the State Not to Lead Witnesses

33.  Motion for Opportunity to be Heard Prior to the Taking of Judicial Notice of Adjudicative Facts; Tex. R. Crim. Evid. 201 (E)

34.  Motion to Discover Rewards

35.  Motion to Reveal Conferences Between Witnesses

36.  Motion for the Production and Inspection of Criminal Records

37.  Motion to Disclose Punishment Evidence

000052

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR SPECIAL VENIRE

COMES NOW the Defendant by and through his attorney of record, and pursuant to the provisions of TEX. CODE CRIM. PROC. ANN. art. 34.01 and in support of said Motion the Defendant would show the Court as follows:

I.

The Defendant in this cause was indicted for the felony offense of Capital Murder. TEX. CODE CRIM. PROC. ANN. art. 34.01 provides that a "special venire" is a writ issued in the capital case by order of the District Court, commanding the Sheriff to summon either verbally or by mail such number of persons, not less than fifty, as the Court may order, to appear before the Court on the day named in the writ from whom the jury for the trial of such case is to be selected. This cause is currently set to be tried on January 14, 2008.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves for Special Venire in the trial of his Capital Murder indictment

Respectfully submitted,

_____
PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

**MOTION FOR SPECIAL VENIRE** - Page 1

000053

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION FOR SPECIAL VENIRE** - Page 2

000054

2

000055

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR NOTICE OF LIST OF PROSPECTIVE JURORS

COMES NOW, the Defendant by and through his attorneys of record, and respectfully requests notice of the list of prospective jurors to be summoned in this cause and in support of said Motion the Defendant would show the Court as follows:

I.

TEX. CODE. CRIM. PROC. ANN. art. 34.04 provides that no Defendant in a capital case shall be brought to trial until he shall have had for at least two days (including holidays) a copy of the names of the persons summoned as venireman for the week the case is set for trial except where he waives the right or is on bail.

II.

In the pending cause the Defendant is indicted for the felony offense of Capital Murder. The Defendant has also previously filed with the Court his Motion requesting a Special Venire. Assuming that the Court grants the Motion for Special Venire the Defendant is entitled to notice of the list of those persons summoned at least two days prior to the day of trial. In the event that such information is compiled at an earlier date the Defendant respectfully requests that it be tendered to the defense as soon as practicable.

WHEREFORE PREMISES CONSIDERED, the Defendant respectfully moves for the notice of the lists of the individuals summoned pursuant to the Defendant's Motion for Special Venire.

**MOTION FOR NOTICE OF LIST** - Page 1

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
Bar Card No. 10804500

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

### O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

## MOTION FOR NOTICE OF LIST - Page 2

000057

3

## NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

### MOTION FOR REQUEST FOR INDIVIDUAL VOIR DIRE
### OF THE PANEL OF PROSPECTIVE JURORS

COMES NOW the Defendant by and through his attorneys of record and pursuant to Article

11(b) (2) of Tex. Rules App. Proc. and demands the right to examine each prospective juror on voir

dire individually and apart from the other members of the panel.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this

Motion be in all things granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000


WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
Bar Card No. 10804500

ATTORNEYS FOR DEFENDANT

MOTION FOR REQUEST FOR INDIVIDUAL VOIR DIRE OF THE PANEL OF PROSPECTIVE JURORS- Page 1

000059

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon

the Dallas County District Attorney's Office on this the _____ day of December, 2007.


_____
PAUL BRAUCHLE


## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which

action of the Court the Defendant excepts.)


_____
JUDGE PRESIDING


**MOTION FOR REQUEST FOR INDIVIDUAL VOIR DIRE OF THE PANEL OF PROSPECTIVE JURORS**- Page 2

4

000061

### NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

### MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant by and through his attorney of record under the authority of Article 39.12 C.C.P., and makes this his Motion for Discovery, Production and Inspection of Evidence NO. 1, and in support thereof would show the Court as follows:

I.

The Defendant moves the Court to order the District Attorney to produce and permit the inspection of and the copying and/or photographing of, by or on behalf of the Defendant, the following designated items:

STATEMENT OF DEFENDANT

1.   All confession, admissions and statement in writing signed by the Defendant, in connection with this offense with which the Defendant is hereby indicted.

2.   All confessions, admissions and statements, oral in nature and set down and preserved under Article 38.22 of the Texas Code of Criminal Procedure, made by the Defendant in connection with the offense with which the Defendant is herein indicted.

3.   All oral, written and recorded statements of the Defendant, and memoranda of said statements made to any investigating officer or any member of any law enforcement agency, or to any third party, which is in the possession of or within the knowledge of the District Attorney's office or any agent thereof, including any law enforcement agency.

4.   All oral and written statements made by the Defendant before the Grand Jury and

MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1 - Page 1

000082

transcribed by a reporter, in connection with the offense with which the Defendant is herein indicted.

5.    All handwritten and typed notes made by all law enforcement officers prior to, during and after the Defendant was interrogated; or in the alternative, that all said handwritten and typed notes be accurately preserved and maintained by said law enforcement officers until the trial of this cause in order that same may be available to the Court and the jury on the issue of the voluntariness of the Defendant's statements.

### STATEMENTS OF POLICE OFFICERS AND WITNESSES

6.    All handwritten and typed notes of the police officers who investigated and participated in any manner in this case.

7.    The names of all suspects who were interrogated and/or arrested in conjunction with this offense, including their respective names, addresses, telephone numbers, occupation, physical descriptions and photographs (or mug shots).

8.    Any statement, whether written or oral, by the Defendant or any Co-Defendant or Co-Conspirator, either indicted or unindicted, which the State of Texas intends to introduce to show the existence of a conspiracy or evidence of acting in concert, the date of such statement or evidence, the time of such statements or evidence, and the place where such statements or evidence took place.

9.    All statements made by any party or witness to this alleged offense, in the possession of or within the knowledge of the District Attorney or any of his agents, including any law enforcement agency, whether such statements were written or oral, which might in any manner by material to either the guilt or innocence of the Defendant or to the punishment, if any, to be set in this case.

10.    A written transcript of the testimony of all of the witnesses who appeared and testified before the Grand Jury regarding the facts of this case; or, in the alternative, that the Court order the prosecutor to immediately order said transcription of all of said testimony in order that it will be available and in the possession of the prosecutor at time of trial. In further support of this request, the Defendant submits the following particularized need:

(a)    To cross examine and impeach said witness;
(b)    To discover prior inconsistent statements;
(c)    To test the credibility of said witness;
(d)    To test recollection of said witness.

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 2

OBJECTS OR TANGIBLE THINGS

11.  All objects and tangible property alleged by the State to have been taken or used by the Defendant or any Co-Conspirator during the course of the commission of the offense with which the Defendant is herein indicted, including but not limited to the following:

12.  All weapons alleged by the State to have been used by the Defendant, each Co-Defendant and each Co-Conspirator in the commission of the offense with which Defendant is herein indicted.

13.  All articles of clothing, including shirts, pants, undergarments and shoes allegedly belonging to the Defendant and to the decedent.

14.  All contraband drugs, controlled substances and paraphernalia which was seized as a result of the investigation of this case in order to permit the Defendant to have an opportunity to examine, test, weight and inspect said evidence. C. Detmering vs. State, 481 S.W. 2d 863; Terrell vs. State, 521 S.W.2d 618.

15.  All documents, papers, books, accounts, letters, objects and tangible things which are the property of the Defendant and which are in the possession, custody and control of the prosecutor.

16.  All documents, papers, books, accounts, letter, objects, and tangible things which are in the possession, custody and control of the prosecutor as a result of the investigation in this case and which are material evidence in this case as to the Defendant's guilt or innocence, or as to the punishment, if any.

17.  The written waiver alleged by the State to have been signed by the Defendant concerning the Defendant's right to counsel prior to the making of any written and oral statements by the Defendant.

18.  The written consent to search the Defendant's residence (vehicle) alleged by the State to have been signed by the Defendant prior to the search and seizure of said residence (vehicle).

19.  The search warrant and arrest warrant and affidavits in support thereof, used by law enforcement authorities to enter the Defendant's residence (vehicle).

20.  All stenographic and telephonic recordings and transcriptions thereof of all information and evidence obtained by means of electronic eavesdropping, surveillance or wiretapping by law enforcement officers, and all test results run on said recording, in order to permit the Defendant to adequately and properly test the

000064

validity and authenticity of each of said recordings prior to trial by an expert of the Defendant's choosing.

21. All photographs, drawings and charts made by the agent of the District Attorney's office or any law enforcement agency, which were made with reference to this case, including but not limited to all photographs, drawings and charts of the scene of the crime and the scene of the Defendant's arrest.

22. All photographs of the decedent, whether taken at the scene of the alleged offense, at the scene where the decedent was discovered or at the time the autopsy was performed.

23. All photographic negative prints whether or not heretofore developed by the agent of the District Attorney or any law enforcement agency, which were made in the investigation of this case.

24. All photographs of suspects which were shown to all witnesses to the alleged offense, concerning the identity of the perpetrator of the offense for which the Defendant has been indicted.

25. All photographs of the Defendant which were used in conjunction with the investigation of this case, including any photograph which may have been shown by any law enforcement officer to any potential witness in this case.

26. All fingerprints, palm prints, and foot prints, and reports conducted with respect to said prints, alleged by the State to have been made by the Defendant, each Co-Defendant and each Co-Conspirator, in the commission of the offense with which the Defendant is herein indicted.

27. All reports of scientific tests, experiments and comparisons, and all other reports of experts and the name and address of each such person who made such report or performed such test, experiment or comparison, including but not limited to reports pertaining to weapons, bullets, shots, wadding, cartridge cases, tool marks, blood, breath, hair, threads, drugs and controlled substances.

28. All autopsy reports based on an examination of the decedent. (But see Article 49.25 Sec. 11 C.C.P., which makes autopsy reports public records).

29. All medical reports which show or tend to show the physical condition of the decedent at or about the time the commission of the alleged offense.

30. The blood type of the decedent.

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 4

000065

31. All medical and psychiatric reports submitted by any doctor, psychiatrist or psychologists at the request of the State or the Court in conjunction with all examination of the Defendant, the decedent and all State's witnesses.

32. All evidence as to the incompetency of the Defendant to stand trial which is in the possession of or within the knowledge of the District Attorney's office or any of its agents.

33. All evidence as to the insanity of the Defendant at the time of the alleged commission of the offense charged herein, which is in the possession of or within the knowledge of the District Attorney's office or any of its agents.

## LINE-UP/PHOTOGRAPHS SHOWUPS

34. All photographs made of all line-ups conducted in this case, including the line-up where the Defendant was one of the participants.

35. The police form used by law enforcement authorities to identify all participants in the line-up wherein the Defendant was a participant, which includes information as to each participant in the line-up and as to each witness who was present at said line-up.

36. A copy of the witness' line-up identification form given to each witness who attended the line-up wherein the Defendant was a participant in this case.

## PRIOR CRIMINAL RECORD

37. The prior criminal record of the following persons:

   (a) The Defendant;
   (b) Each Co-Defendant;
   (c) Each Co-Conspirator;
   (d) Each Decedent;
   (e) Each informant;
   (f) All State's witnesses;
   including all arrests and convictions, whether as a juvenile or as an adult, including but not limited to:

   (a) All felony convictions and all misdemeanor convictions involving moral turpitude which have occurred in the last ten years;
   (b) All felony convictions and all misdemeanor convictions involving moral turpitude which have resulted in a suspended sentence which has not been set aside;
   (c) All felony and misdemeanor cases which have resulted in the person being

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 5

placed on probation, wherein the period of probation has not expired.

(d) All pending felony and misdemeanor offenses. That the State should be ordered to request the proper law enforcement authorities to obtain a full and complete criminal record of all such witnesses and reveal same to the Defendant, and the State should not be permitted to respond to this motion by advising the Court that the prosecutor does not have any indication in his file of any prior criminal record of such witnesses.

38. A specification of any prior misconduct which the District Attorney intends to use to impeach the Defendant herein and defense witnesses calls to testify as to the Defendant's good character and reputation, which specifications should include the date, time, place, and nature of such misconduct in order to fully apprise and notify the Defendant of all such evidence and permit the Defendant adequate time to challange its relevancy, materiality and accuracy prior to trial.

## THE LOCATION OF RECOVERY

39. The prosecutor should be required to identify the location of recovery of all of the items provided to the Defendant pursuant to this to this motion for Discovery. Such information is necessary to determine whether or not such evidence is objectionable at the time of trial on the grounds that the evidence has not been properly identified or that the chain of custody has not been properly proved or that the evidence was taken in violation of the Defendant's rights under the ;laws and Constitution of the State of Texas and the Constitution of the United States.

## DISCLOSURE OF IMPEACHING EVIDENCE

40. That the State forthwith make inquiry and disclose all of the following within the possession, custody and control of the State, or the existence of which is known or by the exercise of due diligence could become known to the State.

(a) Any and all records and information revealing prior felony convictions or guilty verdicts or juvenile adjudication attributed to each witness called by the State including but not limited to relevant "rap sheets".

(b) Any and all records and information revealing prior misconduct or bad acts attributed to the witness.

(c) any and all consideration or promises of consideration given to or on behalf of the witness or expected or hoped for by the witness. By "consideration" Defendant refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to a witness or to persons of concern to the witness, including but not limited to formal or informal, direct or indirect: Leniency, favorable treatment or recommendations or other assistance with respect to any pending or potential, criminal, parole, probation, pardon,

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 6

clemency, civil, tax court, court of claims, administrative or other dispute with plaintiff or with and other parties; criminal, civil, or tax immunity grants; relief from forfeiture; payments of money, rewards or fees, witness fees and special witness fees, provision of food, clothing, shelter or housing arrangements, transportation, legal services, employment or other benefits; placement in a "witness protection program" informer status of the witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the plaintiff or against the defense or act as an inducement to testify or to color testimony.

(d)    All documents, records, memoranda and notes reflecting "consideration" as set forth in Paragraph c above.

(e)    any and all threats, expressed or implied, direct or indirect, or other coercion made or directed against the witness, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against the witness, any probationary, parole, deferred probation or custodial statues of the witness, any civil, tax court, court of claims, administrative, or other pending of potential legal disputes or transactions with plaintiff or over which plaintiff has real, apparent or perceived influence.

(f)    The existence and identification of each occasion on which the witness had testified before any court, grand jury, or other tribunal or body otherwise officially narrated in relation to the defendants, the investigation, or the facts of this case.

(g)    The existence and identification of each occasion of which each witness who was or is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, other tribunal body.

(h)    Any and all personnel files for the witness, the existence and identity of all federal, state and local government file for the witness and the existence and identity of all official internal affairs, internal investigation files relating to or connected with each witness who was or is a law enforcement officer.

(i)    Any and all other records and/or information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting form the probative force of the State's evidence or which arguably could lead to such records or information.

(j)    The same record and information requested in items a through i above with respect to each non-witness declarant whose statements are offered in evidence.

## IDENTITY OF INFORMER

41.    The true name and location of the informer upon whose information was predicated any part of the evidence of the Defendant's guilt or innocence, to the probable cause the Defendant's arrest, search and/or the extent of the Defendant's participation in the alleged offense, if any, such as would mitigate the extent of punishment imposed in

000068

this cause, and as grounds therefore the Defendant states upon information and belief the following:

(a)  The informer in this cause:  (1) participated in the commission of the alleged offense; and/or (2)  is criminally responsible as a party to the offense with which the Defendant is charged; and/or (3) took a material part in bringing about the offense with which the Defendant is charged; and/or (4) was present at the time of the occurrence of the offense with which the Defendant is charged.

(b)  The informer is a material and probative witness as to (1) the transactions; and/or (2) whether or not the Defendant knowingly committed the offense; and/or (3) the issue of the existence of this Defendant's defense herein of entrapment as a matter of law, and/or fact; and/or (4) the main issue of the guilt or innocence herein of the Defendant; and/or (5) if the Defendant is found guilty, to the proper assessment of punishment, because of the informer's knowledge of the entire transaction and the extent of the Defendant's participation therein as compared to the involvement of the other Co-Defendants and Co-Conspirators.

(c)  The informer's identity is necessary to the Defendant's presentation of proof that the officers: (1) did not rely upon credible information supplied by a reliable informer in this search and arrest; (2) were mistaken in identifying this Defendant as the accused.

(d)  A serious discrepancy in the testimony of a crucial State witness during the trial herein will necessitate the informer's testimony to corroborate or to impeach or to disprove the State's allegations herein of probable cause and of the Defendant's guilt.

(e)  The identity, address and present location of said informer is not privileged information.  That the Defendant's request is reasonable and that the District Attorney has always been in possession of said information and can readily furnish same through the Defendant but has always failed and refused to do so notwithstanding previous requests for said information.

(f)  That the Defendant does not actually know the true identity or the address or present location of said informant nor through the exercise of reasonable diligence could the Defendant learn the identity, address and present location of said informer.

(g)  To deprive the Defendant of the identity of the informer, whose true identity and location the Defendant does not know, will deny Defendant the rights to (1) present witnesses in his favor; (2) present his defense at both the trial and the preliminary probable cause hearing herein; (3) prove his innocence herein at the trial herein; (4) cross-examine and confront his accuser; (5) effective assistance of counsel; (6) a fair trial; and (7) if the Defendant is found guilty, a proper sentence, all in violation of the Defendant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Article

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 8

I, Section 19 of the Constitution, of the State of Texas and Article 1.04 C.C.P.

(h)    The testimony of the said informant provides the "main bulk" of the evidence to be used to establish probable cause of action. Disclosure of the informer's identity and testimony is significant to the Defendant's ability to prepare and present his defense to the charges alleged herein.

(i)    This is a continuing Motion requesting said disclosure of the defendant's identity prior to trial and if denied there, at the earliest time thereafter, including before or after the Appellate Courts render opinions herein, once the State or any of its agencies or employees is made aware that this Motion is meritorious and should have been granted.

## II.

In the further support hereof, the Defendant would show this Court that the production of all of the above evidence is the only fair and proper method of showing the good faith of the District Attorney in this case, the truth of all such matters which the District Attorney intends to introduce into evidence against the Defendant, and to insure that the Defendant has adequate time to inspect, examine, and test all of such evidence for its respective validity, authenticity and identity.

## III.

In support of this Motion, the Defendant would show the Court as follows:

1.     The item requested are in the exclusive possession, custody and control of the State of Texas or the United States Government by and through its agents, the police or the prosecuting attorney's office, and the Defendant has no other means of ascertaining the disclosures requested.

2.     The items requested are not privileged.

3.     The items an information are material to this cause and the issues of guilt or innocence and punishment to the determined in this cause.

4.     The Defendant cannot safely go to trial without such information and inspection, nor can the Defendant adequately prepare the defense to the charges against him.

5.     Absent such discovery, Defendant's rights under Article 39.14, C.C.P., Article I, Section 10 of the Constitution of the State of Texas, and the Fourth, Fifth, Sixth, and

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 9

Fourteenth Amendments to the Constitution of the Unites States of America will be violated, to his irreparable injury and thus deprive the Defendant of a fair trial herein.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will grant this, the Defendant's Motion for Discovery and Inspection of Evidence in all things, or in the alternative, that this Court will set this matter down for a hearing prior to the trial on the merits and that at such hearing this Motion will be in all things granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 10

## O R D E R

On this the ___19___ day of ___December___, 2007, came on to be heard the Defendant's Motion and the same is hereby (GRANTED, and the Court hereby orders the District Attorney to produce and permit the inspection of and the copying and/or photographing of, and examination of, by or on behalf of the Defendant, all the designated items in said Motion) (GRANTED, and the Court hereby sets this Motion down for a hearing to be held on the _____ day of _____, 2007, at _____ o'clock _____.m.) (GRANTED, in part and the Court hereby orders the District Attorney to produce and permit the inspection of and the copying and/or photographing of, and examination of, by or on behalf of the Defendant, all items in said Motion whose numbers have been circled) (DENIED, to which action of the Court the Defendant duly excepts).

JUDGE PRESIDING

*Granted in all aspects with Exception of Work Product unless Brady/Exculpatory

**MOTION FOR DISCOVERY, PRODUCTION AND INSPECTION OF EVIDENCE NO. 1** - Page 11

000072

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR DISCOVERY DEADLINE

THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendant by and through his attorney of record and respectfully moves that the Court set a date certain for compliance with the heretofore filed on behalf of Defendant. In support of said motion the Defendant would show the Court as follows:

I.

The Defendant has filed with the Court numerous motions for discovery. Upon appropriate rulings the Defendant anticipates that the Court will order the State to turnover certain material for discovery purposes. In addition the representative of the State had indicated a cooperative attitude in turning over to the attorneys for the Defendant material gathered in preparation of the trial of this cause.

II.

Because of the serious nature of the charges pending against the Defendant and because of the extensive investigation the Defendant does believe that the State will have large amounts of information to turnover pursuant to discovery requests.

Therefore it is respectfully requested that this Honorable Court set a date certain for the turnover of discovery so that counsel for the Defendant can begin the review of that material in preparation for the trial schedule for January 14, 2008. In addition the Defendant would also

**MOTION FOR DISCOVERY DEADLINE** - Page 1

000074

respectfully request that the Court place upon the State a continuing duty to turnover matters subject to discovery when they are known to the State at the earliest practical time.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court set a date certain for turnover of discovery material and that date be February 15 , 2008.

Respectfully submitted,

_____
PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

_____
WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

**MOTION FOR DISCOVERY DEADLINE** - Page 2

000075

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby ((GRANTED) (DENIED to which

action of the Court the Defendant excepts.)

_____

JUDGE PRESIDING

Deadline:   February 15, 2008

**MOTION FOR DISCOVERY DEADLINE** - Page 3

9

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO CONSULT WITH CLIENT IN PRIVATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and moves the Court for an order permitting the Defendant and his counsel to visit, confer and consult in private and undisturbed with the Defendant for the purpose of preparing a defense in the above entitled and numbered cause and in support thereof would show the Court as follows:

I.

Paul Brauchle and Wm. E. "Karo" Johnson are duly licensed and practicing attorneys for the State of Texas and are the attorneys of record for the Defendant in the above entitled and numbered cause. The Defendant is currently incarcerated and confined in the Dallas County Jail charged with the offense of Capital Murder.

II.

By reason of the manner and method of operation of the Dallas County Jail, without a proper court order, an attorney is compelled to speak to his client through a glass partition in a very loud voice which may be overheard by people within the immediate area, by reason of which it is therefore impossible to properly interview, confer and consult with the incarcerated client in quiet and in private as is necessary if he is to receive adequate representation.

WHEREFORE, PREMISES CONSIDERED, the Defendant by and through his attorneys of

**MOTION TO CONSULT WITH CLIENT IN PRIVATE** - Page 1

000078

record prays for an order to the Sheriff of Dallas County requiring him to permit and make possible for said attorneys to visit, confer and consult with the Defendant undisturbed and in private for the purpose of preparing the defense in the above entitled and numbered cause and during the course of the trial of this cause.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___6___ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO CONSULT WITH CLIENT IN PRIVATE** - Page 2

000079

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO CONSULT WITH CLIENT IN PRIVATE** - Page 3

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR APPROVAL OF DEFENSE MEDICAL EXAMINER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that this Honorable Court appoint the following experts for purposes if investigation and subsequent testimony in the trial of this cause.  In support of said motion the Defendant would allow the Court as follows:

I.

It is provided in TEX. CODE CRIM. PROC. ANN. art. 26.05(a) that appointed counsel shall be reimbursed for reasonable expenses incurred with prior Court approval for purposes of investigation and expert testimony in addition to reasonable attorneys fees.  In that regard the Defendant herein respectfully requests prior approval from this Court to retain the services of the expert witnesses needed by the defense in this cause.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves this Honorable Court give prior approval for the obtaining of the services of the referred to experts for purposes of investigation and subsequent testimony.

**MOTION FOR APPROVAL OF DEFENSE MEDICAL EXAMINER** - Page 1

000082

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the __19__ day of __December__, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

## MOTION FOR APPROVAL OF DEFENSE MEDICAL EXAMINER - Page 2

000083

8

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO LIMIT CROSS-EXAMINATION OF THE DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and would move the Court to instruct the attorneys for the State, in the event that the Defendant testifies, to refrain from interrogating him about any arrest or conviction unless same is a final conviction, if for a misdemeanor involving moral turpitude or for a felony, and is not remote. Any mention of arrests or convictions that do not meet these requirements would be objectionable and would unduly prejudice the jury and deprive the accused of a fair trial and impartial trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays this Motion be granted and the attorneys for the State so instructed.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

## MOTION TO LIMIT CROSS-EXAMINATION OF THE DEFENDANT - Page 1

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

**O R D E R**

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO LIMIT CROSS-EXAMINATION OF THE DEFENDANT** - Page 2

6

000087

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PROHIBIT INFLAMMATORY EXHIBITION OF DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and would make this Motion and show the Court as follows:

I.

It is believed by the Defendant that he will be exhibited before the venire panel and the jury dressing in jail clothing and wearing a leg brace and handcuffs.

II.

The defense contends that to so exhibit the Defendant will necessarily cause the jurors and prospective jurors to believe that the Defendant is (a) a violent and vicious person per se, (b) likely to cause trouble or try to escape, and (c) guilty of the offense with which he is charged.

III.

The Defendant contends that he is (a) not a violent or vicious person per se, (b) not going to cause trouble or try to escape, and (c) not guilty of the offense with which he is charges, and to exhibit him in the manner feared will prevent him from receiving a fair trial.

WHEREFORE, PREMISES CONSIDERED, it is requested that the Court grant this Motion in all things.

## MOTION TO PROHIBIT INFLAMMATORY EXHIBITION OF DEFENDANT - Page 1

000088

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO PROHIBIT INFLAMMATORY EXHIBITION OF DEFENDANT** - Page 2

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which

action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO PROHIBIT INFLAMMATORY EXHIBITION OF DEFENDANT** - Page 3

10

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO SUPPRESS TESTIMONY CONCERNING THE DEFENDANT'S STATE OF MIND AND TO INSTRUCT THE STATE'S WITNESSES IN REGARD TO SUCH TESTIMONY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorney of record and respectfully moves the Court to suppress the following testimony or evidence, to wit:

I.

Any direct oral testimony from any of the witnesses for the State concerning or attempting to render an opinion or surmise concerning the Defendant's state of mind (or intent, motive or reason) before, after or at the time of the offense allegedly committed by the Defendant and, in particular, any direct testimony or opinion testimony concerning the Defendant's intent to commit the alleged offense or his motive or reasons, if any, for committing the alleged offense, Also, any direct testimony or opinion testimony concerning what the Defendant was trying to do to accomplish or attempting to do or accomplish or any plan he had in mind before, after or at the time of the alleged offense. Any other prejudicial and incriminating opinion testimony concerning the Defendant's state of mind and as a basis for this Motion, the Defendant would show the Court the following:

II.

The Defendant is not objecting to or asking the Court to suppress any competent evidence

**MOTION TO SUPPRESS TESTIMONY** - Page 1

concerning the Defendant's conduct and/or what the Defendant said or any words spoken, but merely asking the Court to suppress "opinion testimony" concerning the Defendant's state of mind. The Defendant would show the Court that any such testimony is absolutely incompetent and inadmissible for several reasons. Such testimony is and would be an invasion of the province of the jury trying this cause and would be opinion testimony concerning the ultimate issues to be decided by the jury in this cause. Furthermore, such testimony would necessarily result in the witnesses for the State making improper inference, surmises and speculation before the jury.

The Defendant would further show the Court that the witnesses for the State are not qualified to testify to such opinion testimony, and any such testimony would necessarily be hearsay, irrelevant and highly prejudicial to this Defendant. In support of this Motion, the Defendant respectfully cites the following cases: <u>Maroney vs. State</u>, 29 S.W. 2d 772 (Tex. Crim. App. 1930); <u>McCall vs. State</u>, 117 S.W. 2d 794 (Tex. Crim. App. 1938); and <u>DeLira vs. State</u>, 297 S.W. 2d 953 (Tex. Crim. App. 1956). The Defendant would further respectfully cite to the Court the following from Vol. 2 Texas Practice, <u>Evidence</u>, McCormick and Ray, Second Edition 1956, Section 1428:

On the other hand decisions purporting to apply the opinion rule, uniformly exclude the testimony of a witness as to another person's state of mind. It is said that since one person cannot possibly know another's state of mind, his testimony is necessarily based on conjecture.

III.

The Defendant respectfully requests the Court to grant this Motion and to suppress such opinion testimony concerning his state of mind for the reasons set forth above and to further instruct the attorneys for the State and the State's witnesses not to directly or indirectly inject any such testimony into the trial of this cause before the jury. The Defendant would show that if this Motion

<u>**MOTION TO SUPPRESS TESTIMONY**</u> - Page 2

is not granted and such prejudicial and inadmissible testimony is received before the jury, it will result in the denial of a fair trial and due process of law and will be a violation of this Defendant's rights under the laws and the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that his Motion be granted in all things, and the witnesses and the attorneys for the State of Texas instructed not to inject or introduce such inadmissible testimony into the trial of this cause.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO SUPPRESS TESTIMONY** - Page 3

000094

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO SUPPRESS TESTIMONY** - Page 4

000096

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

**MOTION TO INSTRUCT WITNESSES FOR THE STATE NOT TO
MAKE UNRESPONSIVE ANSWERS AND/OR VOLUNTEER INFORMATION
NOT CALLED FOR BY THE QUESTIONS PROPOUNDED TO THEM BY
EITHER THE DEFENDANT'S ATTORNEYS OR THE STATE'S ATTORNEYS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record who file this, his Motion

for the Court to instruct witnesses for the State and in particular peace officers not to make

unresponsive answers and/or volunteer any information in response to any questions propounded to

them and will respectfully show the Court as follows:

I.

Witnesses for the State and in particular peace officers on many occasions have heretofore

in this Court and in the other criminal courts of Dallas County, Texas, and in the course of other

criminal trials made unresponsive and highly prejudicial answers to questions propounded to them

by both the attorneys for the State of Texas and defense attorneys. The Defendant would further

show that heretofore in previous criminal trial, the peace officers have made such unresponsive and

prejudicial answers to questions propounded to them by the attorneys for this Defendant. Also, the

options of the Texas Court of Criminal Appeals reflect that on numerous occasions police officer

have made unresponsive answers and/or volunteered highly prejudicial information which was not

admissible under the rules of evidence.

**MOTION TO INSTRUCT WITNESSES** - Page 1

II.

The Defendant would further show in support of this Motion that unresponsive and highly prejudicial answers to questions cannot be ordinarily cured by an instruction to the jury to disregard the same, and if this Motion is not granted and the witnesses for the State are not instructed not to volunteer information and make unresponsive answers, then this Defendant will be denied a fair trial in violation of the Constitution of the State of Texas and the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays the Court to instruct all witnesses for the State before they testify not to make any unresponsive answers or volunteer any information not called for by the questions propounded to them by either the attorneys for the Defendant or the attorneys for the State at any time in the course of the trial.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO INSTRUCT WITNESSES** - Page 2

000098

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the _____ day of _April_ _____, 200__, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO INSTRUCT WITNESSES** - Page 3

000099

12

000100

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION REGARDING STATEMENTS OF THE DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Court to instruct the prosecuting attorney in this cause not to question any witness concerning any conversation with the Defendant after he was first approached by the police, without first excusing the jury, to determine the admissibility of said evidence.

The Defendant would further show the Court that any conversations he may have had with police are not admissible as he was under arrest and, further, was not advised of his rights under the Constitution of the State of Texas and the United States to remain silent and to have an attorney.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court grant this Motion in all things.

Respectfully submitted,

*[signature]*

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

## MOTION REGARDING STATEMENTS OF THE DEFENDANT - Page 1

000101

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon

the Dallas County District Attorney's Office on this the ____ day of December, 2007.


PAUL BRAUCHLE


## O R D E R

On this the ____ day of _____, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of

the Court the Defendant excepts.)

no statements
by Δ

JUDGE PRESIDING


**MOTION REGARDING STATEMENTS OF THE DEFENDANT** - Page 2

000102

13

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Honorable Court to instruct the attorneys for the State not to allude to, infer, suggest, hint or otherwise try to offer or get into evidence before the jury any out-of-court identification of the Defendant by any witness who has previously made or attempted to make any out of court identification by way of line-up, show-up or picture identification, unless and until he makes his intentions known to do so before the Court and Defendant outside the presence and hearing of the jury, so as to allow the Court to pass on the admissibility of any such in-court and/or out-of-court identification testimony before it is heard by the jury, on the following grounds and reasons:

I.

The Defendant shows the Court that neither he nor any of his attorneys have ever been present at any pre-trial line-up, show-up or picture identification of this Defendant by any witness. The Defendant further show the Court that any such out-of-court identification or attempted identification, for other reasons, was conducted in such a manner that the identification procedure violated this Defendant's rights under the Constitution and laws of the United States of America and of the State of Texas and that any in-court identification of this Defendant is and will be tainted by

**MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT** - Page 1

the above said previous unconstitutional identification procedures all in violation of the constitution and laws of the United States of America and of the State of Texas. The Defendant respectfully cites to the Court in support of this Motion the cases of <u>U.S. vs. Wade</u>, 388 U.S. 218 (1967), <u>Gilbert vs. California</u>, 388 U.S. 263 (1967) and <u>Stovall vs. Denno</u>, 388 U.S. 293 (1967).

II.

This Motion if filed in advance of trial and a copy has been delivered to the attorneys for the State of Texas in charge of prosecuting this case, for the purpose of putting said attorneys on notice of the contents herein and of the fact that his Defendant prays that the Court instruct the attorneys for the State to obtain and keep in their possession all evidence pertaining to any out-of-court identification of this Defendant including but not limited to pictures, shown to any of the witnesses, all records concerning who was present at any line-up, show-up, or any other pre-trial identification procedure concerning this Defendant and that the State of Texas make available and have present all of such evidence and all of the persons and witnesses who were present and can in any way testify concerning any pre-trial identification of the Defendant whether by line-up, show-up or by picture identification, and that all such people and pictures and other evidence be made available to this Defendant and the Court at the time of the hearing concerning the admissibility of any such out-of-court and in-court identification of this Defendant. In support of this part of this Motion, the Defendant further show the Court that neither he nor his attorneys know the names of any such people present at any pre-trial identification procedure nor do they have sufficient knowledge and information so that they can subpoena any such people, picture, records and other evidence relevant to the admissibility and constitutionality of any pre-trial identification of this Defendant. Also, by

**MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING**
<u>**IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT**</u> - Page 2

this Motion and in advance of trial, the Defendant and his attorneys further show the Court that under the Constitution and laws of the United States of America and the State of Texas the burden of proof is and should be upon the State of Texas to show that any out-of-court identification procedures conformed with the requirements of the Constitution and laws of the United States of America and of the State of Texas and the Defendant specifically prays that this Honorable Court place the burden of proof in this regard upon the State of Texas. The Defendant further shows the Court that if the State is not required to produce in Court and/or make available to the Defendant all evidence pertaining to any pre-trial identification of this Defendant including witnesses and pictures, the Defendant will not be able to present all of the favorable evidence on his behalf in support of this Motion, evidence favorable to this Defendant will be suppressed, and this Defendant will be unable to make such evidence a part of the record in this cause, and the Defendant specifically prays in writing at this time that all of such evidence be made part of the record in this cause for the purposes of any appeal so as to protect this Defendant's right to appeal under the Constitution and laws of the United States of America and of the State of Texas upon any appeal in this cause.

III.

The Defendant further prays that the Court instruct the attorneys for the State in the same manner as prayed for an set out above, concerning any out-of-court and/or in-court identification of any co-defendants, accomplices, and/or principals to this Defendant in this cause, if any, for all of the reasons set out above.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Motion be granted and the attorneys for the State of Texas be instructed by the Court as prayed for in this Motion.

**MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING
IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT** - Page 3

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____6____ day of December, 2007.

_____
PAUL BRAUCHLE

**MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING
IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT** - Page 4

000107

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)

not
Applicable

_____
JUDGE PRESIDING

**MOTION TO INSTRUCT COUNSEL FOR THE STATE CONCERNING
IN-COURT AND OUT-OF-COURT IDENTIFICATION OF THE DEFENDANT** - Page 5

000108

14

000109

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DESIGNATE WHERE PHYSICAL EVIDENCE WAS FOUND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and makes and files this Motion, and in support of same would respectfully show the Court the following:

I.

Defendant would show that certain physical evidence was found and discovered during the investigation that has led to the indictment herein. The Defendant has heretofore moved to discover such evidence.

II.

Defendant would show that most, if not all, such physical evidence will be offered in evidence during the trial. The State will be required to show where such physical evidence items were found and in what condition and by whom and what happened with such items after such items left his possession and to whom and where such items were delivered or left.

III.

Defendant would show that to avoid surprise during trial and to fully develop all relevant facts for the Court and jury and to render affective assistance of counsel, Defendant requests that the District Attorney designate in writing where the various items of physical evidence were found, and by whom, and when, and where, and its condition, and to whom or where given or left.

## MOTION TO DESIGNATE WHERE PHYSICAL EVIDENCE WAS FOUND - Page 1

000110

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Motion be granted in all respects and that the District Attorney be so instructed.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO DESIGNATE WHERE PHYSICAL EVIDENCE WAS FOUND** - Page 2

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)


JUDGE PRESIDING


**MOTION TO DESIGNATE WHERE PHYSICAL EVIDENCE WAS FOUND** - Page 3

15

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR DISCLOSURE OF
## EVIDENCE FAVORABLE TO THE ACCUSED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record under the provision of

Brady vs. Maryland, 373 U.S. 83(1963), and pursuant to the due process guarantees of the Fourteenth

Amendment to the Constitution of the United States and Article 1, Section 19 of the Texas

Constitution and to insure his right to effective assistance of counsel, moves that the Court order the

State to disclose to the Defendant any exculpatory, mitigating or otherwise favorable evidence

material to this cause which is known to the State or its agents or agencies, or which could become

known through the exercise of reasonable diligence.

The Defendant also urges the Court to impose a continuing duty on the State to disclose such

evidence to him at every stage of these proceedings when the existence of any such evidence

becomes known to the State, its agents, and agencies.

While the Defendant has no way of knowing for certain that any such evidence may exist or

the nature of it, the Defendant suggests that the following kinds of things fall within the rules

requiring disclosure:

1.    Prior statements of any witness that are inconsistent with the testimony of such

witnesses whether such prior statements are oral or written or otherwise recorded,

MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE TO THE ACCUSED - Page 1

000114

and whether given directly by the witness or recorded by some other person.

2.  The results of any procedure, experiment, or test that appear to be contrary to the State's theory of the case or which fail to support said theory.

3.  The failure of any witness to identify the Defendant prior to trial, whether in live or photographic lineup, or otherwise.

4.  All deals, grants of immunity or leniency, or other benefit given to or condition placed upon any witness.

5.  Any statements or other evidence inconsistent with the guilt of the Defendant, or which are favorable to him or may intend to mitigate, germane either to guilt or punishment.

6.  Prior criminal and/or juvenile record of any witness as same may bear on the credibility of said witness.

7.  Descriptions of suspects given prior to trial that do not coincide with the true description of the Defendant.

8.  Disclosure to the Defendant of any instance wherein a witness testifies falsely or in a manner indicating to the State that the witness is being untruthful or gives testimony which may be technically correct but which could be misleading to the jury in the context or manner offered.

9.  The name and address of each witness who may provide evidence of the sort of matters listed above, and to which this motion is directed, as well as disclosure to the defense of the nature, character, or extent of the information such witness may have.

10. The names of all witnesses who may provide the kinds of evidence listed above, and

**MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE TO THE ACCUSED** - Page 2

notice of the precise nature of character of their knowledge.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this motion be in all things granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE TO THE ACCUSED** - Page 3

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) [DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION FOR DISCLOSURE OF EVIDENCE FAVORABLE TO THE ACCUSED** - Page 4

000117

16

000118

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION WITH REFERENCE TO ARRAIGNMENT OF THE ACCUSED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Honorable Court to order the District Attorney, or his assistants, to arraign the Defendant out of the presence of the jury before the indictment/information is read to the jury and the Defendant's plea is entered.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this motion be in all things granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION WITH REFERENCE TO ARRAIGNMENT OF THE ACCUSED** - Page 1

000119

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the __19__ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED)(DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION WITH REFERENCE TO ARRAIGNMENT OF THE ACCUSED** - Page 2

000120

17

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

**MOTION TO INSTRUCT COUNSEL FOR THE STATE
CONCERNING VOIR DIRE EXAMINATION, ARGUMENT
AND TRIAL BEFORE THE JURY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully requests that the Court instruct the attorneys for the State of Texas not to allude to, comment on or mention directly or indirectly during voir dire examination of jury panel or during jury argument or at any time in the trial in the presence and hearing of the jury any of the following:

1.   Any personal knowledge of the Defendant and/or guilt.

2.   Any personal knowledge of any witnesses.

3.   Any comparison of the Defendant to any other person or people.

4.   Any comparison of any of the witnesses to any other person or people.

5.   How the case or this cause began.

6.   The effect that the jury's verdict may or will have in the community or with any other person or people.

7.   Any reference to or comment on unrelated crimes and/or conditions in the community or county.

8.   Any reference to any other crimes or acts that other people have committed.

9.   What other juries have done in other cases.

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 1

000122

10. The quality of this case as compared to other cases in reference to the proof and evidence presented.

11. What the prosecution or jurors or others would have done in reference to any of the evidence presented.

12. Any statement that the jury is representing law enforcement, the Sheriff's Department is representing the people of Dallas County or representing the people of the State of Texas.

13. That the Defendant did not present or call or subpoena any witnesses or any particular witness to appear in his behalf.

14. Any constitutional or statutory rights that the Defendant has in the trial or a criminal case.

15. That the Defendant in a criminal case has the same rights and powers or any particular rights and powers that the State of Texas has in a criminal case.

16. Any comment, directly or indirectly on the failure of the Defendant to testify including but not limited to the following sort of remarks or comments:

    (a) "There has been no evidence from the Defendant that...", etc., etc.

    (b) "Why didn't the Defendant put any witnesses on the stand", etc.

    (c) "There is no testimony or evidence that the Defendant did not commit the alleged offense", etc.

    (d) "The Defendant and/or his attorneys haven't denied, explained or justified that", etc., etc.

    (e) "The testimony is undenied".

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 2

(f) "Nobody denies that ...", etc., etc.

(g) "There is no evidence to contradict the testimony that...", etc., etc.

(h) "If the Defendant was not guilty, he would have...", etc., etc.

(i) "The Defendant is the only person who knows or could know that...", etc., etc.

17. Any argument or comments concerning public opinion or community wishes concerning the outcome of the case, including argument that others desire a conviction other than the attorneys for the State of argument from any other people.

18. Any comparison of the Defendant with or to an animal, bird, beast or anything other than a human being charged with an offense.

19. Any comparison of the Defendant to or with any notorious person or people or group or organization political or otherwise.

20. Any criticism of, challenge to or dare to the attorneys representing the Defendant.

21. Any comment directly or indirectly on the personality character or legal abilities of the Defendant's attorney, favorably or unfavorably.

22. Any criticism of or complaint of and including side-bar remarks complaining of objections being made by the Defendant's attorney.

23. Any comment or argument including side-bar remarkes as to why the Defendant and/or his attorneys are making any objection.

24. Any comment or argument that the Defendant did not put his reputation in issue and/or why the Defendant did not put his reputation in issue.

25. Any comment, argument, side-bar remark or statement as to what witnesses not

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 3

called by either side could testify to or would testify to if they had been called to testify.

26.     Any reference to race, religion, political beliefs and/or political or religious organizations.

27.     Anything concerning the contents of instruments, writings or documents not admitted into evidence.

28.     Any personal facts or knowledge of the prosecuting attorneys not admitted into evidence.

29.     Any comment on jury argument or side-bar remark to the effect that if the facts justified it, there would be a certain defensive charge not contained in the Court's instructions to the jury and/or that if the facts were otherwise, then the judge would instruct the jury about some defense or law not contained in the Court's charge.

30.     Any reference to the absence of testimony or proof showing the innocence of the Defendant.

31.     Any argument to the effect that the jury should, may or can convict the Defendant on anything other than the evidence and testimony actually admitted in the trial before the jury and the Court's charge containing the law.

32.     Any facts not legally admitted as evidence before the jury or the Court.

The Defendant further shows the Court that concerning all of the above numbered items, now of the same are the proper subject matter for jury argument, side-bar remarks in the presence of the jury and/or a proper subject matter to be discussed during voir dire examination of the jury panel and that any mention of any of the

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 4

000125

same would be prejudicial to the Defendant in violation of the laws and Constitution of the State of Texas and in violation of the Defendant's right to due process of law and a fair and impartial trial as guaranteed him by the Constitution of the United States of America.

The Defendant files this Motion to request the Court to instruct the attorneys for the State as heretofore set out in the Motion and to expressly place the attorneys for the State of Texas on notice that the Defendant and his attorneys object to any references to the matters contained in this motion. The Defendant further files this written Motion as a continuous running request for an instruction from the Court to he jury to disregard any of the items set out in this Motion if they are commented on by attorneys for the State and as a continuous running Motion for a mistrial even if the jury is so instructed.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Motion be in all things granted.

Respectfully submitted,

_____
PAUL BRAUCHLE
4130 North Central Expressway
Dallas, Texas  75219
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

_____
WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 5

000126

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___10___ day of ~~November~~ _December_, 2007.

_Paul Brauchle_
PAUL BRAUCHLE

## O R D E R

On this the ___8___ day of _April_ ___, 200~~7~~8, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO INSTRUCT COUNSEL FOR THE STATE** - Page 6

18

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO SEQUESTER JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves the Court to sequester the jury in this case as soon as each individual juror is sworn and accepted on the jury, or at the time the twelve jurors are sworn and accepted on the jury, and in support hereof would show the Court the following:

1.   There is a clear and present danger that the news media, to wit, television which has not been admitted into evidence or which has been excluded form evidence in this trial. If the jurors become aware of said evidence by virtue of reports of this trial in the news media, the Defendant's rights to a fair and impartial trial would be seriously prejudiced.

2.   That counsel for the prosecution has made public remarks to the news media regarding the merits of this case, which are injurious to the Defendant. If said remarks are in fact reported by the news media and if the jurors in this case become exposed to said news media reports, the Defendant herein will be deprived of a fair and impartial trial to which he is entitled.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court will either sequester each individual juror sworn in this case once accepted by the

**MOTION TO SEQUESTER JURY** - Page 1

State and the defense or in the alternative that this Honorable Court will not permit the jury to separate and that the Court will order the jury to be placed under the Court's supervision at all times during the trial of this cause.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas  County District Attorney's Office on this the ____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO SEQUESTER JURY** - Page 2

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)


_____
JUDGE PRESIDING

**MOTION TO SEQUESTER JURY** - Page 3

19

000132

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR CLEAN JACKET

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant by and through his attorneys of record and makes this his Motion for the Court to require the State to keep all of their material used in the prosecution of this case inside folders or jackets that are unmarked and do not have inflammatory notions or remarks stamped or written on them such as "Career Criminal", "Repeat Offender", "Voluntary Statement", "Impact Case", "Habitual Offender", or any other such statements or notion that might prejudice or inflame the jury in review of its members.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Motion be in all things granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

MOTION FOR CLEAN JACKET - Page 1

000133

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____ day of December, 2007.

*[signature]*

PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

*[signature]*

JUDGE PRESIDING

MOTION FOR CLEAN JACKET - Page 2

000134

20

000135

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO SEQUESTER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that the Court, after having given its charge to the jury at both the guilt and innocence phase and the punishment phase of the trial, order that the jury not be allowed to separate. In support of said Motion the Defendant would show the court as follows:

I.

TEX. CODE CRIM. PROC. ANN art. 35.23 specifically provides that the Court on its own Motion may or on the Motion of either party shall, after having given its charge to the jury, order that the jury not be allowed to separate. The Defendant herein specifically invokes that right secured to him by the relevant statute and respectfully moves that his Honorable Court order the jury to be sequestered after the delivery of the instructions at the guilt and innocence phase of the trial and after the delivery of the instruction at the punishment phase of trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully moves that his Honorable Court grant this Motion.

## MOTION TO SEQUESTER - Page 1

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO SEQUESTER** - Page 2

000137

21

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## <u>MOTION TO PROVIDE DEFINITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Honorable Court provide proposed definitions of the following terms for the following good and sufficient reasons:

I.

The Defendant respectfully requests this Honorable Court to provide definitions for the words, terms or phrases of "criminal act of violence", "deliberately", "probability", "continuing threat to society", "society", "reasonable expectation", "a life sentence in the Texas Department of Criminal Justice- Institutional Division" and "beyond a reasonable doubt".

II.

Each of these words, terms or phrases will be utilized by the trial court either in the charge delivered at the guilt and innocence stage or at the punishment stage. Each of these words, terms or phrases are matters of extreme relevance to the jury in resolving certain factual issues before them. Although each has a common meaning, in each instance they have developed through the various decisions of the Court of Criminal Appeals certain particular meanings which may not be known to the jury. For example, the term "deliberately" has been held to require the presentation of evidence that the Defendant's conduct constituted a conscious decision, greater than mere will, to cause the

<u>MOTION TO PROVIDE DEFINITION</u> - Page 1

victim death. <u>Nichol vs. State</u>, 754 S.W.2d 165 (Tex. Crim. App. 1988). Accordingly, a jury must find a "moment of deliberation and the determination on the part of the actor to kill" before it is justified in answering "yes" to special issue number 1. Cf. <u>Cannon vs. State</u>, 691 S.W.2d 674 (Tex. Crim. App. 1985).

III.

At the close of the State's evidence at both the guilt and innocence phase and the punishment phase the Defendant will request this Honorable Court to define each of the referred to terms or object to the failure of the Court to define these terms. It is the Defendant's position that it is necessary to have specific definitions of these terms provided so that the prospective jurors can be adequately questioned with regard to any bias and prejudice they might have against the law as well as their ability to fulfill the requirements of the law with regard to these terms. Since each of these terms or phrases is not defined currently in the law of the State of Texas, only this Honorable Court can provide specific definitions which will assure that all parties and the jurors will be concerned with the same issues limited by the same definitions of each of these words, term and phrases.

IV.

It is necessary for the Defendant to have these definitions provided to him and his counsel prior to the commencement at voir dire so that the prospective jurors can be properly questioned and thereafter the Defendant may determine appropriate challenges for cause and/or a determination of the choice to exercise a peremptory challenge. The failure to provide definitions of these words, terms and phrases in advance of trial will deny the Defendant the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

**MOTION TO PROVIDE DEFINITION** - Page 2

WHEREFORE, PREMISES CONSIDERED, the Defendant prays this Honorable Court present definitions for each of the referred to word, terms or phrases.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO PROVIDE DEFINITION** - Page 3

000141

22

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO LIST WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record in the above styled and numbered cause and moves this Honorable Court to order counsel for the State to furnish defense counsel a list of all potential witnesses.

I.

TEX. CODE CRIM. PROC. ANN. art 35.16 (a) (8) permits a Defendant to challenge for cause a prospective juror who has a bias or prejudice against the Defendant. TEX.CODE CRIM. PROC. ANN. art 35.14 gives the Defendant the right to strike a prospective juror without assigning a reason for so doing.

II.

Unless the Court orders counsel for the State to disclose the names of all the witnesses it intends to call in its case-in-chief and as rebuttal witnesses in both the guilt and punishment stages of the trial, the Defendant will be harmed in two ways. First, the Defendant cannot challenge a prospective juror for cause because of bias and prejudice due to the juror's relationship with a witness unless, having the name of the witness, inquiry can be made into the nature of the relationship. Second, the Defendant cannot intelligently exercise peremptory challenges if, even through challenge for cause has been overruled or is not applicable, inquiry

**MOTION TO LIST WITNESSES** - Page 1

000143

cannot be made into the existence of a relationship between the prospective jurors and the prospective witnesses. The failure of the Court to grant this Motion would deprive the Defendant of the right to trial by a fair and impartial jury as guaranteed by Article I, Section 10 of the Texas Constitution and Sixth and Fourteenth Amendments to the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court grant this Motion and require counsel for the State to disclose the names of all witnesses it in good faith intends to call in its case-in-chief or in rebuttal at both guilt and punishment stages of the trial. Hightower vs. State, 629 S.W.2d 920 (Tex. Crim. App. 1982); Young vs. State, 547 S.W.2d 43 (Tex. Crim. App. 1977).

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO LIST WITNESSES** - Page 2

000144

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ⬩ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ⬩ day of December, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO LIST WITNESSES** - Page 3

000145

23

000146

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.07 SEC. 4(a) UNCONSTITUTIONAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Honorable Court to declare TEX. CODE CRIM. PROC. ANN. art. 37.07 sec. 4(a) unconstitutional in that such violates the equal protection of law and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. In support of said motion the Defendant would show the Court as follows:

I.

It is provided in TEX. CODE CRIM. PROC. ANN. art 37.07 sec. 4(a) that a particular instruction shall be given to the jury at the punishment phase of the trial with regard to the application of the law of parole. However, it is specifically provided therein that such charge shall not be delivered to the jury if the Defendant is convicted of the offense of capital murder.

II.

The applicable punishment range for the offense of capital murder is death by injection or confinement in the Texas Department of Corrections for life. Thus, the issues of parole becomes relevant to the jury with regard to the assessment of one of these two punishments, i.e. the assessment of life. In all of the circumstances wherein the Defendant is convicted of similar offenses the trial court is ordered to provide the jury with an availability of a sentence of incarceration for life,

MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.07 SEC. 4(a) UNCONSTITUTIONAL - Page 1

000147

there is no basis for distinguishing the circumstance wherein the Court gives the instruction in non-capital cases but does not give it in capital cases. If the jury has a right to consider the law of parole for all other offenses the jury should have a similar right to consider the law of parole in determining whether or not it is appropriate to assess a sentence of life for the offense of capital murder. There being no rational basis for the distinction the referred to law is discriminatory and should be declared unconstitutional for violation of the equal protection clause and the due process clause of the Fourteenth Amendment to the Constitution of the United States.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court declare TEX. CODE CRIM. PROC. ANN art. 37.07 sec 4(a) unconstitutional and thereafter when requested at the punishment stage delivered to the jury an appropriate instruction on the law of parole as contained in the referred to article of the Code of Criminal Procedure.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
Bar Card No. 10804500

ATTORNEYS FOR DEFENDANT

000148

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby GRANTED / DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

Denied

MOTION TO DECLARE TEX. CODE CRIM. PROC.ANN. ART. 37.07 SEC. 4(a) UNCONSTITUTIONAL - Page 3

24

000150

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## APPLICATION FOR ATTACHMENT OF PROSPECTIVE JUROR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and moves the Court to issue an attachment for any prospective jurors who fail to appear pursuant to the provisions of TEX. CODE CRIM. PROC. ANN. art. 35.01.  That article provides than an attachment may issue on the request of either party for an absent summoned juror to have him brought forthwith before the Court.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays for an attachment issue for any missing prospective jurors.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

## APPLICATION FOR ATTACHMENT OF PROSPECTIVE JUROR - Page 1

000151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of _____December_____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**APPLICATION FOR ATTACHMENT OF PROSPECTIVE JUROR** - Page 2

25

000153

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR DISCOVERY OF
## INFORMATION REGARDING PRIOR JURY SERVICE

COMES NOW the Defendant by and through his attorneys of record and files this Motion

for Discovery of Information Regarding Prior Jury Service and in support thereof would show the

Court as follows:

I.

That the Defendant has reason to believe and does believe that the District Attorney's office

may have certain written or recorded information which reflects the prior jury service in Dallas

County, Texas of prospective jurors on the jury panel. This information contains the type of case

the juror served on, the verdict (guilty or not guilty) reached, and what punishment, if any, was

imposed. Such information is available to the District Attorney's office for its examination and

utilization in screening the individual prospective jurors present on the panel in this cause.

II.

In support of this Motion, the Defendant states that the information requested contains

information material to the matters involved in the present action and constitutes a material

factor in the preparation of his defense by counsel for the Defendant. More specifically, the

Defendant would show the Court as follows:

    1.     Such information concerning past jury service which is available to and referred to

**MOTION FOR DISCOVERY** - Page 1

000154

by the District Attorney's office is not automatically available to the Defendant and his counsel. This information is necessary and material to the counsel for the Defendant in order to preserve the just administration of criminal laws and to insure the Defendant a fair trial:

2. This information does not constitute the work product of any attorney representing the State of Texas in this case or their investigators, nor does it represent in any manner the State's notes, reports concerning this case or the written statements of any witness, and are therefore discoverable under Art. 39.01, Texas Code of Criminal Procedure;

3. The information which is available to the prosecution is absolutely necessary and material to defense counsel to properly prepare for trial. The denial of said information denies the Defendant a fair and impartial trial as guaranteed him by Art. 1, Sections 15 and 19 of the Constitution of the State of Texas, Art. 1.04, C.C.P. and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution;

4. Defendants in criminal trials constitute a class of individuals, specifically a minority group, and as such are within the provisions of the Civil Rights Act of 1964 and to allow the State the sole use and advantage of the requested information would be to violate the provisions of the above act;

5. This information, being available to the prosecution during the selection of the jury and denied to the defense constitutes a material advantage to the State of Texas, which cannot be overcome by the Defendant. Said deprivation of rights is repugnant to the concept of basic individual rights and the rights to the Defendant's fair trial;

**MOTION FOR DISCOVERY** - Page 2

6. This information was accumulated by personnel and equipment whose salaries and expenses are being paid by public funds, both state and federal. Therefore, to deny Defendant access to this material would be a denial of the Equal Protection Clause of the Fourteenth Amendment.

### III.

That the Defendant submits to inquire during voir dire examination not only as to prior criminal jury service but also as to the specific verdicts reached by a prospective juror in such a case and it is improper for either the Court or the Counsel for the State to advise the jury panel and the prospective jurors that it is improper to so inquire. If the Defendant is denied access to the information requested under Paragraphs I and II above, the Defendant's only reasonable alternative is to specifically ask each prospective juror what verdict or verdicts were reached in any prior criminal trial in which the prospective juror sat as a juror.

### IV.

That the Defendant hereby submits to the Court that the prosecutor should be instructed prior to the voir dire examination of the jury panel not to advise the jury panel or any prospective juror that it is improper to ask what verdict was reached in any prior criminal trial wherein a prospective juror sat as a juror, as such a statement incorrectly states the law and improperly leaves the impression that defense counsel should not in good faith be able to inquire as to such prior verdicts in previous criminal trials.

### V.

That the Defendant further requests this Court to permit the Defendant to specifically ask any member of the jury panel who sat on a prior jury in a criminal case as to the specific verdicts reached

**MOTION FOR DISCOVERY** - Page 3

000156

in such cases in order that the Defendant can intelligently exercise his peremptory challenges in this cause and be placed in the same footing as Counsel for the State in selecting a jury to hear this case; or in the alternative, that the Counsel for the State voluntarily disclose all information regarding prior criminal jury service of any prospective juror in this cause to Counsel for the Defendant so that the counsel for the State foes not have an advantage in selecting the jury in exercising peremptory challenges.

## VI.

If this motion is denied by the Court, the action of the Court will deprive the Defendant of due process of law and equal protection of the laws under the Constitution of United States of America and the State of Texas and will deprive the Defendant of the effective assistance of counsel and the intelligent exercise of the Defendant's peremptory challenges in this case, or in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Article 1.04 C.C.P.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to instruct the prosecution to make available to the Defendant prior to trial the information which it has in its possession concerning the prior jury service of any prospective juror on the panel in this cause prior to the exercising of the Defendant's peremptory challenges; in the alternative, that this Honorable Court permit Defense Counsel to inquire of the prospective jurors on the jury panel as to the specific verdicts, if any, reached in any case in which said prospective juror sat as a juror during a said prior criminal case.

**MOTION FOR DISCOVERY** - Page 4

000157

Respectfully submitted,

_____

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

_____

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon

the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____

PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)

_____

JUDGE PRESIDING

**MOTION FOR DISCOVERY** - Page 5

000158

26

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PROHIBIT OATH

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that this Honorable Court not administer the oath provided in TEX. PENAL CODE ANN. sec. 12.31(b) that a prospective juror swear that the mandatory penalty of death or imprisonment for life will not affect his deliberation on any issue of fact. In support of said motion the Defendant would show the Court as follows:

I.

In <u>Adams vs. Texas</u>, 448 U.S. 38, 100 S.Crt. 2521, 65 L.Ed2d 581 (1980) the United States Supreme Court held that the oath required in subsection (b) of TEX. PENAL CODE ANN. sec. 12.31 was impermissible under the Sixth and Fourteenth Amendments of the Constitution of the United States to the extent that the test could and did exclude jurors who stated that they would be "affected" by the possibility of the death penalty but who apparently meant only that the consequences of their decision would invest their deliberations with greater seriousness or gravity or would involve them emotionally or who were unable to positively state whether or not their deliberations would be in any way "affected". Under this holding the oath required in the penal code is in violation of the Sixth and Fourteenth Amendments to the Constitution of the United States and should not be given to the prospective jurors.

## MOTION TO PROHIBIT OATH - Page 1

000160

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court enter its order that the oath referred to will not be given to the prospective jurors.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO PROHIBIT OATH** - Page 2

## O R D E R

On this the ___19___ day of ___December_____, 2007, the foregoing

Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to

which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO PROHIBIT OATH** - Page 3

27

000163

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO SUPPRESS ILLEGAL IDENTIFICATION OF THE DEFENDANT AND REQUEST FOR HEARING OUTSIDE THE PRESENCE OF THE JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and shows the Court as follows:

I.

That the Defendant objects to the introduction of all testimony from any witness in this cause concerning any purported identification of the Defendant by a witness until such time as the court has conducted a hearing out of the presence of the jury regarding what pre-trial identification procedures were followed by the police department or by any of the witnesses in order to determine:

1. Whether or not the Defendant's rights to counsel under the Sixth and Fourteenth Amendments of the United States Constitution; Article 1, Section 10 of the Texas Constitution and Article 1.05, C.C.P. has in any way been violated, and

2. Whether or not any in-court identification by any witness has been in any way unfairly influenced by any police officer or any other law enforcement officer in violation of due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution; Art. 1, Sec. 19 of the Texas Constitution, and Article 1.04, C.C.P.

<u>MOTION TO SUPPRESS ILLEGAL IDENTIFICATION</u> - Page 1

000164

II.

Defendant further objects to the introduction of any hearsay evidence of identification by any witness form any third party witness who may have been present at any line-up proceeding or photograph identification proceeding on the basis that the evidence would be hearsay and on the basis as set out above.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court grant said Motion, excuse the jury an hear evidence of any pre-trial identification procedure involving any of the identification witnesses and any police officer who investigated same and participated in the identification procedures; and after said hearing, that this Honorable Court grant this Motion to suppress all in-court identification testimony of the Defendant.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO SUPPRESS ILLEGAL IDENTIFICATION** - Page 2

000165

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO SUPPRESS ILLEGAL IDENTIFICATION** - Page 3

28

000167

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DISCLOSE MITIGATION EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that the Court require the State to disclose any evidence of a mitigation character which it has in its possession and which might be relevant for the jury's consideration at the punishment stage. In support of said motion Defendant would show the Court as follows:

I.

It is well settled that a Defendant has a constitutionally protected privilege to request and obtain from the prosecution evidence that is relevant to the punishment to be imposed. California vs. Tromnetta, 467 U.S. 479 (1984); Brady vs. Maryland, 373 U.S. 83 (1963). In a capital sentencing trial any aspect of the Defendant's character and record or the circumstances of the crime may be relevant to the issue of punishment because the Defendant has the right under the Eighth Amendment to proffer such evidence as a mitigating factor. Lockett vs. Ohio, 438 U.S. 586 (1978). If such evidence is within the possession or control of the State and is considered to be mitigating it is subject to disclosure as a matter of due process. Chaney vs. Brown, 735 2nd 1334 (10th Circuit 1984). When the Defendant makes a specific request for disclosure of mitigating evidence the Court must at least inspect such in camera and decide whether the prosecutor has a constitutional obligation to disclose it. Cf. Castro vs. State, 562 S.W.2d 252 (Tex. Crim. App. 1978). In a capital murder

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 1

000168

trial, the State's obligation to disclose evidence is much broader than in an ordinary criminal trial. Evidence is mitigating under the Eighth Amendment when it calls for a sentence less than death. Lockett vs. ohio, Supra.  Evidence can be mitigating even if it has nothing to do with the crime. Eddings vs. Oklahoma, 455 U.S. 104 (1981).  Such evidence may be mitigating even if it is not specifically related to the Defendant's culpability.  Skipper vs. South Carolina, 106 S.Crt, 1669 (1986).  Therefore the Defendant respectfully moves herein that the Court order the State to disclose to defense counsel any evidence which might be deemed mitigating with regard to the punishment to be assigned in this cause including but not limited to the following:

1. The names and addresses of all persons that the prosecution proposes to offer as witnesses at the trial or in a hearing of this case and any persons with knowledge of any facts and circumstances surrounding the crime or the Defendant;

2. The names and addresses of all persons who have given recorded statements to the prosecution or any law enforcement officer;

3. The names and addresses of all persons who have been interviewed by the prosecution or any law enforcement officer, even if such interview did not result in the taking of a written statement;

4. All memoranda, documents and reports to, from and between law enforcement officer connected with the subject matter of this case;

5. The criminal records and any list or summary reflecting criminal records or psychiatric history of all persons who the prosecution intends to call as a witness at trial;

6. All evidence in the prosecution's possession or available to the prosecution which is

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 2

000169

favorable to the Defendant on the issue of punishment including but not limited to evidence disclosing:

(a)     that the Defendant has no significant history of prior criminal activity;

(b)     that the offense was committed while the Defendant was under the influence of extreme mental or emotional disturbance;

(c)     any evidence that the victim was a participant in the Defendant's actions;

(d)     any evidence that the Defendant was an accomplice and his participation was relatively minor;

(e)     any evidence that the Defendant acted under extreme duress or under substantial domination of another person;

(f)     any evidence that the capacity of the Defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired;

(g)     any evidence which partially or totally negated any evidence offered by the State in support of any alleged aggravating circumstance;

(h)     any evidence concerning the good character, deprived background, good reputation, mental problems, emotional disabilities, immaturity, childhood difficulties, physical, verbal, emotional or sexual problems of the Defendant;

(i)     any evidence or records and reports of any kind reflecting the conduct or results of any medical, pathological, toxicological, chemical, biochemical, criminalistic, laboratory, forensic or scientific examinations, investigation and preparation of this case;

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 3

(j)    all records and reports relating to the Defendant including all juvenile detention, jail, prison, parole, probation and presentence investigation records; all arrests, convictions, adult and juvenile criminal offense records; all records of any law enforcement authority; all records or any detention or court supervision of the Defendant;

(k)    any evidence of records and reports relating to any witness including any juvenile detention, jail, prison, parole, probation or presentence investigation record, and any psychiatric psychological or mental health records of said witnesses;

(l)    a list of all expert witnesses the prosecution intends to call at the punishment hearing along with each expert's qualification, the subject and description of his or her contemplated testimony and a copy of his or her reports;

(m)    any other evidence of any aspect of the Defendant's character and record, or the circumstances of the crime that may call for a sentence of less than death;

(n)    any other evidence that is probative of a negative answer to one or more of the special issues in the sentencing phase;

(o)    any evidence that is probative of the credibility of a witness for the prosecution who will testify as an expert in psychiatry, psychology or predicting future dangerousness, including but not limited to a complete account of any incidents in which the expert examined or attempted to examine a criminal defendant for future dangerousness without obtaining a waiver of his <u>Miranda</u> rights and notifying the Defendant's lawyer about the

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 4

000171

examination in advance; copies of the results of every examination for future dangerousness that the expert has performed in a capital murder trial in which he was either appointed by the Court as an expert, or in the alternative, if the results are a matter of public record, the name of each defendant examined, the name of the country in which he was indicted and tried, the cause number of such case; the name, county and cause number of every capital murder trial in Texas in which the expert has testified for the prosecution about the issue of future dangerousness, the name county and cause number of every capital murder trial in Texas in which the expert was appointed by a court or hired by the prosecution to determine whether the Defendant was dangerous and the expert concluded that he lacked sufficient information to render an opinion;

(p)     any data, notes, or other information compiled by the expert or his agents in an effort to determine that his predictions of future dangerousness in a capital murder trial were either accurate or inaccurate;

(q)     any evidence in possession of the State of any oral, written or non-verbal expressions of remorse, shame, or contrition by the Defendant regarding the offense or any extraneous offense made to any police officers, jail guards, inmates, nurses or doctor;

(r)     any evidence in possession of the State of the Defendant's non-violent, peaceful or cooperative nature;

(s)     any evidence in possession of the State of the Defendant's religious belief,

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 5

good work, or good personal habits.

WHEREFORE , PREMISES CONSIDERED, the Defendant respectfully prays the Court order the production of the foregoing materials in sufficient time for the Defendant to use them in preparation of his defense, or in the alternative, to order the production for inspection in camera to determine whether disclosure is required by law.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 6

000173

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)

_____

JUDGE PRESIDING

*Ct grants*
*all mitigation*
*evidence to*
*include work product*
*context "only" i s in togehter*

**MOTION TO DISCLOSE MITIGATION EVIDENCE** - Page 7

29

000175

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO INQUIRE INTO PEREMPTORY
## CHALLENGES BY THE STATE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant herein, and files this his Motion to Inquire Into Peremptory Challenges by the State and for good cause would show the Court as follows:

I.

Defendant is a member of an identifiable racial group, to wit: Hispanic.

II.

Defendant anticipates that the State will attempt to utilize its peremptory challenges in such a manner as to exclude persons from the jury on the basis of their race and thereby deny him the equal protection and due process guarantees of the Fourteenth Amendment of the Constitution of the United States.

III.

If, after due hearing pursuant to Article 35.261, the Court determines that the neutral explanations asserted by the prosecution are insufficient, defendant requests the Court to quash the panel and call a new array.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this Court conduct a hearing immediately after the voir dire is concluded to determine if, in fact, the State of Texas by

**MOTION TO INQUIRE INTO PEREMPTORY CHALLENGES BY THE STATE** - Page 1

000176

and through the District Attorney of Dallas County, Texas has exercised said peremptory strikes in such a fashion as to deny the Defendant equal protection, due process of law, and a fair and impartial trial.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO INQUIRE INTO PEREMPTORY CHALLENGES BY THE STATE** - Page 2

000177

# O R D E R

On this __19__ day of __December_____, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED, to which action of the

Court the Defendant excepts).

_____
JUDGE PRESIDING

**MOTION TO INQUIRE INTO PEREMPTORY CHALLENGES BY THE STATE** - Page 3

000178

30

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR REPRODUCTION OF PHOTOGRAPHS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorney of record and requests that the Court order the reproduction of certain photographs in the possession of the State, and would show as grounds therefore the following:

I.

The State of Texas is in possession of photographs of the scene of the alleged murder in this case. The Defendant, his attorneys, and investigators have need of copies of those photographs to properly investigate the circumstances surrounding the murder.

II.

The State of Texas is in possession of certain photographs taken by the Medical Examiner's Office at the time of the autopsy on the body of the deceased. If the State intends to offer these photographs into evidence, or utilize them in any way, the defense would also like to have copies of these photographs.

III.

The State of Texas is in possession of aerial photographs of the area of the alleged murder. These photographs would be of invaluable assistance to the defense.

**MOTION FOR REPRODUCTION OF PHOTOGRAPHS** - Page 1

000180

WHEREFORE, PREMISES CONSIDERED, it is requested that the Court order reproduction of these and any other photographs in the possession of the State in regard to this case.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

**MOTION FOR REPRODUCTION OF PHOTOGRAPHS** - Page 2

# O R D E R

On this the ___19___ day of ___Decerb___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____

JUDGE PRESIDING

**MOTION FOR REPRODUCTION OF PHOTOGRAPHS** - Page 3

000182

31

000183

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

### MOTION REQUESTING NOTICE OF INTENT TO USE
### CERTIFIED COPIES OF OFFICIAL WRITTEN INSTRUMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and moves the Court

to require the prosecution to give notice of its intent to use certified copies of official written

instruments, including any certified copies of prior judgements of conviction which the prosecution

intends to introduce as proof of enhancement allegations or as part of the proof of the Defendant's

prior criminal record at the punishment hearing or as impeachment evidence of witnesses who testify

in the Defendant's behalf, and in support hereof, Defendant would show the Court as follows:

I.

Notice is required by Rule 902 Section 10.

II.

Unless a copy of such certified copies of official written instruments is delivered to the

Defendant by the prosecution, the Defendant will be unduly surprised and disadvantaged.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court grant his

Motion in all things.

**MOTION REQUESTING NOTICE OF INTENT TO USE
CERTIFIED COPIES OF OFFICIAL WRITTEN INSTRUMENTS** - Page 1

000184

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION REQUESTING NOTICE OF INTENT TO USE**
**CERTIFIED COPIES OF OFFICIAL WRITTEN INSTRUMENTS** - Page 2

000185

32

000186

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO INSTRUCT COUNSEL
## FOR THE STATE NOT TO LEAD WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and would show the Court that he and his attorneys anticipate that the attorneys representing the State of Texas will attempt in the conduct of their examination of witnesses in their case in chief to lead, suggest, and assume matter not in evidence. The Defendant would show that by such course of conduct the defense counsel is necessarily required to object frequently and that such necessary defensive effort may prejudice the Defendant in the eyes of the jury; and, further, such course of conduct by the prosecution is specifically designed to create such prejudice.

Defendant would show that the prosecution representing the State in this cause are experienced prosecutors, knowledgeable of the rules of evidence pertaining to the restriction against the use of leading and suggestive questions assuming matters no in evidence, and because of the asking the Defendant urges that the attorneys representing the State be instructed to desist and refrain from the asking of such questions in their examination of the witnesses in the State's case in chief.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that the Court grants his Motion in all things.

**MOTION TO INSTRUCT COUNSEL FOR THE STATE NOT LEAD WITNESSES** - Page 1

000187

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the 19 day of December, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO INSTRUCT COUNSEL FOR THE STATE NOT LEAD WITNESSES** - Page 2

000188

33

000189

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

**MOTION FOR OPPORTUNITY TO BE HEARD
PRIOR TO THE TAKING OF JUDICIAL NOTICE OF
ADJUDICATIVE FACTS; TEX. R. CRIM. EVID. 201 (E)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record, who, pursuant to the provisions of TEX. R. CRIM. EVID. 201 (e), files this his Motion for an opportunity to be heard prior to the taking of judicial notice of any adjudicative fact in this case.

I.

The Defendant anticipates that during the course of the trial of this cause, the Court will determine to take judicial notice of certain adjudicative facts pursuant to the provisions of TEX. R. CRIM. EVID. 201. In that event, the Defendant would respectfully request that prior to the taking of judicial notice, he be given an opportunity to be heard, out of the presence and hearing of the jury, concerning the propriety of the taking of judicial notice pursuant to the requirements of subsection (e) of Rule 201.

II.

Further, in order to properly address the propriety of the Court's action in taking judicial notice, the Defendant respectfully requests that he be given notice, prior to the aforesaid hearing, of the tenor of the adjudicative facts which the Court intends to take judicial notice of.

**MOTION FOR OPPORTUNITY** - Page 1

000190

III.

In the event that the Court, after the aforesaid hearing, determines to take judicial notice of adjudicative facts in this cause, the Defendant would respectfully request that the Court list the facts which it has taken judicial notice of in written finding of fact, with the said written finding of fact marked and admitted as Exhibit in this cause for purposes of appellate review.

IV.

In the event that the Court, after the aforesaid hearing, determined to take judicial notice of adjudicative facts in this cause, the Defendant would respectfully request that the Court instruct the jury that it may, but is not required, to accept as conclusive any fact judicially noted, as is required by subsection (g) of Rule 201.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays for the relief requested above.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION FOR OPPORTUNITY** - Page 2

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___ day of December, 2007.

_____
PAUL BRAUCHLE

### O R D E R

On this the __19__ day of __December__, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION FOR OPPORTUNITY** - Page 3

000192

34

000193

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

### MOTION TO DISCOVER REWARDS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and would move the Court to order the prosecutor in this case to disclose to the attorneys for the Defendant information concerning rewards applied for, claimed by, received by, or expected by, any witness who testifies for the State at any stage of this trial.  Such request includes names of witnesses who applied for, claimed, received, or expect a reward; the conditions of the payment of the reward; the time same is to be paid; by whom the reward was offered or paid; and the manner of the payment.

This information is necessary so that the Defendant may effectively exercise his right of confrontation and cross-examination of the witness against him, including showing of any bias or interest of such witnesses.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests that this Motion be in all things granted.

Respectfully submitted,

_____
PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

### MOTION TO DISCOVER REWARDS - Page 1

000194

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

### O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO DISCOVER REWARDS** - Page 2

000195

35

000196

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO REVEAL CONFERENCES BETWEEN WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant by and through his attorneys of record and makes this Motion to Reveal Conferences and would show the Court as follows:

### I.

The Defendant intends to invoke the Rule of Evidence in the trial of this cause, and has so indicated by the filing of an appropriate Motion.

### II.

The purpose of the Rule of Evidence will be violated if conferences between witnesses, or among witnesses, is permitted prior to the swearing of witnesses by the Court.

### III.

It is therefore requested that the Court order the State not to confer with a witness in this case in the presence of any other witness, or discuss the testimony of one witness with any other witness, because to allow such collusion among witnesses denies the Defendant the benefit if the individual recollection of the witnesses, and taints the memory of the witnesses, and would perhaps indicate to a witness that his testimony is out of step with the testimony of other witnesses, or indicates to the witness that the State prefers the testimony of other witnesses.

**MOTION TO REVEAL CONFERENCES** - Page 1

000197

## IV.

It is also requested that the Court order the District Attorney and its agents to disclose to the defense if such conferences among or between witnesses has already taken place, and if so, who was present, and what was said by each party.

The Court is also requested to order the District Attorney to make inquiry of its agencies to determine if conferences between or among witnesses has occurred, and in the same particulars.

WHEREFORE, PREMISES CONSIDERED, the Court is requested to grant his Motion in all things.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO REVEAL CONFERENCES** - Page 2

000198

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been served upon

the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

**O R D E R**

On this the ___19___ day of ___December___, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby (GRANTED)(DENIED to which

action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO REVEAL CONFERENCES** - Page 3

000198

36

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR THE PRODUCTION AND
## INSPECTION OF CRIMINAL RECORDS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorney of record and respectfully requests

that the Court order the attorneys for the State to furnish to the defense counsel the criminal record

of any witness to be called by the State.  The Defendant requests any such records of the District

Attorneys or which can be acquired by the attorneys for the State of Texas.

In support of this Motion the Defendant would show that this information is required by the

Defendant so as to allow defense counsel proper opportunity for cross-examination of such witnesses

and to determine whether or not such witnesses make truthful answers to questions concerning their

prior criminal record.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Motion be in all

things granted.

Respectfully submitted,

_____

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

**MOTION FOR PRODUCTION AND INSPECTION** - Page 1

000201

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the __19__ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION FOR PRODUCTION AND INSPECTION** - Page 2

37

000203

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DISCLOSE PUNISHMENT EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves this Honorable Court to order the State to disclose evidence it will offer at the punishment stage of the trial. In support of said motion Defendant would show the Court as follows:

I.

TEX. CODE CRIM. PROC. ANN. art. 37.071(a) permits the State to offer evidence at the punishment hearing as to "any matter the Court deems relevant to sentencing, including the prior criminal record of the Defendant, his general reputation and his character." In interpreting that article the Court of Criminal Appeals has held that prior criminal conduct, criminal record, age of the Defendant, and psychiatric evidence are among the various matters relevant in deciding the second punishment issue in a capital case. Roney vs. State, 632 SW2d 598 (Tex. Crim. App. 1982).

II.

Because of the broad language used in the relevant article the Defendant is placed in the impossible position of being unable to determine in advance of trial what types of evidence the State may seek to offer at the punishment stage subject only to the discretion of the Court as to the relevance of such evidence to punishment. In Gholson vs. Estelle, 675 F.2d734 (Ca 5th 1982), the United States Court of Appeals for the Fifth Circuit held that the defendants were sentenced to die

**MOTION TO DISCLOSE PUNISHMENT EVIDENCE** - Page 1

000204

in violation of due process where the defendants at the punishment phase of their trial were confronted and surprised by doctors' testimony with the result being that the defense counsel was thwarted in their effort to conduct a meaningful cross - examination of the doctors.

III.

In the pending cause the Defendant will be deprived of the due process of law and the right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and Art. I, sec. 10 and 19 of the Texas Constitution because counsel is unable to prepare in advance without some notice.  Therefore the Defendant respectfully moves that this Honorable Court order the State to present to the Defendant in advance of trial a brief summary of the evidence it intends to offer at the punishment phase of the trial so as to allow counsel an opportunity to prepare a defense or mitigation of punishment.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court order the representative of the State to reveal to defense counsel the evidence it intends to offer at the punishment phase of this trial.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

**MOTION TO DISCLOSE PUNISHMENT EVIDENCE** - Page 2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

*With Exception of Body motions*

**MOTION TO DISCLOSE PUNISHMENT EVIDENCE** - Page 3

# F07-50318-M

# THE STATE OF TEXAS

# VS

# WESLEY RUIZ

# CAPITAL MURDER

# PRETRIAL MOTIONS
# VOLUME II

000207

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant herein and files this his Volume II of

Pretrial Motions.

Respectfully submitted,

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

ATTORNEYS FOR DEFENDANT WESLEY RUIZ

CERTIFICATE OF SERVICE

I, WM. E. "KARO" JOHNSON, attorney of record for Wesley Ruiz, hereby certify that

a true and correct copy of the following motions, Volume II, have been duly served on the

Dallas County District Attorney's Office on this the 6th day of December, 2007.

WM. E. "KARO" JOHNSON

000208

## VOLUME II INDEX OF MOTIONS

1.   Defendant's Election of Punishment in Jury Trial

2.   Motion to Preclude the Death Penalty as a Sentencing Option

3.   Motion to Preclude the Death Penalty as a Sentencing Option (Denial of Equal Protection)

4.   Motion for a Hearing to Test Qualifications of the Prosecution's Character and Reputation Witnesses

5.   Motion to Preserve and Make Available Witness Statements

6.   Motion to Define Mitigation

7.   Motion for the Appointment of an Investigator

8.   Motion to Shuffle Jurors

9.   Defendant's Motion That the Court Reporter Record All Proceedings

10.   Defendant's Motion for Disclosure of Specific Impeachment and Exculpatory Information

11.   Motion to List Expert Witnesses

12.   Motion in Limine - Extraneous Offenses

13.   Motion to Provide Funds for the Purpose of Securing Expert Witnesses

14.   Motion to Reveal Mitigation Charge

15.   Motion to Declare Tex. Code Crim. Proc. Ann. Art. 37.071 Unconstitutional as Applied

16.   Motion to Declare Tex. Code Crim. Proc. Ann. Art. 37.071 Unconstitutional

17.   Defendant's Motion Regarding Victim Character/Impact Testimony After Mosley vs. State

18.   Motion to Allow the Defense to Close Arguments on Mitigation

19.   Motion to Preclude Prosecution From Seeking the Death Penalty

20.   Motion to Require the State to Reveal Agreements/Understandings

21.   Motion to Hold Unconstitutional V.A.C.C.P. Article 37.071 Sec. 2(e) and (f) - Burden of Proof

000209

22.   Motion to Allow Incarcerated Defendant Access to a Hot Meal

23.   Motion to Allow Additional Motions

24.   Motion to Introduce the Testimony of Defendant's Family and Friends Regarding Their Feelings on the Prospect of a Death Sentence and the Impact an Execution Would Have on Them

25.   Motion to Hold Unconstitutional Tex. C. Crim. P. Article 37.071 2(e) and (f) - Failure to Require Mitigation to be Considered

26.   Motion to Declare Article 37.071(3)(e)(1) Unconstitutional

27.   Motion to Declare V.A.C.C.P. 37.071 Unconstitutional and for Other Relief

000211

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S ELECTION OF PUNISHMENT IN JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant in the above cause, at the time of entering a

plea of Not Guilty herein in open Court, and requests that the Jury assess the punishment herein in

the event that a verdict of guilty is returned by the Jury.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

_____

WESLEY RUIZ
DEFENDANT

**DEFENDANT'S ELECTION OF PUNISHMENT IN JURY TRIAL** - Page Solo

000212

2

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PRECLUDE THE DEATH
## PENALTY AS A SENTENCING OPTION

COMES NOW the Defendant, by counsel, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 and Tex. C. Crim. Proc. Articles 1.05, 1.06 and 1.09 and Rule 404(b) of the Texas Rules of Evidence and move the Court to preclude the death penalty as a sentencing option and in support thereof would show the court the following:

1. The Defendant has been indicted by the county grand jury for capital murder.

2. The State is seeking the death penalty.

3. Tex.C.Crim. P. 37.071 fails to provide a method by which the state determines the death worthiness of the Defendant. This failure eliminates rationality and consistency in the decision to seek death and violates the Defendant's right to due process as set out in the 14th Amendment to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

4. The decision as to which defendant is to be subjected to the death penalty varies from county to county. There are likely 254 different methods in determining which cases shall be prosecuted as capital cases. Often the decision can turn on the county's willingness to fund the defense. When a court orders a statewide remedy, there must be at least some assurance that the rudimentary requirements

000214

of equal treatment and fundamental fairness are satisfied. *Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). This recent decision of the United States Supreme Court involved varying standards used to count votes in a presidential election. Certainly the life of a citizen deserves equal consideration and protection.

5.   The 14th Amendment to the United States Constitution assures each citizen's equal protection under the law. The Texas system for capital prosecution denies this equal protection to this Defendant. Pursuant to Tex.C.Crim.P. Art. 104.004, the criminal justice division of the governor's office may distribute money appropriated by the legislature for the extraordinary costs of investigation or prosecution of an offense under Section 19.03 of the Texas Penal Code (Capital Murder). The county is not eligible for reimbursement for costs of the defense of one who is charged with an offense under Section 19.03. This Defendant is denied equal protection under the laws of the State of Texas.

6.   The maximum penalty for the offense of capital murder is life in prison without the possibility of parole for 40 years. Texas Penal Code 12.31. It is only when the state seeks the death penalty that the prescribed statutory maximum can be exceeded and then only if the finder of fact concludes,  beyond a reasonable doubt, that "there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex. C. Crim. P. 37.071(2)(b)(1).

7.   A fact ("future dangerousness") that increases the penalty for a crime beyond the prescribed statutory maximum(LWOP increased to death) must be alleged in the

00215

indictment and proved to the jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). The Texas legislature has created two offenses, one is a Capital Felony where the state seeks death and a Capital Felony where the state does not seek death, Texas Penal Code Section 12.31(a). Evidence of the Defendant's future dangerousness must be presented to the grand jury, and alleged in the indictment, if such dangerousness is found to be true by the grand jurors. If the indictment does not make the proper allegation, then the Court does not have jurisdiction to prosecute the Defendant for anything other than a non-death capital felony and death should be precluded as a sentencing option.

Wherefore premises considered, Movant prays that relief be granted as prayed for herein.

Respectfully submitted,

_signature_

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

_signature_

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION - Page 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served

upon the Dallas County District Attorney's Office on this the___ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ___ day of _____, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action

of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

000217

3

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION (DENIAL OF EQUAL PROTECTION)

COMES NOW, WESLEY RUIZ, the Defendant, by counsel, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution, Article 1, Sections 3, 10, 13, 19 and 29 and Tex. C. Crim. Proc. Articles 1.05, 1.06 and 1.09 and Rule 404(b) of the Texas Rules of Evidence and move the Court to preclude the death penalty as a sentencing option and in support thereof would show the court the following:

1.  The Defendant has been indicted by the county grand jury for capital murder.

2.  The State is seeking the death penalty.

3.  Tex.C. Crim. P. 37.071 fails to provide a method by which a mechanism whereby the state determines the death worthiness of the Defendant. This failure eliminates rationality and consistency in the decision to seek death and violates the Defendant's right to due process as set out in the 14th Amendment to the United States Constitution and Article 1, Section 19 of the Texas Constitution.

4.  The decision as to which defendant is to be subjected to the death penalty varies from county to county. There are likely 254 different methods in determining which cases shall be prosecuted as capital cases. Often the decision can turn on the county's willingness to fund the defense. In many counties of the state it is unlikely that a 72 year old man who claimed that he did not intend to shoot a

**MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION** - Page 1

police officer and who, following the shooting, summoned help for the officer would face the death penalty. When a court orders a statewide remedy, there must be at least some assurance that the rudimentary requirements of equal treatment and fundamental fairness are satisfied. *Bush v. Gore*, 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000). This recent decision of the United States Supreme Court involved varying standards used to count votes in a presidential election. Certainly the life of a citizen deserves equal consideration.

5.    The 14th Amendment to the United States Constitution assures each citizen's equal protection under the law. The Texas system for capital prosecution denies this equal protection to this Defendant. Pursuant to Tex.C.Crim.P. Art. 104.004, the criminal justice division of the governor's office may distribute money appropriate by the legislature for the extraordinary costs of investigation or prosecution of an offense under Section 19.03 of the Texas Penal Code (Capital Murder). The county is not eligible for reimbursement for costs of the defense of one who is charged with an offense under Section 19.03. This Defendant is denied equal protection under the laws of the State of Texas.

6.    The maximum penalty for the offense of capital murder is life in prison without the possibility of parole for 40 years. Texas Penal Code 12.31. It is only when the state seeks the death penalty that the prescribed statutory maximum can be exceeded and then only if the finder of fact concludes, beyond a reasonable doubt, that "there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex. C. Crim. P.

<u>MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION</u> - Page 2

37.071(2)(b)(1).

7.　　A fact that increases the penalty for a crime beyond the prescribed statutory maximum must be alleged in the indictment and proved to the jury beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000). Evidence of the Defendant's future dangerousness must be presented to the grand jury and alleged in the indictment, if such dangerousness is found to be true by the grand jurors.　　The indictment returned against this Defendant fails to make this allegation and the death penalty should be precluded as a sentencing option.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION - Page 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the __19__ day of __December__, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED) to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

MOTION TO PRECLUDE THE DEATH PENALTY AS A SENTENCING OPTION - Page 4

4

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR A HEARING TO TEST QUALIFICATION OF
## THE PROSECUTION'S CHARACTER AND REPUTATION WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record, and prior to the testimony of the character witness to be presented by the prosecution in its attempt to impeach the Defendant's character and reputation, moves the Court to allow him a hearing out of the presence of the jury to test the qualifications of the prosecution's character witnesses to express their opinion as to the Defendant's reputation before such witnesses testify before the jury at the guilt or punishment stage on the issue of the Defendant's character and reputation, and support of this motion, the Defendant would show unto the Court as follows:

I.

The Defendant believes that when the Defendant places his character in issue, the prosecution will offer the testimony as to the reputation of the Defendant.

II.

The Defendant believes that the prosecution will offer testimony as to the reputation of the Defendant at the hearing on punishment.

III.

If reputation witnesses of the prosecution are permitted to first give their opinion as to the

**MOTION FOR A HEARING TO TEST QUALIFICATIONS OF THE
PROSECUTION'S CHARACTER AND REPUTATION WITNESSES** - Page 1

000224

reputation of the Defendant before the jury, and it is then determined on cross-examination that such witnesses were not qualified to render such opinion, the harm and prejudice to the Defendant could not be cured by an instruction to disregard.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that prior to the testimony of such witnesses, the Court grant a hearing outside the presence of the jury wherein the Defendant will be permitted to test the qualification of the prosecution's witnesses before such witnesses testify as to the Defendant's reputation.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION FOR A HEARING TO TEST QUALIFICATIONS OF THE PROSECUTION'S CHARACTER AND REPUTATION WITNESSES** - Page 2

000225

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the _____ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION FOR A HEARING TO TEST QUALIFICATIONS OF THE PROSECUTION'S CHARACTER AND REPUTATION WITNESSES** - Page 3

000226

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PRESERVE AND MAKE AVAILABLE WITNESS STATEMENTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that the Court require prosecution to preserve and have available at the time of trial all prior statements made or adopted by a witness for the State of all writings used by a witness for the State to refresh memory for the following good and sufficient reasons:

1.    An adverse party has an absolute right to review any writing a witness uses to refresh his memory for the purpose of testifying either while testifying or before testifying. TEX. R. CRIM. EVID. 611.

2.    Upon motion of a party who did not call the witness the Court must order the attorney for the other party to produce for examination and use any statement of the witness or adopted by the witness that relates to the subject matter concerning which the witness has testified.  TEX. R. CRIM. EVID. 614.

3.    If the matters referred to  herein are not preserved and available at the time of trial the Defendant would be forced to move for a recess sufficient in length of time to permit obtaining of the matter so as to invoke the right guaranteed him by the referred to rules of evidence and to assure him of the right to the effective assistance of counsel and the right to confront the witnesses against him.

__MOTION TO PRESERVE AND MAKE AVAILABLE WITNESS STATEMENTS__ - Page 1

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court grant this Motion.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

<u>MOTION TO PRESERVE AND MAKE AVAILABLE WITNESS STATEMENTS</u> - Page 2

<u>O R D E R</u>

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

000230

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DEFINE MITIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully requests this Honorable Court provide defense counsel prior to the commencement of voir dire with a definition of mitigation to be used in conducting the voir dire. In support of said motion the Defendant would show the Court as follows:

I.

It is anticipated that the Defendant will offer at the penalty stage of this trial evidence in mitigation of the imposition of the death penalty. It is therefore essential that the jury be questioned during voir dire process with regard to its opinion about mitigation. Since the term "mitigation" is not defined in Texas law the Defendant must speculate as to the manner in which the Court will provide this information to the jury in its written instructions at the penalty phase. In order to properly conduct voir dire it is necessary for the Defendant at this time to be made aware of the Court's intended definition of the word mitigation as it relates to the personal moral culpability of the Defendant and his actions as related to the pending matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays this Honorable Court provide a definition of the "mitigation" to be utilized by the defense in the conducting of the voir dire in this case in order to properly exercise challenges for cause or exercise peremptory challenges.

## MOTION TO DEFINE MITIGATION - Page 1

000232

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of ___December___, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO DEFINE MITIGATION** - Page 2

000233

000234

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION FOR THE APPOINTMENT OF AN INVESTIGATOR

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant, by and through his attorneys of record, PAUL BRAUCHLE and WM. E. "KARO" JOHNSON, and respectfully moves the Court to provide for expenses of investigation pursuant to Article 26.05(1)(d), and in support thereof would show the Court the following:

I.

That the Defendant is charged with capital murder. Defendant is indigent and without funds to make his own arrangements for the retaining of a private investigator or any type of expert witness.

II.

That in order to properly prepare this case, defense counsel will be required to hire a private investigator to interview numerous witnesses on the Defendant's behalf and thoroughly investigate the entire case on behalf of the Defendant.

III.

That due to the serious nature of this offense, it is imperative that defense counsel have available a reasonable amount of money to secure the services of a private investigator or, in the alternative, to have the assurance of this Court that such reasonable expenses incurred by defense counsel for such private investigator will be reimbursed by the Court.

**MOTION FOR APPOINTMENT OF AN INVESTIGATOR** - Page 1

000235

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court authorize reasonable expenses for investigative services on behalf of the Defendant.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED, to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

<u>MOTION FOR APPOINTMENT OF AN INVESTIGATOR</u> - Page 2

000236

8

000237

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO SHUFFLE JURORS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, the Defendant in the above entitled and numbered cause by and through his Attorneys of Record and moves the Court pursuant to Article 35.11 C.C.P. as follows:

I.

That the Court cause the names of all persons sent from the central jury room for service as prospective jurors in this cause to be placed in a receptacle and well-shaken and to draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try this case and further that the Court issue or cause to be issued an order to the jury shepherd or clerk of the Court to the effect that the names selected from said receptacle shall be listed on the jury list from which the jury to try the above entitled and numbered cause will be selected in the order drawn from said receptacle.

WHEREFORE, PREMISES CONSIDERED, the Defendant Prays that the foregoing Motion be granted.

MOTION TO SHUFFLE JURORS - Page 1

000238

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon

the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby (GRANTED) (DENIED, to which

action of the Court the Defendant excepts).

_____
JUDGE PRESIDING

Withdrawn
by Defense

**MOTION TO SHUFFLE JURORS** - Page 2

000239

000240

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S MOTION THAT THE
## COURT REPORTER RECORD ALL PROCEEDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, the Defendant in the above styled and numbered cause and moves the Court to order the official Court Reporter of this Honorable Court to take an entire transcript of the questions and answers propounded to the Jurors during voir dire examination and any bench conferences held out of hearing of veniremen and, further, to take the explanation of the Court to the Jury of Principles of law involved in this case, whereby an accurate record may be maintained of exactly what transpires on voir dire examination of the Jury.

The Defendant further moves the Court to order the Court Reporter to take the full and complete set of arguments of counsel, both for the State and the Defendant.

Defendant further moves that the Court order the Court Reporter to take any and all hearings, whether evidence is produced on said hearing or not, or on the consideration of any Motions filed, in order that a complete and full record may be had on any and all of the rulings and evidence and/or arguments which may be had on said Motions including any bench conferences held out of the hearing of the Jury.

WHEREFORE, PREMISES CONSIDERED, Defendant moves the Court to order the Court Reporter to take down the above requested portions of the trial.

**DEFENDANT'S MOTION COURT REPORTER RECORD ALL PROCEEDINGS** - Page 1

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000


WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County Attorney's Office on this the _____ day of December, 2007.


PAUL BRAUCHLE


## O R D E R

On this _____ day of _____, 2007, the foregoing Motion having been presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts).


JUDGE PRESIDING


**DEFENDANT'S MOTION COURT REPORTER RECORD ALL PROCEEDINGS** - Page 2

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S MOTION FOR DISCLOSURE OF SPECIFIC IMPEACHMENT AND EXCULPATORY INFORMATION

NOW COMES, the Defendant by and through his attorney, and pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1982), and asks the Court to enter an order directing the state to disclose any and all exculpatory or impeachment information with respect to any prospective state witnesses including:

1.     Any and all documents, statements, officer's reports, and tangible evidence favorable to the defendant on the issue of guilt;

2.     Any and all documents, statements, officer's reports, and tangible evidence which affects the credibility of a prospective state witness or the state's case;

3.     Any and all information concerning any informants or cooperating witnesses involved in the case;

4.     Any and all evidence that a prospective state witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony;

5.     Any and all evidence that a prospective state witness has engaged in any criminal act, whether or not resulting in criminal conviction;

6.     Any and all evidence that a prospective state witness is under investigation by any federal, state, or local government authority;

DEFENDANT'S MOTION FOR DISCLOSURE OF SPECIFIC
IMPEACHMENT AND EXCULPATORY INFORMATION -  Page 1

000244

7.      Any and all evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective state witness's ability to perceive, remember, communicate, or tell the truth is impaired;

8.      Any and all evidence that a prospective state witness has ever used narcotics or other controlled substances, or has ever been an alcoholic;

9.      Any all names of any witnesses who made an arguably favorable statement about the defendant and the substance of the statement;

10.      Any and all statements by state witnesses pursuant to Rule 614 of the Texas Rules of Evidence; and

11.      Any and all statement express or implied, made to any state witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any state witnesses.

Respectfully submitted,

_____
PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

_____
WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

DEFENDANT'S MOTION FOR DISCLOSURE OF SPECIFIC
IMPEACHMENT AND EXCULPATORY INFORMATION - Page 2

000245

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Motion has been served upon the District Attorney of Dallas County on this the ___ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this ___ 19 ___ day of ___ December ___, 2007, the foregoing Motion having been timely presented and heard by the Court, the same is hereby (GRANTED) (DENIED) to which action of the Court the Defendant excepts).

_____
JUDGE PRESIDING

Brady & (Exculpatory)

**DEFENDANT'S MOTION FOR DISCLOSURE OF SPECIFIC IMPEACHMENT AND EXCULPATORY INFORMATION** - Page 3

000246

000247

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO LIST EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, the Defendant, WESLEY RUIZ, by and through his attorneys of record, and files this Motion to List Expert Witnesses, and in support thereof would show the Court the following:

I.

Pursuant to Article 39.14 of the Code of Criminal Procedure, the Defendant requests the Court to order the State to provide the names, addresses and telephone numbers of all experts who prepared reports and/or conducted scientific tests, experiments, comparison, or examinations in this cause.

II.

The names of the expert witnesses that the attorneys for the State will call in their case in chief are in the exclusive possession of the State and/or it's attorneys. The Defendant is entitled to the disclosure of such witnesses by the State because such information is necessary to reasonably prepare for trial in this cause. Such disclosure should be made prior to the voir dire examination of the jury panel, because without the information the Defendant will be unable to select a fair and impartial jury, and thus will be denied a fair trial.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Motion be in all things granted.

**MOTION TO LIST EXPERT WITNESSES** - Page 1

000248

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on the Assistant District Attorney of Dallas County, Texas on this the ____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On the __19__ day of __December__, 2007, came on to be heard Defendant's Motion to List Expert Witnesses and the Court finds said Motion should be (GRANTED/DENIED).

Such information is ordered disclosed no later than the __15__ day of __February__, 200__8__.

SIGNED this __19__ day of __December__, 2007.

JUDGE PRESIDING

**MOTION TO LIST EXPERT WITNESSES** - Page 2

000249

12

000250

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION IN LIMINE - EXTRANEOUS OFFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, WESLEY RUIZ, Defendant, in the above styled and numbered cause, and moves this Honorable Court to instruct the Assistant District Attorney not to adduce any evidence of extraneous offenses committed by the Defendant until the admissibility of such evidence is established in a hearing before the Court outside the presence and hearing of the jury. Unless admissible under one of the exceptions to the general rule prohibiting admission of evidence of extraneous offenses, such evidence tends to confuse the issues in this case, forces Defendant to defend himself against charges which he has not been notified would be brought against him, and is inherently prejudicial.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Motion be granted.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

MOTION IN LIMINE - EXTRANEOUS OFFENSES - Page 1

000251

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon the Dallas County District Attorney's Office, on this the ____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this ____ day of _____, 2007, the foregoing Motion having been timely presented and heard by the Court, the same is hereby (GRANTED) (DENIED, to which action of the Court the Defendant excepts).

JUDGE PRESIDING

**MOTION IN LIMINE - EXTRANEOUS OFFENSES** - Page 2

000252

13

000253

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PROVIDE FUNDS FOR THE PURPOSE
## OF SECURING EXPERT WITNESSES

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Defendant by and through his attorneys of record and respectfully requests that this Honorable Court provide to defense counsel sufficient funds to retain various experts in the preparation of the defense both at the guilt and innocence phase and the punishment phase. In support of said motion the Defendant would show the Court as follows:

I.

It is provided in TEX. CODE CRIM. PROC. ANN. art. 26.05 that counsel appointed to represent a Defendant in a criminal proceeding "shall be reimbursed for reasonable expenses incurred with prior court approval for purposes of investigation and expert testimony". It would appear from the clear terminology of this statute that defense counsel is required to personally advance funds in an appointed case in order to retain experts.

II.

In the pending cause the Defendant is accused of the offense of capital murder. It is therefore necessary to present as full and complete a defense as possible. In that regard the Defendant has presented the Court with a motion to appoint experts in the field of toxicology, drug abuse, a psychologist, a psychiatrist, police training, an expert on the Texas Department of Corrections, an expert on the parole process and a neurologist. In order to properly retain the services of this many

MOTION TO PROVIDE FUNDS FOR THE PURPOSE OF SECURING EXPERT WITNESSES - Page 1

000254

experts for investigation and subsequent testimony defense counsel would be required to advance literally thousands of dollars out of their own pocket and seek subsequent reimbursement from the trial court. Defense counsel are unable financially to undergo this heavy burden with regard to defense of their client.

It is therefore respectfully requested that this Honorable Court provide to defense counsel a fund to be utilized for the purpose of retaining the services of experts for investigation and subsequent testimony. Defense counsel will of course provide the trial court with a full accounting of the expenditure of funds and will agree to any reasonable terms with regard to the disbursement of funds so that the Court will be assured that the funds are utilized for the purposes requested.

WHEREFORE , PREMISES CONSIDERED, the Defendant respectfully moves this Honorable Court provide to the defense sufficient funds in advance of trial to obtain the services of expert witnesses for purposes of investigation and subsequent testimony. To deny this motion would deny the Defendant the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and the due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

Respectfully submitted,

_____

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of __December__ 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

MOTION TO PROVIDE FUNDS FOR THE PURPOSE OF SECURING EXPERT WITNESSES - Page 3

14

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO REVEAL MITIGATION CHARGE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorneys of record and respectfully moves that this Honorable Court provide the Defendant with a proposed mitigation charge in line with the decision of the United States Supreme Court in <u>Penry vs. Lynaugh</u>, 492 U.S. 302 (87-6177, June 26, 1989). In support of said motion the Defendant would show the Court as follows:

I.

The Defendant in good faith herein advises the Court that he believes that during the punishment stage of this trial for the offense of capital murder he will be able to offer evidence in mitigation which has relevance beyond the parameters of the special issues contained in TEX. CODE CRIM. PROC. ANN. art 37.071. In <u>Penry vs. Lynaugh,</u> Supra. the United States Supreme Court held that although the Texas death penalty scheme is not unconstitutional per se, it may, depending upon the circumstances become unconstitutional as applied. In that case the Court held that evidence of a mitigating nature was presented which had relevance beyond the parameters of the special issues contained in TEX. CODE CRIM. PROC. ANN. art 37.071 and that therefore that the Texas capital murder scheme was applied to <u>Penry</u> in violation of the Eighth and Fourteenth Amendments because the Court's charge to the jury did not permit a "discretionary grant of mercy based upon the existence of mitigating circumstances."

## MOTION TO REVEAL MITIGATION CHARGE - Page 1

II.

Since the decision of the United States Supreme Court in <u>Penry</u>, the Texas Legislature has met in several sessions but has failed to address the problems and issues created by the decision of the Supreme Court in that case. The Court of Criminal Appeals has had numerous opportunities to address the problem raised in <u>Penry</u> and has failed to do so in any written opinion. Therefore the Defendant and his counsel are unable to look to any statutes or decisions of the Court of Criminal Appeals which explain how the issue of mitigation of punishment will be submitted to the jury at the penalty phase. At this point in time, prior to the commencement of voir dire, defense counsel can only speculate as to the manner in which the Court will attempt to address the "<u>Penry</u>" problem at the time of the delivery of the instructions to the jury at the punishment stage. Counsel is therefore prevented form being able to adequately voir dire the prospective jurors since he cannot accurately determine how the Court will attempt to resolve the problem.

III.

The Defendant will be deprived of the effect of assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments of the Constitution of the United States as well as the due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States if he is not provided in advance of the commencement of voir dire with the proposed mitigation instructions from the trial court to be utilized for purposes of voir dire in determining whether to exercise a challenge for cause or to exercise a peremptory challenge.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays this Honorable Court present him prior to the commencement of voir dire with a proposed mitigation charge.

**MOTION TO REVEAL MITIGATION CHARGE** - Page 2

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ___ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO REVEAL MITIGATION CHARGE** - Page 3

000260

000261

15

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL AS APPLIED

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant by and through his attorneys of record and respectfully moves this Honorable Court to declare TEX. CODE CRIM. PROC. ANN art. 37.071 unconstitutional as applied for the following good and sufficient reasons:

I.

The Texas statutory scheme for the infliction of the death penalty is encompassed by the provisions of TEX. CODE CRIM. PROC. ANN. art. 37.071. It is provided therein that if the jury should determine that the individual committed the offense of murder while acting deliberately, was a person who could likely pose a danger in the future, and/or acted unreasonable in response to any provocation by the victim, that a sentence of death must be ordered. This system has been upheld as constitutional by the United States Supreme Court in Jurek vs. Texas, 428 U.S. 262 (1976). However, in Penry vs. Texas, 492 U.S. 302 (June 26, 1989) the United States Supreme Court held that this statutory scheme may become unconstitutional as applied if the Defendant offers mitigating evidence about his background or character or the circumstances of the crime that are not relevant to the special verdict questions or have relevance to the Defendant's moral culpability beyond the scope of the special verdicts.

000282

II.

It is mandatory that a trial court take judicial notice if requested by a party and supplied with the necessary information. TEX. RULE CRIM. EV. 201(d). Judicial notice may be taken at any stage of the proceeding. TEX. RULE CRIM. EV. 201(f). The trial court may judicially note a fact that is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX RULE CRIM. EV. 201(b). In the pending cause the Defendant will show the Court indisputable evidence that the Defendant was at the time of the commission of the offense 27 years of age. The Defendant herein respectfully requests that this Honorable Court judicially note such fact for purposes of ruling on this motion.

III.

In Graham vs. Collins, 896 F.2d 393 (CA5 8-2168, March 7, 1990) the Court of Appeals held that the trial court's failure to instruct the jury that it could consider the Defendant's age outside the context of the special issues in determining penalty required that the death sentence imposed be set aside. The Court interpreted Penry to mean that where a Defendant supplied evidence regarding his character, background, or the circumstances of the crime relevant to personal culpability beyond the scope of the statutory questions the jury must receive instructions that enable it to give full mitigating effect to that evidence. The Court held that, as a matter of law, evidence of the Defendant's youth was just such a matter. The Court further held that age certainly bears on the issue of moral culpability, yet neither of the special questions posed in threat case adequately took such into account. The undisputed evidence in the pending cause will establish that the Defendant was 27 years of age at the time of the alleged commission of the offense, thus, the Defendant can and will present to the jury at the punishment phase of this trial evidence of his youth in mitigating of

MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL AS APPLIED - Page 2

000263

infliction of the death penalty as that relates to his personal moral culpability.

## IV.

The exclusive methodology for submission to the jury of special issues with regard to infliction of the death penalty are contained in TEX. CODE CRIM. PROC. ANN. art 37.071. This Honorable Court, as a trial court, can do no more than follow the law as it currently exists in the State of Texas. Therefore, the trial court is precluded in proving any instructions with regard to mitigating evidence which would permit the jury to make a moral reasoned response to the age of the Defendant with regard to the determination of whether to inflict the death penalty. The trial courts of this state may enforce and interpret existing law, but may not create new laws. For the trial court to create a scheme that would permit the jury to respond to the Defendant's mitigating evidence would contradict the current status of the law. Since the trial court may not adequately provide in the instructions to the jury at the punishment stage a mitigating charge which would permit the jury to respond to the evidence of the Defendant's youth in the determination of whether to inflict the death penalty, the court would be constrained to submit only those issues contained in TEX. CODE. CRIM. PROC. ANN. art. 37.071. Thus, as applied to the Defendant in the ending cause, the Texas statutory scheme with regard to the infliction of the death penalty does not permit the proper presentation to the jury of a mitigation instruction on a matter which has been determined to be mitigating as a matter of law. Therefore as applied to the Defendant in the pending cause, the Texas statutory scheme with regard to the death penalty is unconstitutional as applied. The trial court should therefore declare such statute to be unconstitutional as applied to the Defendant and prohibit the State from seeking the death penalty in the cause.

000264

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Honorable Court declare TEX. CODE CRI. PROC. ANN art 37.071 unconstitutional as applied to the Defendant.

Respectfully submitted

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
Bar Card No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

000265

**O R D E R**

On this the _____ day of _____, 2007, the foregoing Motion

having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which

action of the Court the Defendant excepts.)

_____

JUDGE PRESIDING

MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL AS APPLIED - Page 5

000266

16

000267

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant by and through his attorney of record and respectfully moves this Honorable Court to declare TEX. CODE CRIM. PROC. ANN. art. 37.071 unconstitutional and in support of same would show the Court as follows:

I.

Certain forms of murder are denominated capital offenses in the various provisions of TEX. PENAL CODE ANN. sec. 19.03. However, the determination of whether or not to impose the death penalty is governed by the provisions of TEX. CODE CRIM. PROC. ANN. art. 37.071. It is this portion of the statutory authority wherein the State of Texas provides the mechanism for the infliction of the death penalty. It is the Defendant's position that as interpreted this statute is unconstitutional. In support of said motion the Defendant would show the Court as follows:

II.

The current Texas statutory scheme is unconstitutional and in violation of the Eighth and Fourteenth Amendments to the Constitution of United States prohibiting the infliction of cruel and unusual punishment. As construed, the statutory scheme permits the over broad and unbridled discretion on the part of the representatives of the State in determining whether to seek and subsequently obtain the death penalty. There is nothing in the Texas statutory scheme which

**MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL** - Page 1

000268

properly narrows the scope of those crimes and those actions which should be subject to the infliction of the death penalty. The overlay broad and discretionary statutory scheme as adopted violates the infliction of a cruel and unusual punishment.

III.

The current validity of the Texas death penalty statute was upheld against an Eight and Fourteenth Amendment challenge in Hurek vs. Texas, 428 U.S. 262 (1976). However, the basis for the ruling by the United States Supreme Court was the assurance in Jurek that the special issues would be interpreted broadly enough to permit the sentencing authority to consider all the relevant mitigating evidence the Defendant might present to prevent the imposition of the death sentence. However, since that decision of the United States Supreme Court the Court of Criminal Appeals has had numerous opportunities to interpret the statutory scheme and has failed to provide any definitions of relevant words, terms and phrases which would broaden the effect of the special issues so as to permit the introduction and subsequent use by the jury of mitigating evidence. For example, the Court of Criminal Appeals has refused to define the following words, terms and phrases: "deliberately", "reasonable expectation that death will result", "probability", "criminal acts of violence", "society" and "continuing threat to society". Thus, the premise upon which Jurek was decided, that the Court of Criminal Appeals would expand by interpretation the definition of these relevant terms, words and phrases, has not been fulfilled. Therefore as currently construed, the Texas death penalty scheme is unconstitutional and in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States. The United States Supreme Court recognized in Penry vs. Texas, 492 U.S. 302 (June 26, 1989) that certain types of mitigating evidence were beyond the parameters of the statutory scheme as construed in Texas and therefore the statute was

**MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL** - Page 2

unconstitutional as applied.

IV.

The Defendant further maintains the TEX. CODE CRIM. PROC. ANN art. 37.071 is unconstitutional because it does not provide for the introduction and subsequent use by the jury of mitigating evidence which is not relevant or material to the special issues. There is no provision in Texas for the jury to decide the appropriateness of the death penalty taking into consideration the personal moral culpability of the Defendant balanced by mitigating evidence which is not directly or circumstantially probative in answering the special issues. There is no provision in the current statutory scheme for the jury to render its verdict that the death penalty should not be inflicted because of mitigating evidence of this type.

V.

The current statutory scheme provides that the jury may not answer any of the special issues submitted yes unless it believes the State has proven such special issues "beyond a reasonable doubt". However, there is no statutory definition nor has the Court of Criminal Appeals ever provided a definition for this legal phrase. Therefore, the jury is left without guidance as to the standard of proof which should be utilized in resolving the issues before them. Such a circumstance deprives the Defendant in a capital murder case of the right to a fair trial and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

VI.

It is provided in the Texas statutory scheme with regard to capital murder that if the jury returns a negative answer to any special issues submitted to them that the sentence which shall be imposed is confinement in the Texas Department of Criminal Justice - Institutional Division for life.

**MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL** - Page 3

000270

While "death" has an obvious meaning, the phrase "life in the Texas Department of Criminal Justice - Institutional Division" and the circumstances of such sentence are extremely vague and subject to common misunderstanding and speculation by jurors. The effect of the jurors common knowledge of the existence of the parole law on a life sentence uninstructed or limited be TEX. CODE CRIM. PROC. ANN art. 37.071 sec 4(d) results in a sentencing procedure of unbridled discretion influenced by speculation and wholly arbitrary and capricious imposition of the death penalty.

VII.

The Defendant further maintains that TEX. CODE RIM. PROC. ANN art. 37.071 is unconstitutional because it fails to provide a methodology by which the jury may consider and give effect to in a constitutionally meaningful way any and all mitigating evidence as such evidence is relevant and material in answering special issues or determining appropriateness of imposing the death sentence. There is currently under Texas law no definition provided of "mitigating evidence" or mandated instructions as to what constituted "mitigating evidence". Further, there is no instruction mandated by TEX. CODE CRIM. PROC. ANN. art 37.071 or any other article in the Code of Criminal Procedure or the Texas Penal Code informing the jury on how to apply evidence of mitigating in answering the special issues. Thus, the referred to article is objectionable to the Defendant because it does not provide for jury instructions on the burden of proving mitigating evidence to the jury, what a jury must do with mitigating evidence if it is proven or not disproved to their satisfaction during deliberations, or what standards are to be utilized in considering such evidence outside and apart from the special issues currently contained in TEX. CODE CRIM. PROC. ANN art. 37.071. The current special issues presented in the Texas sentencing scheme fail to fully address issues concerning the character and background of the accused and the circumstances of the

MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL - Page 4

crime which denies and deprives the Defendant of the right to use evidence from experts or laymen regarding the applicability of the special issues to the Defendant and his circumstances.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that his Honorable Court declare TEX. CODE CRIM. PRO. ANN art 37.071 unconstitutional.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL - Page 5

000272

## O R D E R

On this the 19 day of _December_, 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the

Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO DECLARE TEX. CODE CRIM. PROC. ANN. ART. 37.071 UNCONSTITUTIONAL** - Page 6

000273

17

000274

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## DEFENDANT'S MOTION REGARDING VICTIM CHARACTER/IMPACT TESTIMONY AFTER MOSLEY VS. STATE

COMES NOW, WESLEY RUIZ by and through his attorneys of record, and files this his

Motion Regarding Victim Character/Impact Testimony After *Mosley v. State* and as grounds therefor

would show the following:

1.    The Court of Criminal Appeals has recently issued a significant opinion on the issue

of victim impact and character evidence. In that opinion, written by Judge Keller, the

Court informs us that:

> "Our jurisprudence in this area has been somewhat
> inconsistent and confusing at times.   We take this
> opportunity to announce a consistent, if not always clear-cut
> rule to be followed in future cases: Both victim impact and
> victim character evidence are admissible, in the context of
> the mitigation special issue, to show the uniqueness of the
> victim, the harm caused by the Defendant, and as rebuttal to
> the Defendant's mitigating evidence.   Rule 403 limits the
> admissibility of such evidence when the evidence
> predominantly encourages comparisons based upon the
> greater or lesser worth or morality of the victim.   When the
> focus of the evidence shifts from humanizing the victim and
> illustrating the harm caused by the Defendant to measuring
> the worth of the victim compared to other members of
> society then the State exceeds the bounds of permissible
> testimony.   We recognize that this standard does not draw a
> bright and easy line for determining when evidence
> concerning the victim is admissible and when it is not.   Trial
> judges should exercise their sound discretion in permitting
> some evidence about the victim's character and the impact
> on others' lives while limiting the amount and scope of such

DEFENDANT'S MOTION REGARDING VICTIM CHARACTER/IMPACT TESTIMONY - Page 1

000275

testimony. Considerations in determining whether testimony should be excluded under Rule 403 should include the nature of the testimony, the relationship between the witness and the victim, the amount of testimony to be introduced, and the availability of other testimony relating to victim impact and character. And, mitigating evidence introduced by the Defendant may also be considered in evaluating whether the State may subsequently offer victim-related testimony" *Mosley* 983 S.W.2d 249 (Tex. Cr. App.1998)

2.    VICTIMS DEFINED BY INDICTMENT

There are several things this opinion does not do. It does not broaden the right of the State to include victim impact or character evidence about people not named in the indictment. Only those named in the indictment are properly considered as "victims." *See Cantu v. State* 939 S.W.2nd 627 (Tex.Cr.App. 1997).

3.    DISCOVERY AND HEARING NECESSARY

Counsel requests that the State be required to detail, in writing, exactly which witness will testify and the substance of the testimony regarding victim impact. Counsel further requests that the Court conduct a pretrial hearing to evaluate each witness's testimony and demeanor. Only with this pretrial disclosure and hearing can the Court properly engage in the balancing test now required by the Court of Criminal Appeals, and only in that manner can Counsel render effective assistance in deciding whether to waive submission of the mitigation special issue to prevent the State's introducing the victim testimony.

4.    *BRADY* IMPLICATED

If the State attempts to offer victim impact or character evidence to create a sympathetic picture of the victims, the State is also obligated to disclose, and indeed

to discover, any information which is to the contrary. The "anti-victim impact" evidence sought includes conviction and arrest records, problems in school, work or family, and any other character related information which, in fairness, might rebut the good character or impact evidence as offered by the State. This evidence must be disclosed under *Brady v. Maryland* 373 U.S. 83 (1963).

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that this Motion be in all things sustained.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the ___ day of December, 2007.

PAUL BRAUCHLE

**DEFENDANT'S MOTION REGARDING VICTIM CHARACTER/IMPACT TESTIMONY** - Page 3

000277

## O R D E R

On this the ___19___ day of ___December___ 2007, the foregoing Motion having been

timely presented to the Court, the same is hereby (GRANTED)(DENIED to) which action of the

Court the Defendant excepts.)

JUDGE PRESIDING

DEFENDANT'S MOTION REGARDING VICTIM CHARACTER/IMPACT TESTIMONY - Page 4

18

000279

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO ALLOW THE DEFENSE TO CLOSE
## ARGUMENTS ON MITIGATION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant by and through his attorneys of record and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, sections 3, 10, 13, 15 & 19 of the Texas Constitution, and further pursuant to Tex. R. Crim.P. Art. 28.01 makes this his Motion to Close Arguments on Special Issue #2 (or #3) - Mitigation and as grounds therefor would show the Court the following:

1.  The Defendant has been indicted for capital murder.

2.  The state is seeking the death penalty.

3.  Although there is no mandate for the procedure under Tex. C. Crim P. Art. 37.071, the State is generally permitted to make the concluding argument to the jury. The only justification for this is procedure is the fact that the State has the burden of proof on the "Future Dangerousness" issue and the "Anti-Parties" issue, if applicable.

4.  Tex. C. Crim. P. Art 36.07, "Order or Argument," recognizing that the State does have the burden on guilt/innocence issues, provides that the State's Counsel shall have the right to make the concluding address to the jury. This is presumably

MOTION TO ALLOW THE DEFENSE TO CLOSE ARGUMENTS ON MITIGATION- Page 1

000280

referring to the guilt/innocence phase of the trial, but in any event, this article has no application to the trial of a capital case that is governed by the Art. 37.071.

5.   Art. 36.01 that describes the "Order of Proceeding in Trial" does not specify the order of argument for the punishment phase of the trial.

6.   Art. 37.071 governs the procedure in a capital case. The only reference to order of argument is contained in Art. 37.071(2) which provides:

"The state and the defendant or the defendant's counsel shall be permitted to present argument for or against sentence of death."

This places the argument of defense counsel as the concluding argument.

7.   Allowing the State to conclude the argument in the penalty phase cannot be justified by the rationale that the "State has the burden" on the mitigation issue. Although Art 37.071 (2)(c) does place a burden of "beyond a reasonable doubt" as to the future dangerousness and anti-parties issue, the state has no such burden with respect to the mitigation issue described in Art. 37.071(2) (e)(1). In fact, the burden of proof is impermissibly shifted to the Defendant by the blatantly unlawful language of Art. 37.071(2)(f)(2) that requires at least 10 jurors agree to a "yes" answer to the mitigation issue. This not only shifts the burden back to the Defendant, but it intentionally misleads the jurors as to the ultimate responsibility for the sentence of life or death. Is it one (1) juror that can "hang up" with the resulting life sentence which is the law under Art. 37.071(g) or are 10 jurors required for a life sentence, as they are led to believe? This burden is cemented by the admonition to the defense, and court, that the jury cannot be advised of the

**MOTION TO ALLOW THE DEFENSE TO CLOSE ARGUMENTS ON MITIGATION**- Page 2

result of their failure to agree on an issue.  In other words, they cannot be told that the vote of one juror can result in a life sentence.

8.    The importance of being able to respond to the final arguments of the State, regarding whether or not there is sufficient mitigation in Defendant's case, cannot be overstated.  Defendant's counsel makes this request in order to provide the Defendant with effective assistance of counsel as guaranteed to him by the Sixth and Fourteenth Amendments to the United States Constitution and Articles I, Section 3,10, 15 & 19 of the Texas Constitution.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Motion be SUSTAINED and that he have such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO ALLOW THE DEFENSE TO CLOSE ARGUMENTS ON MITIGATION**- Page 3

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

### O R D E R

On this the __19__ day of __December__, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

MOTION TO ALLOW THE DEFENSE TO CLOSE ARGUMENTS ON MITIGATION- Page 4

000283

19

000284

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO PRECLUDE PROSECUTION
## FROM SEEKING THE DEATH PENALTY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant, by and through his attorneys of record, and files

this his Motion to Preclude Prosecution from Seeking the Death Penalty, and as grounds therefore

would show this Honorable Court as follows:

### A. Background.

In view of the many different capital sentencing schemes that have been in operation in Texas

in the post-*Furman* era[1], the Texas death penalty has been arbitrarily imposed and, thus, is

unconstitutional under the Eighth and Fourteenth Amendments. In order to understand the basis of

this claim, this Court must recognize the large number of discrete capital sentencing schemes that

have been in operation in Texas capital cases since the early 1970's, when the modern death penalty

statutes were enacted in the wake of the Supreme Court's decision in *Furman*.[2] At a capital murder

trial in 1994, a capital defendant's sentencing jury will be instructed pursuant to TEX. CODE CRIM.

---

[1]   *See Furman v. Georgia*, 408 U.S. 238 (1972).

[2]   *See* Michael Kuhn, Note, *House Bill 200: The Legislative Attempt to Reinstate Capital Punishment in Texas*, 11 HOUSTON L. REV. 410 (1974); see also David Crump, *Capital Murder: The Issues in Texas*, 14 HOUSTON L. REV. 531, 532-33 & nn.7-8 (1977); Stephen W. MacNoll, Note, *A Constitutional Analysis of the Texas Death Statute*, 15 AMER. J. CRIM. L. 69, 79-81 (1988).

MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY - Page 1

000285

PRO. Art. 37.071 (Vernon's 1993). As discussed below, this is one of many different capital sentencing schemes in operation in Texas since 1973.

Of the many hundreds of persons sentenced to death in Texas since the "modern" capital sentencing statute was enacted[3], the vast majority were sentenced under jury instructions that simply tracked the unadorned "special issues" contained in the original version TEX. CODE CRIM. PRO. Article 37.071(b) (Vernon's 1989). *See generally* P.M. McClung, JURY CHARGES FOR TEXAS CRIMINAL PRACTICE 75-78 (rev. ed. 1981). After the landmark decision in ***Penry v. Lynaugh***, 492 U.S. 302 (1989), however, the consistency in Texas capital sentencing instructions quickly disappeared, both as a result of legislative action and unsupervised judicial improvising by trial courts. *See generally* Peggy M. Tobolowsky, *What Hath Penry Wrought?: Mitigating Circumstances and the Texas Death Penalty*, 19 AMER. J. CRIM. L. 345 (1992). In 1991, the Texas Legislature enacted an amended, post-*Penry* version of Article 37.071, which modified the "special issue" format. That statute applies to all crimes committed on or after September 1, 1991; under the 1991 version of the statute, the old version of Article 37.071 applied to all crimes committed before September 1, 1991. *See* TEX. CODE CRIM. PRO. Art. 37.071 (Vernon 1992). Again in 1993, the Texas Legislature enacted yet another amended version of Article 37.071. That statute, which

---

[3]  Defendant is aware of no source that collects all of the capital trials that have occurred in Texas since the post-Furman statute was enacted. An informed estimate of that number is approximately 750. See James M. Marquart et al., *Gazing Into the Crystal Ball: Can Jurors Accurately Predict Dangerousness in Capital Cases?*, 23 LAW & SOC. REV. 449 (1989) (as of end of 1988, approximately 600 capital murder trials in Texas at which the State sought the death penalty); Sean Fitzgerald, Note, *Walking a Constitutional Tightrope: Discretion, Guidance, and the Texas Capital Sentencing Scheme*, 28 HOUSTON L. REV. 663 (1991); see also NAACP Legal Defense Fund, *Death Row U.S.A. Reporter, 1976-93* (Texas' death row has grown by approximately 20-50 inmates per year since 1973).

**MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY** - Page 2

became effective September 1, 1993, amended the "special issue" format applicable to all crimes committed before September 1, 1991. *See* TEX. CODE CRIM. PRO. Art. 37.0711 (Vernon 1993).

Roughly speaking, the various types of Texas capital sentencing instructions in the post-*Furman* era can be broken down into seven different categories, although at least two categories contain sub-sets:

(i)     The unadorned "special issues" in the pre-1991 version of Article 37.071. That statute was in effect for all capital murder trials from January 1, 1974 until the date on which *Penry* was decided on June 26, 1989. For capital murders committed before September 1, 1991, it also was in effect for many cases tried from June 26, 1989 until August 30, 1993, when Art. 37.071 was amended (discussed <u>supra</u>).[4]

(ii)    The 1991 amended version of the statute. This version of the sentencing instructions has been applied in all capital murder trials for murders

---

[4]  That statute, in pertinent part, reads as follows:

(b)     On conclusion of the presentation of the evidence, [at the sentencing phase of a capital murder trial] the court shall submit the following three issues to the jury:

(1)     whether the conduct of the defendant that caused the death of the deceased was committed deliberately and with the reasonable expectation that the death of the deceased or another would result;

(2)     whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society; and

(3)     if raised by the evidence, whether the conduct of the defendant in killing the deceased was unreasonable in response to the provocation, if any, by the deceased.

. . . .

(e)     If the jury returns an affirmative finding on each issue submitted under this article, the court shall sentence the defendant to death. . . . .

There have been countless trials at which such instructions were submitted, both before and after *Penry*. *See, e.g., Stewart v. State*, 686 S.W.2d 118, 121-124 (Tex.Crim.App. 1984); *see also State v. McPherson*, 851 S.W.2d 846, 849 & n. 8 (Tex.Crim.App. 1992) (collecting cases).

<u>MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY</u> - Page 3

committed on or after September 1, 1991. This version of the statute is applicable to Defendant's case.[5]

(iii)    The pre-1991 statute with an extra-statutory "*Quinones*"-type instruction.[6] This version of the sentencing instructions was applied at a number of Texas capital murder trials both before and after *Penry* was decided.[7] There have been several versions of this extra-statutory charge, each containing material differences.[8]

---

[5]    Simply put, that amended statute eliminated the "deliberateness" and "provocation" special issues and added two new special issues, one of which was directly in response to *Penry*.

The first new special issue asked:

> [I]n cases in which the jury charge at the guilt or innocence stage permitted the jury to find the defendant guilty as a party under Sections 7.01 and 7.02, Penal Code, whether the defendant actually caused the death of the deceased or did not actually cause the death of the deceased but intended to kill the deceased or another or anticipated that a human life would be taken.

See Art. 37.071(b)(2) (Vernon 1992).

The new "*Penry* issue" asks:

> Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating or circumstances to warrant that a sentence of life imprisonment rather than a death sentence should be imposed.

See Art. 37.071(e) (Vernon 1992).

[6]    In *Quinones v. State*, 592 S.W.2d 933, 947 (Tex.Crim.App. 1980), this Court held that it was not error for the trial court to have refused to submit the following extra-statutory instruction to the capital defendant's sentencing jury:

"Evidence presented in mitigation of the penalty may be considered should the jury desire, in determining the answer to any of the special issues."

[7]    See Tr. at 117-18. The trial court instructed the jury that "[i]n determining each of the[] [special] [i]ssues, you may take into consideration all the evidence submitted to you in the trial of this case, whether aggravating or mitigating in nature ... ."

[8]    *Compare* the instruction in the instant case, *supra* note, *with* Boggess v. State, 855 S.W.2d 645, 647 (Tex.Crim.App. 1991); *Fuller (Tyrone) v. State*, 827 S.W.2d 919, 937 (Tex.Crim.App. 1992), *Rios v. State*, 846 S.W.2d 310, 315-16 (Tex.Crim.App. 1992); *Satterwhite v. State*, 858 S.W.2d 412, 425 (Tex.Crim.App. 1993).

<u>**MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY**</u> - Page 4

. 000293

(iv)    The pre-1991 statute with an extra-statutory "*Penry*"-type "fourth special issue."[9] This version of the sentencing instructions has been applied certain trials after *Penry* for a capital murder committed before September 1, 1991.

(v)     The pre-1991 statute with a "nullification" instruction.[10] This version of the sentencing instructions has been applied at a large number of trials after *Penry* for capital murders committed before September 1, 1991. There have been several different versions of this extra-statutory instruction, each containing material differences.

(vi)    The pre-1991 statute in which "deliberately" is broadly defined.[11] This version of the sentencing instructions has been applied in certain trials since *Penry* was decided for capital murders committed before September 1, 1991.

(vii)   The 1993 version of the statute as applied to all crimes committed on or before August 30, 1991.[12] This version of the statute will apply to any trial

---

[9]     *See, e.g., State v. McPherson*, 851 S.W.2d 846 (Tex.Crim.App. 1992).

[10]    *See, e.g., San Miguel v. State*, 864 S.W.2d 403 (Tex.Crim.App. 1993); *Fuller (Aaron) v. State*, 829 S.W.2d 191, 209 & n. 5 (Tex.Crim.App. 1992). The proto-typical "nullification" instruction was in *Fuller*, which read as follows:

> When you deliberate about the questions posed in the Special Issues, you are to consider any mitigating circumstances supported by the evidence presented at both phases of the trial. A mitigating circumstance may be any aspect of the defendant's character and record or circumstances of the crime which you believe makes a sentence of death inappropriate in this case. If you find there are any mitigating circumstances, you must decide how much weight they deserve and give them effect when you answer the Special Issues. If you determine, in consideration of this evidence, that a life sentence, rather than a death sentence, is an appropriate response to the personal moral culpability of the defendant, you are instructed to answer at least one of the Special Issues under consideration "No."

*Fuller*, 829 S.W.2d at 209 n.5.

[11]    *See, e.g., Martinez v. State*, 867 S.W.2d 30 (Tex.Crim.App. 1993).

[12]    *See* Art. 37.0711 (Vernon 1993). This version of the statute contains all three of the "old" special issues. *See id.* (b)(1)-(b)(3). It further provides that, if the jury returns affirmative answers to all three special issues, then the trial court should further submit to jurors the new, *Penry*-type special issue enacted in the 1991 amendment. This version of the statute instructs jurors that "[i]f a defendant is convicted of an offense under Section 19.03(a)(6), Penal Code, the court shall submit the [special] issues ... only with regard to the conduct of the defendant in murdering the deceased individual first named in the indictment."

**MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY** - Page 5

or re-trial that commences after August 29, 1993, for capital murders committed on or before August 30, 1991.

Note that the above categories of cases reveal three significant contradictions in the Court of Criminal Court's capital sentencing jurisprudence during the last two decades: First, there is the contradiction between *Quinones v. State*, *supra*, and its progeny and the many recent cases in which the Court has given its imprimatur to the very instruction rejected in *Quinones*. *See, e.g., Fuller (Tyrone) v. State*, *supra*. Second, there is the contradiction between *Stewart v. State*, 686 118, 121-24 (Tex.Crim.App. 1980), and at least one case in which the Court has given its imprimatur an extra-statutory charge specifically permitting jurors to consider specific mitigating evidence. *See McPherson v. State*, *supra*. Also relevant in this regard are the many recent cases in which the Court of Criminal Appeals has given its stamp of approval to "nullification" instructions. *See, e.g., Fuller (Aaron) v. State*, *supra*. Finally, there is the contradiction between the Court's consistent refusal to require trial courts to define "deliberately" as used in the first special issue, *see, e.g., Russell v. State*, 665 S.W.2d 771, 779-80 (Tex.Crim.App. 1983), and the Court's imprimatur of a trial judge's extra-statutory definition of the term in *Martinez v. State*, *supra*.

B. Argument.

In numerous cases, the United States Supreme Court has stated, in keeping with our Nation's federalism, that "we are unwilling to say that there is any one right way for a State to set up its capital sentencing scheme." *Spaziano v. Florida*, 468 U.S. 447, 464 (1984) (citing cases). The Court has stated, however, that *within* a single state, there must be consistency in the treatment of capital defendants who are subject to the death penalty. *Id.* at 460 ("If a State has determined that death should be an available for certain crimes, then it must administer that penalty in a way that can

**MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY** - Page 6

rationally distinguish between those individuals for whom death is an appropriate sanction and those for whom it is not.") (citing cases). Thus, "'each distinct [state] system must be examined on an individual basis.'" *See Pulley v. Harris*, 465 U.S. 37, 45 (1984) (quoting *Gregg v. Georgia*, 428 U.S. 153, 195 (1976) (joint opinion of Stewart, Powell & Stevens, JJ.)).

In *Furman v. Georgia*, 408 U.S. 238 (1972), the chief constitutional infirmity that the controlling Members of the Court pointed to in their respective concurring opinions was *arbitrariness. See id.* at 274 (Brennan, J., concurring) ("In determining whether a punishment comports with human dignity, we are aided ... by ... [a] second principle inherent in [the Eighth Amendment Cruel and Unusual Punishments] Clause -- that the State must not arbitrarily inflict punishment."); *id.* at 309 (Stewart, J., concurring) ("These death sentences are cruel and unusual in the same way that being struck by lightning is cruel and unusual."); *see also Spaziano*, 468 U.S. at 460.

The above discussion of the various sentencing schemes concurrently[13] in operation in Texas, "a distinct system," *Gregg*, 428 U.S. at 195, amply demonstrate that the present Texas death penalty system is being implemented in an "arbitrary" manner. At least seven categories of similarly situated capital defendants have been treated disparately. Put another way, it is certainly conceivable that, *ceteris paribus*, a single hypothetical Texas capital defendant would be given a different sentence[14]

---

[13]   Although after August 29, 1993, all trials will be tried under either Art. 37.071 and Art. 37.0711, the pre-1991 version of Art. 37.071 was still in operation in many cases up until August 30, 1993. Moreover, *on appeal*, the pre-1991 version of Art. 37.071 will still be in operation in the foreseeable future in this Court's sufficiency-of-the-evidence analyses regarding juries' affirmative answers to the special issues.

[14]   Of course, in a Texas capital case, where a defendant has been found guilty of capital murder, the only sentencing options are a life sentence and a death sentence.

MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY - Page 7

depending on which of the seven different sentencing schemes was in operation at his trial. This is quintessential arbitrariness -- the very type condemned in <u>Furman</u>.

Defendant recognizes that the Texas Legislature was certainly justified in amending Art. 37.071(b) as it did in 1991; indeed, *Penry* certainly appeared to require such. <u>See</u> Shelley Clarke, Note, *A Reasoned Moral Response: Rethinking Texas' Capital Sentencing Statute After **Penry v. Lynaugh***, 69 TEX. L. REV. 407 (1990). If that were the only other scheme concurrently in operation with the pre-1991 version of Art. 37.071, in all likelihood Defendant would never have made this claim. But that is not what happened in the wake of ***Penry***.

Rather, numerous trial courts throughout this state and the Texas Legislature have haphazardously created, in addition to the prevailing pre-1991 capital sentencing scheme, a total of at least six new, distinct capital sentencing schemes that have governed similarly or identically situated Texas capital defendants. Particularly noteworthy is the Court of Criminal Appeal's failure to impose uniformity among the practices adopted by the trial courts. Nor is the Legislature free from its share of the blame. By waiting until August 30, 1993, to amend Art. 37.071 as it applies to trials or retrials of capital defendants who committed their crimes before September 1, 1991, the Legislature has sowed the seeds of arbitrariness and inconsistency. Under both identical and analogous circumstances, other States have not dealt with seemingly sweeping invalidations of their post-***Furman*** death penalty statutes in such a chaotic manner. *See* OREGON REVISED STATUTES, § 163.150 (as amended July 24, 1989); *State v. Wagner*, 786 P.2d 93, 99-100 (Ore. 1990); *cf.* OHIO REVISED CODE §§ 2929.02-06 (as amended 1981); *State v. Melchior*, 381 N.E.2d 195, 200 (Ohio 1978); David J. Benson, *Constitutionality of Ohio's New Death Penalty Statute*, 14 TOLEDO L. REV. 77 (1982).

<u>MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY</u> - Page 8

000292

*Fetterly v. Paskett*, 997 F.2d 1295 (9th Cir. 1993), presents an analogous situation to the instant case. In that case, the Ninth Circuit condemned an instance of "*Furman* arbitrariness" within a single state's capital sentencing system. In particular, the court in dicta stated that a federal constitutional violation occurred when the Idaho Supreme Court's refusal to apply the clear mandate of state capital sentencing law, which governed the weighing of aggravating factors against mitigating factors, to all similarly situated capital defendants. The court's reasoning is cogent and should be applied to Texas' experience:

> In *Godfrey v. Georgia*, 446 U.S. 420, 100 S. Ct. 1759, 64 L.Ed.2d 398 (1980), the Supreme Court held that states can impose the death penalty for certain crimes without running afoul of our Constitutional prohibition against cruel and unusual punishment, but only if the manner in which the penalty is selected "provide[s] a meaningful basis for distinguishing the few cases in which [the penalty] imposed from the many cases in which it is not." Id. at 427 ... . As pointed out by Justice Stevens, "this Court's decisions have made clear that States may impose this ultimate sentence *only if they follow procedures* that are designed to assure reliability in sentencing determinations. *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S.Ct. 3418, 3429, 77 L.Ed. 1134 (1983) (Stevens, J., concurring) (emphasis added). Part of the requirement of reliability is "that the [aggravating and mitigating] reasons present in one case will reach a similar result to that reached under similar circumstances in another case.'" Id. at 954 ... (quoting *Proffitt v. Florida*, 428 U.S. 242, 251, 96 S. Ct. 2960, 2966, 49 L.Ed.2d 913 (1976) (opinion of Stewart, Powell, and Stevens, JJ.)) (internal quotations omitted). Because Fetterly may not have been sentenced to death as prescribed by Idaho Code § 19-2515(c), this goal of similar sentences in similar cases may not have been met. ...

*Fetterly*, 997 F.2d at 1299.

Although Texas' experience is different in that it involves a global violation of all Texas capital defendants' rights to be free from arbitrary, inconsistent capital sentencing procedures, while Idaho apparently only violated one or a few defendant's rights, *Fetterly's* reasoning applies equally

<u>MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY</u> - Page 9

to Texas. The bottom line is that Texas courts and the state Legislature, without any discernible rational basis, have haphazardly turned Texas' capital sentencing scheme into a patch-work quilt. Because similarly situated Texas capital defendants -- including Defendant -- have been unjustifiably sentenced to death under radically different sentencing schemes, this Court must vacate Defendant's death sentence.[15]

CONCLUSION

In conclusion, this Court should hold that the State of Texas cannot constitutionally seek the death penalty against Defendant.

Respectfully submitted,

_____

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

---

[15] Defendant adopts all of the arguments made *supra* with respect to a state constitutional claim. Although Defendant has primarily cited federal Eighth Amendment authority herein, he intends that this Court should separately consider his claim under the Texas and U.S. Constitutions. As the Court of Criminal Appeals has noted, it can and should interpret the Texas Constitution in a more expansive manner than the federal Constitution. *Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App. 1991); *Ex Parte Hererra*, 860 S.W.2d 106 (Tex.Crim.App. 1993) (Maloney, J., dissenting, joined by Baird, Clinton & Overtstreet, JJ.); *see also* Judge Rusty Duncan, *Terminating the Guardianship: A New Role for State Court*, 19 ST. MARY'S L.J. 809 (1988).

Particularly noteworthy is the fact the Texas Constitution proscribes "cruel *or* unusual punishments," while the U.S. Constitution proscribes "cruel *and* unusual punishments." Texas Const. Art. I, § 13. Obviously, despite apparent implicit claims to the contrary by courts and commentators, the Texas Constitution, based on its plain language, was intended offer broader protections than the U.S. Constitution. *Cf. People v. Anderson*, 493 P.2d 880, 883-87 (Cal. 1972) (attributing textual significance to state constitutional proscription against "cruel *or* unusual punishments"). Because Defendant's primary argument here is that the many sentencing schemes operating concurrently inject arbitrariness into the Texas capital sentencing scheme, at the very least Defendant's death sentence is "unusual."

<u>MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY</u> - Page 10

000294

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO PRECLUDE PROSECUTION FROM SEEKING THE DEATH PENALTY** - Page 11

000286

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO REQUIRE THE STATE TO
## REVEAL AGREEMENTS/UNDERSTANDINGS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant in the above-cause, by and through counsel and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 13 and 19 of the Texas Constitution and moves the Court to order the prosecuting authorities in this case to reveal to defense counsel any agreement, expressed or implied, entered into between the prosecuting authorities or any other law enforcement agency and any witness, prospective witness, or any attorney representing such person regarding such witness's testimony in this case, and as grounds for this Motion would respectfully show the Court the following:

1.    The Defendant has been indicted for the offense of capital murder.

2.    The State is seeking the death penalty.

3.    The credibility of any state witness can be challenged by the defense. Rule 607, Texas Rules of Evidence.  Impeaching as well as exculpatory evidence is favorable to the accused under *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)

4.    Evidence of any promise of leniency that has been made by a state witness must be provided to the Defendant. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

000297

5.   The Defendant further moves the Court to order the State, by and through its prosecuting authorities, to reveal any promises, whether implied or expressed, of aid, assistance, reward, compensation, leniency or benefit, of any kind, conferred or to be conferred upon any witness who may testify as a witness for the State.

6.   In the event any such agreement has been entered into between the State and any witness or potential witness as set forth above, the Defendant hereby requests the name, address and telephone number of each such witness, and the details of the agreement, including the leniency, aid, assistance, reward, compensation or benefit conferred or contemplated to be conferred upon the witness.

WHEREFORE, PREMISES CONSIDERED, the Defendant prays that this Court sustain the Defendant's Motion and grant the relief as prayed for herein.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the ___19___ day of ___December___ 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

MOTION TO REQUIRE THE STATE TO REVEAL AGREEMENTS/UNDERSTANDINGS - Page 3

21

000300

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO HOLD UNCONSTITUTIONAL
## V.A.C.C.P. ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, the Accused, by and through his attorneys of record and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, sections 3, 10, 13, 15 & 19 of the Texas Constitution and makes this his Motion to Hold Unconstitutional V.A.C.C.P. Article 37.071 Sec. 2(e) and (f) - Burden of Proof, and as grounds therefore would show the Court as follows:

1.    Effective September 1, 1991, a jury which has convicted a defendant of capital

murder, in which the State is seeking the death penalty, shall be charged as follows:

Article 37.071, Sec. 2

(e)  The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b) of this article, it shall answer the following issue:

Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

**MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.**
**ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF** - Page 1

(f) The court shall charge the jury that in answering the issue submitted under Subsection (e) of this article, the jury:

(1) shall answer the issue "yes" or "no";

(2) may not answer the issue "no" unless it agrees unanimously and may not answer the issue "yes" unless 10 or more jurors agree.

2.    This statute is unconstitutional for the following reasons:

(a)    It impermissibly shifts the burden of proof on mitigation to the Defendant in violation of Article I §10 of the Texas Constitution. The statute requires the jury to consider, along with mitigating evidence, the "moral culpability of the defendant." This is the jury that has just found the defendant had no defense to the charge of capital murder and that he was guilty of that offense, beyond a reasonable doubt.

The statute then demands that the defense produce "sufficient" mitigation (while considering this same "moral culpability") to warrant a sentence of life imprisonment. The mitigating evidence must be "sufficient" to overcome "moral culpability" that has already been established in the minds of the jurors. In death penalty deliberations, "moral culpability" is not evidence, it is a finding that the jury has already made. The statute places an unfair, undue and unconstitutional emphasis on the finding that the jury has already made. The Defendant, if he is to save his life, must offer evidence that is

MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.
**ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF** - Page 2

somehow greater than the finding of moral culpability beyond a reasonable doubt.

(b)     Aside from shifting the burden of proof to the Defendant, the statute provides no other guidance to the jury that is called upon to make this life and death decision. As a result, the death penalty is imposed in a wanton and freakish manner in violation of the Defendant's rights to due process and protection from cruel and unusual punishment. Eighth and Fourteenth Amendments to the United States Constitution, as well as Article 1 §13 of the Texas Constitution.

(c)     This impermissible shift of the burden to the Defendant is made more unconscionable by the language of V.A.C.C.P. 37.071(2)(f) which provides that the jury shall not answer the mitigation issue "yes" (resulting in a life sentence) unless 10 or more jurors agree. The Defense, according to the instructions to the jury, must then offer "sufficient" mitigating evidence to not only overcome the "moral culpability" that has already been established in the eyes of the jury, but 10 or those jurors must be convinced of the sufficiency of that evidence.

3.     State Law Violations

The infirmities in the statute discussed above are also violative of State Constitutional Law. Under the "due course of law" provision of the Texas

**MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.**
**ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF** - Page 3

Constitution, Article I §10, the citizens of this state are guaranteed that any punishment for an offense will be in accordance with the law. *McFarlane v. State*, 254 S.W.2d 136, 136 (Tex.Cr.App. 1953). When the burden of proof is shifted to the Defendant, the State's burden has essentially been reduced. *See e.g., Cobarrubio v. State*, 675 S.W.2d 749 (Tex.Cr.App. 1983) overruled in part, *Lawrence v. State*, 700 S.W.2d 208 (Tex.Cr.App. 1985), and *Elliott v. State*, 858 S.W.2d 478, 487-488 (Tex.Cr.App. 1993). Such a punishment, based on a reduced burden, is not in accordance with Texas law and is unconstitutional.

WHEREFORE, PREMISES CONSIDERED, Defendant prays this court will hold this statute unconstitutional, and for such other relief as Defendant may be entitled.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.
ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF - Page 4

000304

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _10_ day of December, 2007.

_____
PAUL BRAUCHLE

## O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

**MOTION TO HOLD UNCONSTITUTIONAL V.A.C.C.P.
ARTICLE 37.071 SEC. 2(e) AND (f) - BURDEN OF PROOF** - Page 5

000305

22

000306

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO ALLOW INCARCERATED DEFENDANT
## ACCESS TO A HOT MEAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Defendant in the above-styled and numbered cause, by and through his attorneys of record, and moves this Court for an order allowing him access to a hot meal while incarcerated, and in support thereof, would show:

I.

Defendant is incarcerated in the Dallas County Jail and is being brought to Court each day for voir dire examination. This requires he be fed a cold bologna sandwich at lunch each day. On most days he is returned to his cell after the evening meal has been served, requiring that he be fed a cold sandwich. It is anticipated that voir dire will last several weeks. To deprive Defendant of a daily hot meal for that length of time constitutes cruel and unusual punishment.

II.

Defendant requests that he be permitted a daily hot meal, either at midday or evening during the time he is in trial for the above referenced matter.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully prays that the Court grant this motion and enter an order granting him access to a daily hot

MOTION TO ALLOW INCARCERATED DEFENDANT ACCESS TO A HOT MEAL – Page 1

000307

meal during the days he is in Court in the above referenced matter and for such other relief as the Court deems appropriate.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

MOTION TO ALLOW INCARCERATED DEFENDANT ACCESS TO A HOT MEAL – Page 2

000308

## O R D E R

On this the ____19___ day of ___December___, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action

of the Court the Defendant excepts.)

_____
JUDGE PRESIDING

<u>MOTION TO ALLOW INCARCERATED DEFENDANT ACCESS TO A HOT MEAL</u> – Page 3

23

NO. F07-50318-M

| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
|---|---|---|
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO ALLOW ADDITIONAL MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant, WESLEY RUIZ, in the above styled and numbered cause, and makes and files this Motion to Allow Additional Motions, and in support of the same would respectfully show the Court the following:

I.

The Defendant would show that the State has given limited discovery on a voluntary basis that it necessitated filing numerous motions for discovery and inspection and other motions in connection with the purported facts underlying the indictment.

II.

Defendant would show that, since the information that the Court will order the State to produce will be made after the deadline set by the Court for filing motions, if one is set, it may become necessary after the production of such information and documents by the Court that additional motions be filed based upon such information and documents so produced under the Court's order or as a result of the motions filed and to request permission at a future specified date set by the Court to file additional motions, if applicable and necessary.

III.

Defendant would further show that motions may be filed at any time, for cause show.

**MOTION TO ALLOW ADDITIONAL MOTIONS** - Page 1

000311

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court allow the filing of additional motions based upon any information and documents produced as a result of the filing of the motions which were to be filed on if applicable as a result of such disclosure or Court's order to disclosure and other motions if good cause is shown.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was served upon the Dallas County District Attorney's Office, on this the ____ day of December, 2007.

PAUL BRAUCHLE

**MOTION TO ALLOW ADDITIONAL MOTIONS** - Page 2

000312

**O R D E R**

On this ____19____ day of ____December____, 2007, the foregoing Motion having been timely presented and heard by the Court, the same is hereby (GRANTED) (DENIED, to which action of the Court the Defendant excepts).

JUDGE PRESIDING

**MOTION TO ALLOW ADDITIONAL MOTIONS** - Page 3

000313

24

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

### MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS REGARDING THEIR FEELINGS ON THE PROSPECT OF A DEATH SENTENCE AND THE IMPACT AN EXECUTION WOULD HAVE ON THEM

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant herein and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 13 & 19 of the Texas Constitution and offers the following in support of this Motion:

> **THE EIGHTH AMENDMENT REQUIRES THAT A CAPITAL DEFENDANT SHOULD HAVE THE RIGHT TO PRESENT, AS MITIGATION EVIDENCE DURING HIS SENTENCING HEARING, TESTIMONY FROM HIS FAMILY AND FRIENDS REGARDING NOT ONLY THEIR FEELINGS ABOUT WHETHER THEIR LOVED ONE SHOULD BE EXECUTED, BUT ALSO THE IMPACT THAT AN EXECUTION WOULD HAVE ON THEM.**

A.    Introduction.

Defendant moves this Court to permit him to question his family members and friends regarding two topics: (i) whether Defendant's family and friends want Defendant to live or die; and (ii) what the impact would be on such persons if Defendant were in fact sentenced to death and ultimately executed.

B.    Controlling authority from the lower courts.

Pursuant to the ethical duties imposed on members of the Bar, undersigned counsel calls the

MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS - Page 1

following judicial decisions to this Court's attention.

In *Fuller v. State*, 827 S.W.2d 919 (Tex.Cr.App. 1992), the Court of Criminal Appeals rejected a capital defendant's argument that Supreme Court decisions such as *Lockett v. Ohio*, 438 U.S. 586 (1978) and *Eddings v. Oklahoma*, 455 U.S. 104 (1982), require that a sentencing jury be permitted to consider mercy pleas from a capital defendant's family members during the sentencing phase. The court held that since testimony from a capital defendant's family regarding their feelings about the possible execution of their loved one does not relate to "evidence concerning his background, character, or the circumstances surrounding the offense," it is not admissible under *Lockett* and its progeny. Presumably, in view of *Fuller*, the Court of Criminal Appeals' holding also applies to testimony from the family of the victim as to the impact that an execution would have on them.

The current state of the law in Texas is even more unclear when the recent case of *Smith v. State*, 919 S.W.2d 96 (Tex.Cr.App.- 1996) and *Ford v. State*, 919 S.W.2d 107 (Tex.Cr.App. - 1996) are considered regarding victim impact.

Similarly, the Fifth Circuit has held that "[t]hough [mercy pleas from a capital defendant's family] may well impact a jury's decision, they are not mitigating evidence" required to be admitted under the Eighth Amendment. *See*, *Kelly v. Lynaugh*, 862 F.2d 1126, 1133 n. 12 (5th Cir. 1988). *But, see, People v. Mickle*, 814 P.2d 290, 321 (Cal. 1991) ("[A] capital defendant is entitled to introduce at the penalty phase the opinions of family and friends about the appropriateness of the death sentence."); *Romaine v. State*, 305 S.E.2d 93, 251 Ga. 208, 216-17 (Ta. 1983) (same).

Defendant contends that, while these decisions may control this Court's disposition of this Motion, they were wrongly decided. This Motion is being filed in order to challenge *Fuller* and

MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS - Page 2

*Kelly* in the U.S. Supreme Court. Defendant will also request the Court of Criminal Appeals to overrule <u>Fuller</u>.

C.  *Payne v. Tennessee.*

In *Payne v. Tennessee*, 111 S.Ct. 2597 (1991), the U.S. Supreme Court removed the prior *per se* bar on the introduction of "victim impact statements" by the prosecution as part of aggravating evidence during a capital sentencing hearing. *Id.* at 2603. Chief Justice Rehnquist's opinion for the Court in *Payne* noted that in the context of mitigating evidence, the Court's decisions have allowed the sentencer to consider "'any relevant mitigating evidence' that a defendant proffers in support of a sentence less than death," 111 S.Ct. at 2606 (citing *Eddings v. Oklahoma*, 455 U.S. 104, 114 (1982)), and that a capital defendant should be "treated as a 'uniquely individual human being'" during capital sentencing, *Id.* at 2606-007 (quoting *Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). The Chief Justice then concluded, comparing aggravation and mitigation evidence, that what is good for the goose is good for the gander: that a sentencing jury should be permitted to know about the individual characteristics of the murder victim -- as well as of the convicted capital defendant -- which necessarily includes evidence about the victim's family and their reaction to the murder. *See*, 111 S.Ct. at 2607-09. He held that it was not a bar to introducing such aggravating evidence that it "was [not] related to the circumstances of Payne's brutal crimes." *Id.* at 2609. As the Chief Justice noted:

> Human nature being what it is, capable lawyers trying cases to juries try to convey to the jurors that <u>the people involved in the underlying events [i.e., including the victim's survivors] are . . . living human beings who have something to be gained or lost from the jury's verdict</u>. Under the aegis of the Eighth Amendment, we have given the broadest latitude to the defendant to introduce relevant mitigating evidence reflecting his own individual personality. ...[W]e now reject the view . . . that a State may not permit the prosecutor to similarly

<u>MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS</u> - Page 3

> argue to the jury the human cost of the crime of which the defendant stands convicted. ..."[J]ustice, though due to the accused, is due to the accuser also. ...We are to keep the balance true." (citing *Snyder v. Massachusetts*, 291 U.S. 97 (1934).

*Id.* (emphasis added).

Justice O'Connor's concurrence in *Payne* also sheds some light on the Court's reasoning. She noted at the outset of her opinion that "[a] State may decide that the jury, before determining whether a convicted murder should receive the death penalty, should know the full extent of the harm caused by the crime, including its impact on the victim's family. . ." *Id.* at 2611. She later noted, like the Chief Justice, that a victim should be portrayed to the jury as a "unique human being" -- which includes knowledge of the victim's family's reaction to the murder. *See, Id.* at 2612.

Justice Scalia's concurring opinion echoed Chief Justice Rehnquist's reciprocity arguments: "The Court correctly observes the injustice of requiring the exclusion of relevant aggravating evidence during the capital sentencing, while requiring the admission of all relevant mitigating evidence. ...[T]he Eighth Amendment permits parity between mitigating and aggravating factors." *Id.* at 2613.

Justice Souter's concurring opinion noted, like the Court's opinion did (*Id.* at 2605), that "traditionally" criminal conduct has been punished in view of the degree of harm, if any, caused. Hence, he argued, a victim impact statement was relevant because it allowed the jury to better know this "traditional" factor in assessing punishment. *Id.* at 2614. Such aggravating evidence was considered "morally relevant" and allowed for a "reasoned moral response" from the jury. It also permitted the jury to better know the victim as a "uniquely individual human being," whose unique personality was in part a product of his family. *Id.* at 2614-15. As Justice Souter stated:

> Just as defendants know that they are not faceless human ciphers,

000318

they know that their victims are not faceless fungibles, and just as defendants appreciate the web of relationship and dependencies in which they live, they know that their victims are not human islands, but individuals with parents or children, spouses or friends, or dependents. Thus, when a defendant chooses to kill . . . this choice necessarily relates to a whole human being and threatens the association of others, who may be distinctly hurt.

*Id.* at 2616 (emphasis added).

The collective reasoning of the Court and the concurring opinions in *Payne* applies equally to testimony from a capital defendant's family and friends about their feelings regarding the possible execution of their loved one and the impact that an execution would have on them.

Such testimony is relevant to mitigation in at least three ways: first, it goes directly to the question of mercy, a quintessential element of mitigation. *See, e.g., Gregg v. Georgia*, 428 U.S. 153, 199 (1976) (plurality) ("Nothing in any of our cases suggests that the decision to afford an individual mercy violates the Constitution."); *People v. Sanchez*, 115 Ill.2d 238, 269 (Ill. 1987) ("mercy" recognized as important part of mitigation); *State v. Petary*, 781 S.W.2d 534, 541 (Mo. 1989) (same).

Any objective standard of human decency permits close relatives and friends to ask the jury not to impose death on their loved one. Preventing a capital defendant's relatives and friends from expressing such opinions, and instructing a sentencing jury to disregard them, is as cruel and unusual as can be imagined. Allowing the jury to consider such testimony surely aids in eliciting a "reasoned moral response," *California v. Brown*, 479 U.S. 538, 545 (1987) (O'Connor, J., concurring). Mercy is an integral part of the traditional Western notion of dispensing justice. *See, e.g.*, John Milton, Paradise Lost, Book X, line 77 ("so temper justice with mercy"); William Shakespeare, The Merchant of Venice, Act 4, Scene 1, lines 184 et seq.; Holy Bible, New Testament, Matthew 5:5;

Old Testament, Mica 6:8.  If the exclusion from the jury's consideration of such a basic human response as a mother's concern for her child's life -- which hardly disappears when he is convicted of capital murder -- does not violate the Eighth Amendment, nothing does.

In *Saffle v. Parks*, 110 S.Ct. 1257, 1266 (1990) (Brennan, J., dissenting), Justice Brennan quoted the Tenth Circuit's en banc opinion below, which recognized that, "mercy, humane treatment, compassion, and consideration of the unique humanity of the defendant . . . have all been affirmed as relevant considerations in the penalty phase of a capital case."  *Id.* at 1266 (quoting *Parks v. Brown*, 860 F.2d 1545, 1556 (10th Cir. 1988) (en banc).  Such factors, of course, were of the very type relied upon by the *Payne* Court in holding that the prosecution's use of victim impact statements was proper during a capital sentencing hearing, *see* discussion *supra*, albeit with reference to the victims' family.

Not to apply the same considerations to the testimony of a capital defendant's relatives regarding their feelings about the possible execution of their loved one would be as "unfair" and "imbalanced" an approach during sentencing as the Court's prior approach in *Booth v. Maryland*, which Chief Justice Rehnquist so condemned in *Payne*. *See*, 111 S.Ct. at 2609.  Once again, what is good for the goose is good for the gander.  If *Payne* permits testimony from the victim's relatives regarding their feelings about the crime as part of the prosecution's presentation of aggravating circumstances, the Court should likewise permit testimony of the capital defendant's relatives regarding their feelings about the proposed punishment as part of the defense's presentation of mitigating circumstances.

A second way that such testimony is relevant as mitigating evidence is that it evinces that a particular defendant may still possess enough redeeming qualities as a human being to warrant his

life being spared.  The clear message sent to jury by such testimony is that the defendant's life until the murder had enough positive elements to lead his family members to express their love by pleading that a life sentence be imposed.  *People v. Mickle*, 814 P.2d 290, 321 (Cal. 1991) (Such testimony "exemplifie[s] the feelings held toward the defendant by a person with whom he [has] a significant relationship" and "bears on his overall character and humanity" (citation omitted)); *cf. Martin v. Dugger*, 686 F.Supp. 1523, 1538-41 (S.D. Fla. 1988) (quoting extensive testimony from capital defendant's relative in which numerous pleas for mercy interspersed with discussions of defendant's character and background).

Third, as was extensively discussed in *Payne* with respect to the testimony of the victim's survivors used as aggravation evidence, but equally applicable to testimony of the defendant's relatives used as mitigation evidence, testimony from the defendant's family aids the sentencing jury in seeing the defendant as a "uniquely individual human being."  He is part of a family who still loves him, notwithstanding his crime, and that family, just like the victim's family, has a vested interest in the jury's verdict.  To refuse to consider the defendant's family's feelings, which in many cases would be juxtaposed to the victim's family's feelings, simply because the former is related to a convicted capital murderer would violate a basic principle of our criminal jurisprudence: the criminal law does not visit the sins of one family member upon the remainder of his family.[1]

Just as Chief Justice Rehnquist argued the need to convey to a jury that "the people involved in the underlying events [i.e., the victim's survivors] are . . . living human beings, with something to be gained or lost from the jury's verdict," *Id.* at 2609, a capital sentencing jury should likewise

---

[1] This was even recognized by the Framers of the Constitution.  *See*, U.S. Const. Art. III, Sec. 3, Clause 2 (punishment for treason may not work "Corruption of Blood").  *See also, King v. Smith*, 88 S.Ct. 2128, 2143 n.5 (1968) (Douglas, J., concurring).

**MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS** - Page 7

know that a capital defendant also has a family of "living human beings," who care deeply about what verdict the jury reaches. Just as Justice Souter noted of a murder victim, a capital defendant such as Tyrone Fuller is not a "human island." He has "a web of relationships and dependencies." He is "an individual[] with parents or children, [a] spouse[] or friends, or dependents." The jury's choice that the State of Texas should kill Mr. Fuller "necessarily relates to the whole human being and threatens the association of others, who may be distinctly hurt." *Payne*, 111 S.Ct. at 2616. And just as Justice O'Connor noted that a jury cannot fully know a murder victim as a "unique human being" without knowing of the impact of the crime on the victim's family, *see Id.* at 2611, neither can a jury know of the capital defendant as a "uniquely individual human being," *see*, ***Woodson v. North Carolina***, 428 U.S. at 304, without hearing the defendant's family's feelings about the possible execution of their loved one.

In non-capital cases, countless courts in various ways have taken into consideration a criminal defendant's family in imposing a particular sentence. *See, e.g.*, ***State v. Laird***, 547 So.2d 1, 3 (La. App. 1989); ***United States v. Denardi***, 892 F.2d 269, 271 (3rd Cir. 1989); ***United States v. Ramos***, 1989 U.S. Dist. LEXIS 16493 at *2 (E.D. Pa. 1989); ***United States v. Moran***, 601 F.Supp. 205 (D.Me. 1985); ***United States v. Ramos***, 605 F.Supp. 277, 279 (S.D. N.Y. 1985); ***Irizzary v. United States***, 58 F.R.D. 65 (D.Mass. 1983); ***United States v. Orlando***, 206 F.Supp. 419, 420-21 (E.D. N.Y. 1962). As the First Circuit noted in ***United States v. Gerena***, 553 F.2d 723 (1st Cir. 1977), "[t]hat any sentence may be a hardship to [a criminal defendant's] family is undeniable, the consequences of any crime are rarely visited only upon the actor and the immediate victim." Since "traditionally," *cf. **Payne***, 111 S.Ct. at 2614 (Souter, J. concurring), a criminal defendant's family has not been irrelevant to non-capital sentencing, <u>a fortiori</u> it should not be excluded from capital

<u>MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS</u> - Page 8

sentencing.

In sum, almost every argument made by the majority and concurring members in *Payne* regarding the propriety of victim impact statements applies with equal force to a capital defendant's right to offer testimony by his family regarding their feelings about the prospect of losing their loved one. Thus, especially in view of *Payne*'s reasoning, the Court of Criminal Appeals decision in *Fuller v. State, supra,* was wrongly decided.

D.    Defendant's Right to put on a Bill of Exception.

Assuming that this Court denies Defendant the right to introduce such testimony to the jury, Defendant requests the right to make a bill of exception in narrative form for purposes of appeal. As will be explained in such a bill, counsel for Defendant would ask numerous friends and family members of Defendant whether they wished for Defendant's life to be spared. Defendant would also ask such persons about what impact that a death sentence and execution would have on them.

WHEREFORE, PREMISES CONSIDERED, Movant prays that upon hearing hereof the Court find that testimony from the family of the Defendant, all as set out herein, is admissible and that the Defendant have such other and further relief to which he may show himself to be just entitled.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS - Page 9

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE


## O R D E R

On this the _19_ day of _December_, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING


**MOTION TO INTRODUCE THE TESTIMONY OF DEFENDANT'S FAMILY AND FRIENDS** - Page 10

000325

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO HOLD UNCONSTITUTIONAL TEX C. CRIM. P. ARTICLE 37.071 2(e) and (f) - FAILURE TO REQUIRE MITIGATION TO BE CONSIDERED

COMES NOW, WESLEY RUIZ, by and through his attorneys of record, and makes this his

Motion to Hold Unconstitutional Tex. C. Crim. P. Article 37.071 2(e) and (f) - Failure to Require

Mitigation to be Considered, and as grounds therefore would show the Court as follows:

1.     Article 37.071 Sec. 2(e) and (f), submitted to a jury upon conviction of capital

murder reads as follows:

(e)     The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b) of this article, it shall answer the following issue:

Whether, taking into consideration all of the evidence, including the circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed.

(f)     The court shall charge the jury that in answering the issue submitted under Subsection (e) of this article, the jury:

(1)     shall answer the issue "yes" or "no";

(2)     may not answer the issue "no" unless it agrees unanimously and may not answer the issue "yes" unless 10 or more jurors agree.

2.     This statute is unconstitutional because it fails to require that mitigation be

00326

considered.   A juror is required to consider all mitigation.   After the juror has considered the mitigation, it is then up to the juror to determine what effect to give the mitigation.   Failure to mandate consideration of mitigating evidence makes this statute unconstitutional in violation of the Eighth Amendment. *Morgan v. Illinois*, 504 U.S. 719, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992).

3.   The unfairness of this statute is magnified by the fact that in order for the jury to return an answer of "Yes" to this question, the Defendant must not only convince the jurors that mitigating evidence exists, but that same jury (who is not required to consider and give effect to that mitigating evidence) must then evaluate that evidence in light of the moral culpability of the Defendant.   The jury has already found the Defendant legally culpable beyond a reasonable doubt so the Defendant is required to establish that there is sufficient mitigating evidence that exceeds what the jury has already found beyond a reasonable doubt.

Capital murder statutes that have survived constitutional scrutiny all require that the jury be told that it must consider and give effect to all mitigating evidence. E.g., ***Johnson v. Texas***, 113 S.Ct. 2658 (1993); ***Boyde v. California***, 494 U.S. 370 (1990); ***Blystone v. Pennsylvania***, 494 U.S. 299 (1990), ***Penry v. Johnson***, 121 S.Ct.1910, (2001).

WHEREFORE, PREMISES CONSIDERED, Defendant prays this Court will find Article 37.071 Sec. 2(e) and (f) unconstitutional, and for such other relief as Defendant may be entitled.

MOTION TO HOLD UNCONSTITUTIONAL TEX C. CRIM. P. ARTICLE
37.071 2(e) and (f) - FAILURE TO REQUIRE MITIGATION TO BE CONSIDERED - Page 2

000327

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ____ day of _____, 2007, the foregoing Motion having been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action of the Court the Defendant excepts.)

JUDGE PRESIDING

**MOTION TO HOLD UNCONSTITUTIONAL TEX C. CRIM. P. ARTICLE 37.071 2(e) and (f) - FAILURE TO REQUIRE MITIGATION TO BE CONSIDERED** - Page 3

000328

26

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DECLARE ARTICLE 37.071(3)(e)(1) UNCONSTITUTIONAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, WESLEY RUIZ, Defendant in the above-cause, by and through counsel and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, Sections 3, 10, 13 and 19 of the Texas Constitution and files this Motion to Declare Tex. C. Crim. Proc. Unconstitutional and in support thereof would show:

1.   The Defendant has been indicted for the offense of capital murder.

2.   The State is seeking the death penalty.

3.   In order for a death penalty statue to pass constitutional muster under the 8th Amendment to the United States Constitution, it must provide to the jurors a vehicle to provide a moral response to the crime committed by the Defendant, WESLEY RUIZ.

4.   The evolving standards of decency are an important consideration for determining whether or not the death penalty is a cruel and unusual punishment and prohibited by the Constitution's 8th Amendment.

5.   There is no preset schedule by which evolving standards of decency are to evolve. A juror who is death qualified, may decide during the trial and after considering the persuasive arguments of defense counsel that her standards of decency are evolving and comes to the conclusion that the death penalty is a cruel and unusual

000330

punishment.

6. There is no method for that juror to voice that opinion without giving a false response to one of the special instructions. This has been condemned by <u>Penry</u>.

II.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that relief be granted as prayed for herein.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas 75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KAROL" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas 75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon the Dallas County District Attorney's Office on this the _____ day of December, 2007.

PAUL BRAUCHLE

<u>MOTION TO DECLARE ARTICLE 37.071(3)(e)(1) UNCONSTITUTIONAL</u> - Page 2

## O R D E R

On this the _____ day of _____, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED) to which action

of the Court the Defendant excepts.)

_____

JUDGE PRESIDING

MOTION TO DECLARE ARTICLE 37.071(3)(e)(1) UNCONSTITUTIONAL - Page 3

000032

27

000383

NO. F07-50318-M

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## MOTION TO DECLARE V.A.C.C.P 37.071
## UNCONSTITUTIONAL AND FOR OTHER RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

Now come PAUL BRAUCHLE and WM. E. "KARO" JOHNSON, Attorneys for the Accused, WESLEY RUIZ, and pursuant to the 5th, 6th, 8th and 14th Amendments to the United States Constitution and Article 1, sections 3, 10, 13 & 19 of the Texas Constitution, moves the Court to find that the provisions of V.A.C.C.P to be unconstitutional *per se* or in the alternative, unconstitutional as applied to the Accused and in support there of would show:

1.    The accused has been indicted for the offense of capital murder. The state is seeking the death penalty.

2.    The jury that will be sworn in this case and, should the Accused be found guilty of a capital offense, must decide whether or not to impose the death penalty on him. As a part of that process, the jury will be asked to determine whether the "defendant actually caused the death of the deceased or did not actually cause the death of the deceased but intended to kill the deceased or **anticipated that a human life would be taken.**" (emphasis added)

3.    V.A.C.C.P. 37.071, the "Texas Death Penalty Statute", provides that if the Accused is found guilty of a capital offense for which the State is seeking the death penalty, **a separate sentencing proceeding** shall be conducted to determine if the Defendant is to be sentenced to death or life imprisonment.[ V.A.C.C.P., Art. 37.071(2)].

MOTION TO DECLARE V.A.C.C.P 37.071 UNCONSTITUTIONAL AND FOR OTHER RELIEF - Page 1

000084

4.   This result violates the provisions of the 8th and 14th Amendments to the United States Constitution that prohibits the imposition of cruel and unusual punishment for the following reasons:

(A)   The statute allows a jury to impose death even when they fails to   find beyond a reasonable doubt that the Accused (i) intended that the deceased be killed, *Enmund v. Florida*, 458 U.S. 782 (1982) or that (ii) that he was a major participant in a felony resulting in the death or that there was a "reckless disregard for life". A "nontriggerman" is constitutionally ineligible for the death penalty if a jury or a court only find that he "anticipated that lethal force would or might be used or that a life would or might be taken". *Tison v. Arizona*, 481 U.S. 137, 95 L.Ed.2d 127, 107 S.Ct. 1676 (1987) .

(B)   The failure of the Death Penalty Statute to comply with the mandates of the 8th Amendment and the dictates of the United States Supreme Court has created a situation where the **"sub class"** to which the death penalty is to be applied is not established. *Tuilaepa v. California*, 512 U.S. 967, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994). Not only is a sub class not established for the "worst of the worst", for which the death penalty is to be applied, but the statute allows the jury to impose the death penalty on this Accused or one similarly situated, utilizing standards of conduct that sound more in tort than criminal law: **"attempt"**, **"duty"**, **"anticipated"**, **"failed to make reasonable effort"**....[to carry out a legal duty] **"to prevent the commission..."**.

(C)   V.A.C.C.P. 37.071, as applied to this Accused and those who are charged as co-defendants,  fails to supply to the question of "Who shall live and who shall die?", the **heightened reliability** of jury verdicts where the State is trying to

persuade 12 citizens to agree to kill someone. The 8th Amendment requires a greater degree of **accuracy in fact finding** in a capital case. *Gilmore v. Taylor*, 508 U.S., 124 L.Ed.2d 306. 113 S.Ct. 2112 (1993).

The "fact finding" that is allowed by the Texas Death Penalty statute, when considering co-defendants where an Accused that did not "actually cause" the death of the deceased, is anything but accurate.

(D)  The uncertainty that is allowed by the Death Penalty Act (**civil like conduct, failure to narrow the class, failure to provide for accuracy in fact finding, failure to provide for the special care and deliberation,** deprives the Texas guilt/innocence determination and sentencing scheme of the **heightened reliability** in the determination that, in fact, death is the appropriate punishment in this or any other similar case. *Woodson v. North Carolina, 428 U.S. 280, 49 L.Ed 2d944, 96 S.Ct. 2978 (1976).*

(E)  The numerous Constitutional defects in the Death Penalty statute ultimately fail to provide the **guided discretion** to the jury that is charged with the decision of whether or not to impose the death penalty, all in violation of the 8th and 14th Amendments to the United States Constitution. *Furman v. Georgia*, 408 U.S. 238, 33 L.Ed. 2d 346, 92 S.Ct. 2726 (1972)

(F)  As applied to this Accused, the Death Penalty Statute does not provide for any **meaningful proportionality review** of the sentence that may be imposed on this accused in violation of the 8th, 14th Amendments to the United States Constitution and Article 1 Sections 1, 10, 13 and 19 of the Texas Constitution. The conviction of an accused for any felony offense is serious. This lack of proportionality and fairness is in violation of the 5th, 6th 8th and 14th

000336

Amendments to the United States Constitution.  *Coker v. Georgia*, 433 U.S. 584 (1977).

(G)  The imposition of the death penalty,  in this case particularly and in all cases charged as capital generally, violates the **evolving standards of decency that mark the progress of a maturing society.** *Thompson v Oklahoma*, 487 U.S. 815(1988), quoting *Trop v. Dulles*, 356 U.S. 86 (1958).  The United States is one of the few countries in the world that still resorts to the imposition of the death penalty.  In the past, our society deemed it acceptable to hang or crush to death those that we suspected of being involved in witchcraft.  Society now views that suspicion and response as absurd.  As our Society has matured, it has shown its increasing discomfort with the imposition of the death penalty.  In the past it was common for the condemned to be hanged, shot, killed with cyanide gas or electrocuted.   As standards evolved and Society matured, these methods of execution violated those standards of decency and lethal injection is now the "accepted" form of state sponsored killing.  The rejection of nooses, bullets, gas and electricity signaled not only discomfort with the method of execution but also the death penalty itself.  If the state can make it just "a little more humane", maybe Society will feel better about killing its own.

Our Society, if it is as "civilized" as we would like to claim it is,  must raise its criminal justice system to that level reached by most of the other worlds civilized societies.  Our Society can no longer kill to show  that killing is wrong. Sooner or later we will have to arrive at a better way to deal with offenders than doing to the them the same thing that we condemn them for.  We will, and it is just a matter of time.  This Court can do that now.

000337.

"In comparison to all other punishments today, then, the deliberate extinguishment of human life by the State is uniquely degrading to human dignity" Justice Brennan concurring in Furman, supra.

It is undoubtedly correct that there is a demand for vengeance on the part of many persons in a community against one who is convicted of a particularly offensive act. At times a cry is heard that morality requires vengeance to evidence society's abhorrence of the act. But the Eight Amendment is our insulation from our baser selves. The 'cruel and unusual' language limits the avenues through which the vengeance can be channeled. Were this not so, the language would be empty and a return to the rack and other tortures would b e possible in a given case. The history of the Eighth Amendment supports only the conclusion that retribution for its own sake is improper. Justice Marshall concurring in *Furman, supra.*

We now look with horror on the way Society treated the mentally ill and wondered "How could we have dealt with criminal behavior in such an inhumane way." Certainly our Society, as it matures, will one day look back upon state sponsored executions of offenders (and in some cases the innocent) and wonder how our understanding and response could have been so unsophisticated and cruel. This Court should find that "that one day" is now and that the imposition of the death penalty, generally, and in this case specifically, violates the **evolving standards of decency** that mark the progress of our maturing society.

Justice Harrison, in his dissenting opinion in People v. Bull, 705 N.E.2d 824 (1998) wrote: "Just as the execution of an innocent person is inevitable, it is inevitable that one day the majority will no longer be able to deny that the Illinois death penalty scheme, as presently administered, is profoundly unjust. When that day comes, as it must, my colleagues will see what they have allowed to happen,

and they will feel ashamed."

5.   The Texas Death Penalty Statute is unconstitutional, *per se*, as the language of V.A.C.C.P. 37.072 deny to the Accused the bifurcated trial that is required by the United States Supreme Court in *Gregg v. Georgia.*, 428 U.S. 162 (1976) and *Proffitt v. Florida*, 428 U.S. 247 (1976) and guaranteed to him by the provisions of the 8th Amendment to the United States Constitution..   Although the statute requires the court to go through a "**separate** sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment" (Art. 37.071(2), the separate sentencing proceeding   is actually nothing but a continuation of the first.

The cited section provides that in the "separate proceeding" "evidence may be presented by the state as to any matter that the court deems relevant to sentence including "...**the circumstances of the offense**".   The jury is charged (Art. 37.071(2)(d)(1) that "in deliberating on the issues submitted under subsection (b) (future dangerousness and parties) "..it shall consider **all evidence admitted at the guilt or innocence stage** and the punishment stage...that **militates for** or mitigates against **the imposition of the death penalty**".

Art 37.071(2)(b)(2) then asked the jury to determine if the defendant "actually caused the death of the deceased or did not actually cause the death of the deceased, but intended to kill the deceased, or another, or anticipated that a human life would be taken. This lack of a separate proceeding is compounded by the language of the "*Penry* Instruction" contained in Art. 37.971(2)(e)(1) which reads:

"Whether, taking into consideration **all of the evidence,**

000039

including the circumstances of the offense,...and **the personal moral culpability** of the defendant, there is sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment rather than a death sentence be imposed." (emphasis added)

The penalty phase is nothing more than a rehash of the guilt/innocence phase after which the same jury that convicted the Defendant of a capital crime is to determine if he should live or die (without actually fully knowing the consequences of an individual votes, see paragraph 13 below).

(F) As applied to this Accused, the Death Penalty Statute does not provide for any **meaningful proportionality review** of the sentence that may be imposed on this accused and any co-defendant, in violation of the 8th, 14th Amendments to the United States Constitution and Article 1 Sections 1, 10, 13 and 19 of the Texas Constitution. The conviction of an accused for any felony offense is serious. This lack of proportionality and fairness is in violation of the 5th, 6th 8th and 14th Amendments to the United States Constitution. *Coker v. Georgia*, 433 U.S. 584 (1977). Not only does Article 37.071 fail to require a proportionality review, but the Court of Criminal Appeals will not even review the sufficiency of the evidence that purports to support the jury's finding that the Defendant "..is a future danger".*Chamberlain v. State,* 998 S.W. 2d 230 (Tex. Crim. App. 1999), although other issues of less magnitude are routinely subjected to that analysis. *Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996). If the court is unable to review the juror's moral response to the evidence, then Art. 37.071 fails to provide the certainty and reliability that the 8th Amendment to the United States Constitution requires.

The interpretation of Art. 37.071 by the Texas Court of Criminal Appeals even

denies a capital defendant an instruction that the jury cannot consider unadjudicated extraneous offenses unless it believes they occurred beyond a reasonable doubt. Although an accused would be entitled to such an instruction in a capital case, it is sufficient in a capital case if the charge merely instructs the jury that the state has to prove future dangerousness beyond a reasonable doubt. *Fuentes v. State*, 991 S.W. 2d 267, 280 (Tex. Crim. App.1999).

6.   A death penalty scheme, to satisfy the requirements of the U.S. Constitution, must allow consideration, as a mitigating factor, any aspect of the Defendant's character or record and any of the circumstance of the offense **that the Defendant proffers** as a basis for a sentence less than death. *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed. 2d 973 (1978).   The Texas scheme, however, goes on to require that the jury consider at the same time **"the personal moral culpability"** of the Defendant,  Art. 37.071(2).    It is not likely that a competent Defendant,  and the effective counsel that is guaranteed to him by the 6th Amendment,   would offer evidence of personal moral **culpability** as mitigation.  This required consideration of moral culpability, in contrast to the mitigating evidence that is developed by the Defendant, acts to nullify the impact of any mitigating evidence and the value of a "separate proceeding" mandated by *Furman, supra* and the Texas Death Penalty Statute itself.

The jury must, in effect, weigh any mitigating evidence against the defendant's "moral culpability".  Following this "weighing" process, the jury must find "sufficient" evidence to warrant a sentence of life.  The only mitigating that the jury can give effect to is that which exceeds his moral culpability.

Culpability is defined by , *The American Heritage Dictionary of The English*

000341

*Language*, 3rd Edition as "deserving of blame or censure, as being wrong, evil, improper or injurious". By placing this into the instruction a "super burden is placed upon the defendant. The State has already proved that he is legally culpable beyond a reasonable doubt. In order to overcome this "culpability", he must establish mitigation in a degree greater than "beyond a reasonable doubt". This results in a constitutionally impermissible shifting of burden from the state to the Defendant. The state is given the burden by Art. 37.071(2)© and it is then shifted to the Defendant by Art. 37.071(e)(1) as has been condemned during the guilt phase in *Francis v. Franklin*, 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), *Yates v. Aiken*, 484 U.S. 211, 108 S.Ct. 534, 98 L.Ed.2d 546 (1988) and *Yates, v. Evatt*, 500 U.S. 391, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)

There is nothing mitigating about "moral culpability". The language of the statute is clear in that it is  intended to prevent the jury from considering, fully,  the mitigating evidence.  The State could not stand for this, because if each juror did consider fully the mitigating evidence, with out the dilution by "personal moral culpability", at least one juror  might vote for life.  Other provisions of the statute (see paragraph 13 below) then go on to insure that the effect of that singular life vote can never be known until it is too late.  The impact of this scheme on the right to due process and a fair trial is obvious.

*Black's Law Dictionary*, 5th Edition defines "culpability" as "blameworthiness". Texas, which professes to be a "non-weighing state", is in fact requiring the jury to "weigh" the mitigating evidence against the guilt evidence again.  It is not a "*de novo*" assessment by the jury, it is merely an exercise to determine if the mitigating evidence is of such a magnitude that it can overcome the finding of

guilt (beyond a reasonable doubt) that has already been made by the jury. The burden is not only shifted to the Defendant, but it has been extrapolated into a "super burden", exceeding the burden of beyond a reasonable doubt. In order to satisfy the requirements of the United States Constitution, a death penalty scheme must allow consideration "..as a mitigating factor, any aspect of the defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death" Lockett v. Ohio, 438 U.S. 586, L.Ed.2d973, 98 S.Ct. 2954 (1978). The defendant does not proffer "moral culpability" as a basis for a sentence less than death. By requiring a jury to weigh that mitigation against moral culpability, a jury is able to consider and give effect to only that evidence that exceeds what the jury finds as the defendant's moral culpability.

7.   Art. 37.071 violates the 8th and 14th Amendments to the United States Constitution in that there is an expressed requirement, (that misrepresents the law) that 10 or more jurors must agree to answer "yes" to the mitigation issue and an implied requirement that those 10 jurors unanimously agree on what is the "sufficient" mitigation to warrant a verdict other than death. There certainly is no "guided discretion" as is required by the 8th Amendment. *Mills v. Maryland*, 486 U.S. 367 (1988). (see also U.S. v. Jones, 132 F.3d 232 (5th Cir.1998), page 40 of index bank and see Jeffries v. Blodgett, 5 F.3d 1180 (9th cir.1993)

Re: "executing a different person due to dely", ready Lackey v. Johnson, 514 U.S. 1045, 131 L.Ed.2d 304, 115 S.Ct. 1421 (1995)

...[I]n order to insure reliability in a jury's determination that death is an appropriate punishment in a specific case, the jury must be able to consider and give effect to any mitigating evidence relevant to the

000343

**defendant's background or character or to the circumstances of the crime**; it is not enough simply to allow the defendant to present mitigating evidence to the sentencer, but the sentencer must also be able to consider and give effect to that evidence in imposing sentence. *Penry v. Lynaugh*, 492 U.S. 302, 106 L Ed 2d 256 (1989) at page 264.

No where does *Penry* require that the consideration by the jury of the background, character and circumstances be contrasted to the moral culpability of the Defendant. Art. 37.071(2)(e)(1) deprives the jury of its ability to consider and give effect to the mitigating evidence because of the enormous burden. *Penry*, supra at page 265 does say that:

> "consideration of evidence that mitigates against the death penalty does not create the risk of an unguided emotional response, but is essential if the jury is to give a reasoned moral response to the defendant's background, character and crime."

The moral response is to come from the jury based upon the stated factors of background, character and crime. Penry does not give the legislature or this Court the authority to require that the Defendant's mitigation overcome his "moral culpability", whatever that may be.

8.   Art. 37.071 is unconstitutionally vague on its face. Following an examination of the **plain language of the statute, the case law that interprets it and the intent of the legislature in passing** the law, the statute is **unconstitutionally vague**. *Jurek v. Texas*, 428 U.S. 262 (1976). An examination of the statute that describes the **instructions** that are submitted to the jury in a capital case, such as this, indicate that the Texas Death Penalty Statute is constitutionally **vague and over broad** as applied to this Accused.. *Godfrey v. Georgia*, 446 U.S. 420 (1980). Accordingly the Accused is constitutionally ineligible for the death penalty, *Godfrey, supra.*

000044

9.     The principles that are required by the Amendments to the Constitution and discussed above are all violated by Art. 37.071 in that Art. 37.071(2)(f)(2) provides (with respect to the Penry mitigation charge in (e)1) that the jury "may not answer the issue "no" unless it agrees unanimously and **may not** answer the issue **"yes"** unless **10** or more jurors agree."

The result of 10 jurors voting "yes" on the mitigation issue is a life verdict under Art. 37.071(2)(g).  That same section (g) goes on to say that if the jury "..is unable to answer any issue submitted under Subsection (b) [future dangerousness and parties] or (e)" [mitigation] then the result is a life verdict.  In other words, a life verdict is reached if the jury "hangs"by a lone juror voting "no" on the future dangerousness issue.  However, the jury is told at the same time that at least 10 must agree on a "no" vote before a life verdict is authorized..  Furthermore, the jury is instructed that in order to answer the *Penry* issue affirmatively (that would result in a life sentence), 10 must agree.  Again, if only one juror holds out and refuses to vote "no" on the *Penry* issue then, pursuant to Art. 37.071(2)(g), the Defendant is sentenced to life.

This hiding of the consequences of a singular vote for life violates all of the guarantees provided to a Defendant by both the United States and Texas Constitutions that are cited and or discussed herein.  It is an intent to make the imposition of death "automatic" in violation of the 8th Amendment to the United States Constitution.  *Woodson v. North Carolina*, 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).

The overt camouflaging of the effect of a **"singular vote"** on the life of the Defendant is compounded by the language that prohibits anyone from telling a

MOTION TO DECLARE V.A.C.C.P 37.071 UNCONSTITUTIONAL AND FOR OTHER RELIEF - Page 12

juror of the effect of failure to agree on the issues. Art. 37.071(2)   Counsel for the Defendant are instructed not to clarify what is a conflict in the language.   The jurors are then faced with the language of Art. 37.071(2)(f)(1) that says that they **shall** answer "yes" or "no" and at the same time in order to answer "yes" on the Penry issue  it must be 10 and 10 to answer "no" on the future dangerousness issue implicating to the jurors that the individual juror has no independent vote, it must be 10 or nothing.  The effect is (and obviously the intent of the legislature) is that the hold out jurors, not realizing that they have any individual empowerment, will be coerced into joining with a more vocal and hostile majority that vote for death.

The Texas Court of Criminal appeals has said that "There is no constitutional prohibition to **concealing from the jurors the consequences of their deliberations, so long as they are not mislead into believing that ultimate responsibility for the verdict rests elsewhere**." *Prystash v. State*, 3 S.W.3d 522 (Tex.Cr.App.199).  In other words, it is alright to mislead a capital jury in every area except one, that being "who shoulders the ultimate responsibility for the verdict".  This premise certainly flies in the face of those United States Supreme Court decisions cited herein that mandate a heightened responsibility on the court to guide a jury to a reliable decision that imposes death on a narrow class and in a manner that is neither arbitrary or automatic.

The 10/12 language of Article 37.071 can't even pass the questionable test enunciated in *Prystash. supra.*  The jurors are misled into believing that the verdict of life rests with 10 of them, when in fact, it rests with only one.  Further, this concealment from the jurors does not deal with the "consequences of their

000346

deliberations". It conceals from each juror his or her right to vote her conscience based upon the evidence heard. The impact and effect of mitigating evidence is lost on jurors when each does not realize that a single vote for life will result in life sentence.

The state and Defendant are both entitled to a fair trial. V.A.C.C.P. 2.03(b). The obligation to ensure this is imposed upon the trial court, the attorneys for the state and defense and all peace officers. The trial court is guaranteed a fair trial by the requirement that counsel give the trial court every opportunity to correct any perceived error. There is no such right accorded to jurors, even in the most serious of cases. The Texas Court of Criminal Appeals says that it is alright to conceal from the jurors the consequences of their deliberations.

10. The penalty of death may not be imposed under sentencing procedures that create a substantial risk that the punishment will be inflicted in an arbitrary and capricious manner. *Furman*, supra., *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) and *Godfrey v. Georgia*, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980). The Texas Death Penalty Scheme is both arbitrary and capricious.

11. V.A.C.C.P. 37.07(2)(b)(20 asks the jury to decide "...whether the defendant actually caused the death of the deceased **or** did not actually cause the death of the deceased but intended to kill the deceased **or** another **or** anticipated that a human life would be taken". This instruction violates the principle set forth in *Schad v. Arizona*, 501 U.S. 624 (1991) that a jury must be unanimous as to the means of committing the crime when there is a material difference between the various means set forth in the jury instructions. This difference in the defendant's

J00347

state of mind is material particularly in light of the fact that the **circumstances of the offense** is to be taken into consideration by the jury when determining if the defendant should die or not.

12.  The United States Supreme Court considered the Texas Death Penalty scheme in the post *Furman* era in Jurek v. Texas, 428 U.S. 262. The death penalty statute was the "old" version of Art. 37.081 that required the jury to consider (1) deliberateness, (2) future dangerousness and (3) provocation. This was pre Penry and so no Penry issue was submitted. However, the Court held that the death penalty statute did not violate the 8th and 14th amendments to the United States Constitution. The Court said, "the Texas Court of Criminal Appeals has yet to define precisely the meanings of such terms as 'criminal acts of violence' or continuing threat to society." In the present case, however, it indicated that it will interpret this second question so as to allow a defendant to bring to the jury's attention **whatever mitigating circumstance he maybe able to show**. ....thus, Texas law essentially requires that a jury may be asked to consider whatever evidence of mitigating circumstances the defense can bring before it. It thus appears that, as in Georgia and Florida, the Texas capital sentencing procedure guides and focuses the jury's objective consideration of the particularized circumstances of the individual offense and the individual offender before it can impose a sentence of death. Jurek, supra at 939.

This requirement–allowing the defendant to put on whatever mitigating circumstance[s] he may show is a requirement of any death penalty scheme. The current version of Art. 37.071 requires the court to instruct the jury to consider if there is "..sufficient mitigating circumstances to warrant that a life of

MOTION TO DECLARE V.A.C.C.P 37.071 UNCONSTITUTIONAL AND FOR OTHER RELIEF - Page 15

imprisonment rather than a death sentence be imposed."

The validity of the Texas scheme therefor rises or falls based on the following principle;

> What is essential is that the jury have before it all possible relevant information abut the individual defendant whose fate it must determine. Texas law clearly assure that all such evidence will be adduced. *Jurek, supra* at 941.

Such was the promise of the Texas Courts that earned the approval of the United States Supreme Court. The CCA has gone back on that promise. In Prystash v. State, 3 S.W. 3rd 522 (Tex.Crim.App. 1999) the CCA has said:

However, 'in order for mitigating evidence to have relevance beyond the scope of special issues, there must be relevance between the mitigating evidence and the circumstances surrounding the crime that tends to excuse or explain the criminal act, so as to make that particular defendant less death worthy.' Goff v. State, 931 S.W. 2d 537, 556 (Tex.Crim.App. 1996) *cert. denied,* 520 U.S. 1171, 117 S.Ct. 1438, 137 L.Ed.2d 545 (1997). Although Article 37.071, section 2(e) allows the consideration of background and character evidence in addition to the personal moral culpability of the defendant, section 2(e) does not necessarily permit the introduction of any evidence that the defense believes may sway a jury to render a life verdict. Prystash, supra at 534-535.

The CCA is in effect limiting mitigating evidence to that which relates to the defendant's moral culpability. As noted above, this is a negative to begin with an unconstitutionally limits the mitigating evidence a defendant can offer to save his life.

13. Should the Court preclude death as a sentencing option for the jury, the expense

incurred by the State and County and the resulting use of this Court's time will be dramatically reduced.

WHEREFORE PREMISES CONSIDERED, the Accused, WESLEY RUIZ, moves this Court to:

(i)   determine that V.A.C.C..P. 37.071 in unconstitutional on its face; or in the alternative;

(ii)  determine that V.A.C.C.P 37.071 is unconstitutional as it is applied to this Accused;

(iii) dismiss the indictment returned herein, with prejudice.

(iv)  preclude the death penalty as a sentencing option for the jury in this case

(v)   grant him such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

PAUL BRAUCHLE
4131 N. Central Expy., Suite 680
Dallas, Texas  75204
(214) 742-2332
(214) 739-3234 - Fax
State Bar No. 02918000

WM. E. "KARO" JOHNSON
3300 Oak Lawn, Suite 600
Dallas, Texas  75219
(214) 824-9955
(214) 528-6601 - Fax
State Bar No. 10804500

ATTORNEYS FOR DEFENDANT

**MOTION TO DECLARE  V.A.C.C.P  37.071 UNCONSTITUTIONAL AND FOR OTHER RELIEF** - Page 17

000850

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served

upon the Dallas County District Attorney's Office on this the ⎽⎽⎽ day of December, 2007.

PAUL BRAUCHLE

## O R D E R

On this the ⎽⎽19⎽⎽ day of ⎽⎽December⎽⎽, 2007, the foregoing Motion having

been timely presented to the Court, the same is hereby (GRANTED) (DENIED to which action

of the Court the Defendant excepts.)

JUDGE PRESIDING

MOTION TO DECLARE V.A.C.C.P 37.071 UNCONSTITUTIONAL AND FOR OTHER RELIEF - Page 18

000351

CAUSE NO. F07-50318

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 194TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| WESLEY RUIZ | § | DALLAS COUNTY, TEXAS |

## DISCOVERY

I hereby acknowledge receipt of the following documents:

1.  Irving Police Department Offence Report:  Deadly Conduct, F97-31482
2.  Garland Police Department Offense Report:  Poss CS, F07-23577
3.  Dallas Police Department Offense Report:  Capital Murder, F07-50318
4.  Witness statements:

> Sergio Castillo
> Veronica Morales
> Malcolm Ealum
> Delecia Hunter
> Carolina Gonzalez
> Margaret Romero
> Rachel Romero
> Crystal Mousou

5.  Investigative notes regarding Erica Rivera
6.  Wesley Ruiz juvenile records
7.  PES Records/offense reports
8.  Bluebacks
9.  Wesley Ruiz School records
10. Examining Trial transcript
11. Misdemeanor offense reports
12. Dallas Morning News articles
13. Wesley Ruiz criminal history
14. Autopsy/hospital records

_____
Paul Brauchle

## CERTIFICATION

The State of Texas           §

County of Dallas             §

I, Gary Fitzsimmons, Clerk of the _____194th JUDICIAL DISTRICT COURT_____ of Dallas
County, Texas do hereby certify that the documents contained in this record to which this
certification is attached are all of the documents specified by Texas Rule of Appellate
Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding
under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL at my office in Dallas County, Texas this
_3rd_ day of _____OCTOBER_____, _2008_ .

Signature of Clerk:          _Ana McDaniel_

Name of Clerk:               **Ana McDaniel**

Title:                       **Deputy Clerk**