

CASE NUMBER AP-75,968
TRIAL COURT NUMBER F-07-50318-M

# BINDER 1 OF 11 BINDERS

*MASTER INDEX*

STATE OF TEXAS

vs

WESLEY LYNN RUIZ

**FILED IN**
**COURT OF CRIMINAL APPEALS**

JUN 1 5 2009

**Louise Pearson, Clerk**

1                    CAUSE NO. F07-50318-M

2    THE STATE OF TEXAS          *    IN THE DISTRICT COURT

3    vs.                         *    194TH JUDICIAL DISTRICT

4    WESLEY LYNN RUIZ            *    DALLAS COUNTY, TEXAS

5

6

7    - - - - - - - - - - - - - - - - - - - - - - - - - - -

8

9                        REPORTER'S RECORD

10                         MASTER INDEX

11                      Volume 1 of 59 Volume(s)

12

13

14   - - - - - - - - - - - - - - - - - - - - - - - - - - -

15

16

17

18

19            BE IT REMEMBERED THAT on this the 9th day of

20   November, A.D, 2007, the above-styled and -numbered cause(s)

21   came on for hearing before the HONORABLE ERNEST B. WHITE, III

22   of the 194th Judicial District Court of Dallas County, State

23   of Texas, the following is a true and correct transcription of

24   the proceedings had, to-wit:

25       (Proceedings Reported by Computerized Machine Shorthand)

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    A P P E A R A N C E S

 2    HON. ANDY BEACH
      Assistant District Attorney
 3    State Bar No. 01944900

 4
      HON. KEVIN BROOKS
 5    Assistant District Attorney
      State Bar No. 03070735
 6

 7    HON. ANDREA HANDLEY
      Assistant District Attorney
 8    State Bar No. 08898800

 9

10    HON. MARSHALL MCCALLUM
      Assistant District Attorney
11    State Bar No. 24027485

12

13    HON. GRACE SHIN
      Assistant District Attorney
14    State Bar No. 24033062

15

16    HON. LISA SMITH
      Assistant District Attorney
17    State Bar No. 00787131

18

19    HON. JULIUS WHITIER
      Assistant District Attorney
20    State Bar No. 21397900

21                              FOR THE STATE OF TEXAS

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    A P P E A R A N C E S

 2

 3    HON. PAUL BRAUCHLE
      Attorney at Law
 4    State Bar No. 02918000

 5

 6    HON. WILLIAM "KARO" JOHNSON
      Attorney at Law
 7    State Bar No. 10804500

 8

 9    HON. DOUGLAS PARKS
      Attorney at Law
10    State Bar No. 15520000

11                                 FOR THE DEFENDANT

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3

# I N D E X

(Content of Master Index)

| | PAGE |
|---|---|
| Volumes by Binders ................................ | 5 |
| Chronological of Veniremen ....................... | 10 |
| Chronological of Witnesses ....................... | 54 |
| Alphabetical of Veniremen ...................... | 68 |
| Alphabetical of Witnesses ...................... | 72 |
| State's Exhibits ................................ | 75 |
| Defendant's Exhibits ............................ | 83 |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                 **I N D E X   B Y   B I N D E R**

2  Binder 1 of 11 Binders includes Volume 1

3     *(Master Index)*

4

5  Binder 2 of 11 Binders includes Volumes 2 through 10

6     *(Pretrial, Juror Qualifications, Voir Dire of Veniremen)*

7

8  Binder 3 of 11 Binders includes Volumes 11 through 20

9     *(Voir Dire of Veniremen)*

10

11  Binder 4 of 11 Binders includes Volumes 21 through 30

12     *(Voir Dire of Veniremen)*

13

14  Binder 5 of 11 Binders includes Volumes 31 through 35

15     *(Voir Dire or Veniremen)*

16

17  Binder 6 of 11 Binders includes Volumes 36 through 45

18     *(Voir Dire, Pretrial Hearings, Testimony of Witnesses)*

19

20  Binder 7 of 11 Binders includes Volumes 46 through 55

21     *(Testimony of Witnesses, Punishment Phase)*

22

23  Binder 8 of 11 Binders includes Volume 56

24     *(State's Exhibits 1 through 66)*

25

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                           I N D E X   B Y   B I N D E R

2       Binder 9 of 11 Binders includes Volume 57

3             (State's Exhibits 68 through 123)

4

5       Binder 10 of 11 Binders includes Volume 58

6             (State's Exhibits 124 through 198)

7

8       Binder 11 of 11 includes Volume 59

9             (Defendant's Exhibits 1 through 65)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1              **I N D E X**

2            Volume 2 OF 59 Volumes

3                                      PAGE/VOL.

4   Proceedings – 11/09/07 ............................    4/2

5   Reporter's Certificate ............................     6

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                           I N D E X

2                    Volume 3 OF 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 11/30/07 ........................... 4/3

5    Morning Voir Dire Examination - The Court ..........   4

6    Individual Exemptions/Disqualifications ............   11

7    Afternoon Voir Dire Examination - The Court ........   50

8    Individual Exemptions/Disqualifications ............   60

9

10   Reporter's Certificate ...........................   98

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    .              I N D E X

 2                       Volume 4 OF 59 Volumes

 3                                               PAGE/VOL.

 4     Proceedings - 12/19/07 ...........................  4/4

 5     Arraignment .......................................   43

 6     Reporter's Certificate ............................   44

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

I N D E X

### Volume 5 OF 59 Volumes

PAGE/VOL.

Proceedings - 01/14/08 ............................  4/5

VERONICA MONTIEL

Voir Dire Examination by - Mr. Beach ..............    5

Dismissed by Agreement ...........................   21

VIEVEN MOORE

Voir Dire Examination by - Mr. Beach ..............   22

Voir Dire Examination by - Mr. Brauchle ..........   52

Juror Accepted ...................................   81

BRIAN PAUL

Voir Dire Examination by - Mr. Beach ..............   83

Voir Dire Examination by - Mr. Brauchle ..........  105

State's Acceptance of Juror ......................  124

Defense's Challenge for Cause ....................  124

Challenge Denied .................................  126

Defense's Peremptory Strike ......................  126

RUTH VANDRUFF

Voir Dire Examination by - Mr. Beach ..............  127

Voir Dire Examination by - Mr. Brauchle ..........  152

State's Acceptance of Juror ......................  175

Defense's Challenge for Cause ....................  175

Challenge Denied .................................  178

Defense's Peremptory Strike ......................  178

```
1                        I N D E X

2              Volume 5 OF 59 Volumes Continued

3                                            PAGE/VOL.

4     Reporter's Certificate ............................    179

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    I N D E X

 2              Volume 6 OF 59 Volumes

 3                                             PAGE/VOL.
```

 4    Proceedings - 01/15/08 ...........................    4/6

 5    JOSE CRUZ

 6     Voir Dire Examination - Mr. Beach ................    4

 7     Dismissed by Agreement ..........................    8

 8    DOUGLASS SCHNURR

 9     Voir Dire Examination - Mr. Beach ................    9

10     Dismissed by Agreement ..........................   29

11    RICHARD ARNOLD

12     Voir Dire Examination - Mr. Beach ................   29

13     Dismissed by Agreement ..........................   40

14    CARLOS SEPULVEDA

15     Voir Dire Examination - Mr. Beach ................   41

16     Voir Dire Examination - Mr. Brauchle .............   65

17     Juror Accepted ..................................   80

18    LEROY KENNEDY

19     Voir Dire Examination - Mr. Beach ................   81

20     Dismissed by Agreement ..........................   89

21    ALICE COX

22     Voir Dire Examination - Mr. Beach ................   90

23     Dismissed by Agreement ..........................   97

24

25    Reporter's Certificate ..........................   98

```
 1                          I N D E X

 2                  Volume 7 OF 59 Volumes

 3                                              PAGE/VOL.

 4   Proceedings - 01/16/08 ...........................   4/7

 5   CYNTHIA CARR

 6     Voir Dire Examination - Mr. Beach ................    4

 7     Dismissed by Agreement ...........................   10

 8   BRIAN REID

 9     Voir Dire Examination - Mr. Beach ................   11

10     Dismissed by Agreement ...........................   14

11   ROBERT HART

12     Voir Dire Examination - Mr. Beach ................   14

13     Dismissed by Agreement ...........................   16

14

15   Reporter's Certificate ...........................   17

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1               I N D E X

2          Volume 8 OF 59 Volumes

3                                          PAGE/VOL.

4    Proceedings - 01/17/08 ...........................  4/8

5    MARY KENNEDY

6     Voir Dire Examination by - Mr. Beach ..............   4

7     Dismissed by Agreement ...........................  13

8    CLIFFORD MITCHELL

9     Voir Dire Examination by - Mr. Beach ..............  13

10    Dismissed by Agreement ...........................  34

11   TAMARA FUENTES

12    Voir Dire Examination by - Mr. Beach ..............  34

13    Voir Dire Examination by - Mr. Johnson ...........  59

14    Juror Accepted ...................................  88

15   TIMOTHY CHEEK

16    Voir Dire Examination by - Mr. Beach ..............  90

17    Dismissed by Agreement ...........................  92

18   THOMAS FLANNERY

19    Dismissed by Agreement ...........................  93

20   JANICE PETERS

21    Voir Dire Examination by Mr. Beach ...............  93

22    Dismissed by Agreement ...........................  103

23

24   Reporter's Certificate ...........................  105

25

```
 1                        I N D E X

 2                Volume 9 OF 59 Volumes

 3                                            PAGE/VOL.

 4   Proceedings - 01/22/08 ...........................   4/9

 5   COURTNEY SMITH

 6     Voir Dire Examination - Mr. Beach ................    4

 7     Dismissed by Agreement ...........................    7

 8   CAROLYN HART

 9     Voir Dire Examination - Ms. Handley ..............    8

10     Dismissed by Agreement ...........................   18

11   JENNIFER YOULE

12     Voir Dire Examination - Mr. Beach ................   19

13     Voir Dire Examination - Mr Brauchle ..............   54

14     State's Acceptance of Juror ......................   79

15     Defense's Challenge for Cause ....................   79

16     Challenge Denied .................................   83

17     Defense's Peremptory Strike ......................   84

18   STEPHEN HURST

19     Voir Dire Examination - Mr. Beach ................   85

20     Dismissed by Agreement ...........................   92

21   CAROL GAUGER

22     Voir Dire Examination - Mr. Beach ................   94

23     Dismissed by Agreement ...........................  106

24   FERNANDO SALAZAR

25     Dismissed by Agreement ...........................  106
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                          I N D E X

2                  Volume 9 OF 59 Volumes Continued

3                                                    PAGE/VOL.

4   Reporter's Certificate ...........................   107

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

I N D E X

Volume 10 OF 59 Volumes

PAGE/VOL.

Proceedings - 01/23/08 ............................. 5/10

**LOUIS KOSAREK**

Voir Dire Examination by - Mr. Beach .............     5

Voir Dire Examination by - Mr Brauchle ............    36

State's Acceptance of Juror .......................    52

Defense's Challenge for Cause .....................    53

Challenge Denied ..................................    54

Defense's Peremptory Strike .......................    54

**PAULA CLEARFIELD**

Voir Dire Examination by - Ms. Handley ............    55

Dismissed by Agreement ............................    63

**KATHLENE GEE**

Voir Dire Examination by - Ms. Handley ............    64

Dismissed by Agreement ............................    67

**NICOLE STINNETT**

Voir Dire Examination by - Mr. Beach ..............    68

Dismissed by Agreement ............................    75

**PATRICIA WINDLE**

Voir Dire Examination by - Ms. Handley ............    76

Dismissed by Agreement ............................    85

```
 1                        I N D E X

 2            Volume 10 of 59 Volumes Continued

 3                                           PAGE/VOL.

 4   DAWN TEAGUE                               86/10

 5    Voir Dire Examination by - Mr. Beach .............   86

 6    Dismissed by Agreement ...........................   93

 7

 8   Reporter's Certificate ...........................   94

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                         I N D E X

 2               VOLUME 11 OF 59 VOLUMES

 3                                           PAGE/VOL.

 4    Proceedings - 01/24/08 ........................  4/11

 5    LEE BARRON

 6      Voir Dire Examination by - Mr. Beach ..............    4

 7      Dismissed by Agreement ...........................    8

 8    LESLIE GOEKLER

 9      Dismissed by Agreement ...........................    8

10    STEPHANIE MCGHEE

11      Dismissed by Agreement ...........................    8

12    DEBORAH FITZGERALD

13      Voir Dire Examination by - Mr. Beach ..............    9

14      Voir Dire Examination by - Mr. Johnson ...........   42

15      Juror Accepted ...................................   76

16    GRACE MCLEROY

17      Dismissed by Agreement ...........................   78

18    GEORGE BLUE

19      Dismissed by Agreement ...........................   78

20

21    Reporter's Certificate ...........................   79

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                    I N D E X

2            VOLUME 12 OF 59 VOLUMES

3                                         PAGE/VOL.
```

```
4   Proceedings - 01/28/08 ........................... 4/12

5   SIMON RODRIGUEZ

6     Voir Dire Examination by - Mr. Beach ..............    4

7     Voir Dire Examination by - Mr. Brauchle ...........   39

8     Juror Accepted ...................................   72

9   MONICA STORY

10    Voir Dire Examination by - Ms. Handley ............   73

11    Dismissed by Agreement ...........................   85

12  JAMES DAVIS

13    Voir Dire Examination by - Mr. Beach ..............   86

14    Voir Dire Examination by - Mr. Johnson ...........  121

15    State's Peremptory Strike ........................  156

16

17  Reporter's Certificate ...........................  157
```

```
18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                          I N D E X

 2                  VOLUME 13 OF 59 VOLUMES

 3                                              PAGE/VOL.

 4     Proceedings - 01/29/08 ........................... 4/13

 5     ROBERT LINSON

 6      Voir Dire Examination by - Mr. Beach...............    4

 7      Dismissed by Agreement ...........................   11

 8     CYNTHIA RYDER

 9      Voir Dire Examination by - Mr. McCallum ...........   12

10      Dismissed by Agreement ...........................   19

11     AMY WANDS

12      Voir Dire Examination by - Mr. Beach .............   20

13      Dismissed by Agreement ...........................   32

14

15     Reporter's Certificate ...........................   33

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                          I N D E X

 2                  VOLUME 14 OF 59 VOLUMES

 3                                              PAGE/VOL.

 4    Proceedings - 01/30/08 ...........................  4/14

 5    KENNETH MCCOY

 6      Voir Dire Examination - Mr. Beach ................     4

 7    BONNIE RIVERA

 8      Voir Dire Examination - Mr. McCallum .............     9

 9      Voir Dire Examination - Mr. Brauchle .............    26

10      Juror Accepted ..................................    54

11    STEVEN SOLKA

12      Dismissed by Agreement ..........................    56

13    LANELL TURNER

14      Dismissed by Agreement ..........................    56

15    MARTIN HINOJOSA

16      Voir Dire Examination - Mr. Beach ...............    57

17      Voir Dire Examination - Mr. Johnson .............    90

18      State's Acceptance of Juror .....................   128

19      Defense's Challenge for Cause ...................   128

20      Challenge Denied ................................   129

21      Defense's Peremptory Strike .....................   129

22

23    Reporter's Certificate ...........................   130

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1

## I N D E X

2

### Volume 15 OF 59 Volumes

3

PAGE/VOL.

4      Proceedings - 01/31/08 ............................. 4/15

5      **ROBERT BARNETT**

6       Voir Dire Examination - Mr. Beach ................    4

7       Dismissed by Agreement ...........................   35

8

9      Reporter's Certificate ...........................   37

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                          I N D E X

2                    Volume 16 of 59 Volumes

3                                             PAGE/VOL.

4   Proceedings - 02/04/08 ........................... 4/16

5   DEBORAH KNIGHT

6     Voir Dire Examination - Ms. Handley ..............    4

7     Dismissed by Agreement ...........................    8

8   BRUCE BECKWITH

9     Voir Dire Examination - Mr. McCallum ..............   9

10    Dismissed by Agreement ...........................   10

11  MORNING JURY PANEL

12    Voir Dire Examination - The Court ................   11

13  AFTERNOON JURY PANEL

14    Voir Dire Examination - The Court ................   26

15

16  Reporter's Certificate ............................   46

17

18

19

20

21

22

23

24

25
```

```
 1                        I N D E X

 2                  Volume 17 of 59 Volumes

 3                                                  PAGE/VOL.

 4   Proceedings - 02/05/08 ........................... 4/17

 5   MORNING JURY PANEL

 6     Voir Dire Examination - The Court ................     4

 7   AFTERNOON JURY PANEL

 8     Voir Dire Examination - The Court ................    21

 9

10   Reporter's Certificate ...........................    42

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                          I N D E X

2                   Volume 18 of 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 02/06/08 ...........................  4/18

5    RACHEL GEORGE

6      Voir Dire Examination - Mr. Beach ................   4

7      Voir Dire Examination - Mr. Brauchle .............  38

8      Dismissed by Agreement ...........................  58

9    JACQUELINE GRIMMETT

10     Voir Dire Examination - Ms. Handley ..............  59

11     Dismissed by Agreement ...........................  75

12   SHARMA BLACKBURN

13     Voir Dire Examination - Mr. Marshall .............  76

14     Dismissed by Agreement ...........................  82

15   BARBARA PIERSON

16     Voir Dire Examination - Ms. Handley ..............  83

17     Dismissed by Agreement ...........................  88

18

19   Reporter's Certificate ...........................  89

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                   I N D E X

2             Volume 19 of 59 Volumes

3                                          PAGE/VOL.

4    Proceedings - 02/07/08 ............................ 4/19

5    SHERRIE TOOTLE

6      Voir Dire Examination - Mr. Handley ...............    4

7      Voir Dire Examination - Mr. Johnson ..............   54

8      Juror Accepted ...................................   88

9    KATHLENE BRADLEY

10     Voir Dire Examination - Mr. Beach ................   89

11     Dismissed by Agreement ...........................   94

12   JENNIE MARK

13     Voir Dire Examination - Mr. Beach ................   94

14     Dismissed by Agreement ...........................   98

15   DANA KAYKENDALL

16     Voir Dire Examination - Mr. Beach ................   99

17     Voir Dire Examination - Mr. Brauchle ..............  135

18     State's Acceptance of Juror ......................  160

19     Defense's Challenge for Cause ....................  160

20     Challenge Denied .................................  161

21     Defense's Peremptory Strike ......................  161

22   WALTER GARRISS

23     Voir Dire Examination - Mr. Beach ................  162

24     Dismissed by Agreement ...........................  171

25   Reporter's Certificate ...........................  172
```

I N D E X

Volume 20 of 59 Volumes

PAGE/VOL.

Proceedings - 02/11/08 ........................... 4/20

MORNING JURY PANEL

  Voir Dire Examination - The Court ................    4

AFTERNOON JURY PANEL

  Voir Dire Examination - The Court ................   25


Reporter's Certificate ...........................   47

1                              I N D E X

2                     Volume 21 of 59 Volumes

3                                                    PAGE/VOL.

4      Proceedings - 02/12/08 ............................ 4/21

5      MORNING JURY PANEL

6        Voir Dire Examination - The Court ................    4

7      AFTERNOON JURY PANEL

8        Voir Dire Examination - The Court ................   21

9

10     Reporter's Certificate ............................   40

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    I N D E X

 2           Volume 22 of 59 Volumes

 3                                    PAGE/VOL.

 4   Proceedings - 02/13/08 ........................... 5/22

 5   TAMARA JONES

 6    Voir Dire Examination - Mr. Beach ................    5

 7    Dismissed by Agreement............................   10

 8   ORLIDIA MOLINAR

 9    Voir Dire Examination - Mr. Beach ................   11

10    Dismissed by Agreement ...........................   13

11   SUSAN LEMOND

12    Voir Dire Examination - Mr. Beach ................   14

13    Dismissed by Agreement ...........................   17

14   BRADLEY CALDWELL

15    Voir Dire Examination - Mr. Beach ................   18

16    Voir Dire Examination - Mr. Brauchle .............   54

17    State's Acceptance of Juror ......................   78

18    Defense's Challenge for Cause ....................   78

19    Challenge Denied .................................   78

20    Defense's Peremptory Strike ......................   78

21   DEBORAH MAXWELL

22    Voir Dire Examination - Ms. Handley ..............   79

23    Dismissed by Agreement ...........................   88

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                              I N D E X

2                 Volume 22 of 59 Volumes Continued

3                                                    PAGE/VOL.

4    **MARCELLE TRAMMELL**                              89/22

5      Voir Dire Examination - Mr. Beach ............... 89

6      Voir Dire Examination - Mr. Johnson ............ 106

7      State's Challenge for Cause ..................... 117

8

9    Reporter's Certificate ........................... 118

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                          I N D E X

2                   Volume 23   of 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 02/14/08 ........................... 4/23

5    GAYLE SCHIEGG

6     Voir Dire Examination - Ms. Handley ..............    4

7     Dismissed by Agreement ...........................   14

8    KATHRYN KRUEGER

9     Voir Dire Examination - Mr. Beach ................   15

10    Dismissed by Agreement ...........................   20

11

12   Reporter's Certificate ...........................   21

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                              I N D E X

2                    Volume 24 of 59 Volumes

3                                                    PAGE/VOL.

4    Proceedings - 02/18/08 ............................ 4/24

5    JAMES BEAKEY

6      Voir Dire Examination - Mr. Beach .................    4

7      Dismissed by Agreement ...........................   18

8    DOLORES FOSTER

9      Voir Dire Examination - Mr. Beach ................   19

10     Voir Dire Examination - Mr. Brauchle .............   60

11     State's Acceptance of Juror ......................   84

12     Defense Acceptance of Juror ......................   84

13   MELANY AUGHTMAN

14     Voir Dire Examination - Mr. Beach ................   86

15     Dismissed by Agreement ...........................   88

16   GENE GARVIN

17     Voir Dire Examination - Ms. Handley ..............   89

18     Dismissed by Agreement ...........................  124

19   IVAN DIXON

20     Voir Dire Examination - Mr. McCallum .............  126

21     Dismissed by Agreement ...........................  139

22   LINDA ROUSSEAU

23     Voir Dire Examination - Mr. Beach ................  140

24     Dismissed by Agreement ...........................  145

25   Reporter's Certificate ............................  146

```
1                        I N D E X

2                  Volume 25 of 59 Volumes

3                                                PAGE/VOL.

4    Proceedings - 02/19/08 .......................... 4/25

5    ROSE MARIE SNYDER

6      Voir Dire Examination - Ms. Handley ..............    4

7      Dismissed by Agreement ..........................   28

8    ROBERT JONDLE

9      Voir Dire Examination - Mr. Beach ................   29

10     Voir Dire Examination - Mr. Johnson ..............   70

11     State's Peremptory Strike ........................   90

12

13   Reporter's Certificate ...........................   92

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

I N D E X

Volume 26 of 59 Volumes

PAGE/VOL.

Proceedings - 02/20/08 ........................... 4/26

JO ANN COLE

  Voir Dire Examination - Mr. Beach ................    4

  Dismissed by Agreement ...........................    9

SHERI KETTLETY

  Voir Dire Examination - Ms. Handley ..............   10

  Voir Dire Examination - Mr. Brauchle .............   50

  Dismissed by Agreement ...........................   56

DANNY MACK

  Voir Dire Examination - Mr. Beach ................   58

  Dismissed by Agreement ...........................   62

MARK HARTWECK

  Voir Dire Examination - Mr. McCallum .............   63

  Dismissed by Agreement ...........................   72

ASHLEY ROBLES

  Voir Dire Examination - Ms. Handley ..............   73

  Dismissed by Agreement ...........................   75

LAMARK GULLEY

  Voir Dire Examination - Mr. Beach ................   76

  Dismissed by Agreement ...........................   91


Reporter's Certificate ...........................   93

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2                Volume 27 of 59 Volumes

 3                                           PAGE/VOL.
```

```
 4    Proceedings - 02/21/08 ........................... 4/27

 5    JOHN STITTEN

 6      Voir Dire Examination - Ms. Handley ..............    4

 7      Dismissed by Agreement ...........................   14

 8    ADRIAN HOWARD

 9      Voir Dire Examination - Ms. Handley ..............   15

10      Voir Dire Examination - Mr. Brauchle ..............   63

11      Defense's Peremptory Strike ......................  111

12    MICHAEL WHITTLE

13      Dismissed by Agreement ...........................  111

14

15    Reporter's Certificate ...........................  113
```

```
16

17

18

19

20

21

22

23

24

25
```

```
 1                       I N D E X

 2                Volume 28 of 59 Volumes

 3                                          PAGE/VOL.

 4    Proceedings - 02/27/08 ........................... 4/28

 5    CHERYL BEVERLY

 6      Voir Dire Examination - Ms. Handley ..............   4

 7      Dismissed by Agreement  ..........................   7

 8    VENETIA HALUSE

 9      Voir Dire Examination - Mr. Beach ................   8

10      Dismissed by Agreement ...........................  11

11    ANNA MARIE STRINGER

12      Voir Dire Examination ............................  12

13      Dismissed by Agreement ...........................  23

14    DAVID DURDEN

15      Voir Dire Examination - Mr. McCallum .............  24

16      State's Peremptory Strike  .......................  47

17    ROLONDA ROYAL

18      Voir Dire Examination - Mr. Beach ................  49

19      Dismissed by Agreement ...........................  51

20    JAMES TROSCLAIR

21      Voir Dire Examination - Mr. Beach ................  52

22      Voir Dire Examination - Mr. Brauchle .............  92

23      State's Acceptance of Juror ......................  126

24      Defense's Acceptance of Juror ....................  126

25    Reporter's Certificate ...........................  128
```

```
1                          I N D E X

2                   Volume 29 of 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 02/28/08 ........................... 4/29

5    JOE YODER

6      Voir Dire Examination - Mr. Beach ................    4

7      Dismissed by Agreement ...........................    7

8    JAMES WHALEY

9      Voir Dire Examination - Mr. Beach ................    8

10     Dismissed by Agreement ...........................   15

11   LEO SCHNEIDER

12     Voir Dire Examination - Mr. Beach ................   16

13     Dismissed by Agreement ...........................

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                    I N D E X

2              Volume 30 of 59 Volumes

3                                          PAGE/VOL.

4    Proceedings - 03/03/08 ........................... 4/30

5    TAMARA KRETLOW

6     Voir Dire Examination - Mr. Beach .................     4

7     Dismissed by Agreement ...........................    21

8    ROBERT TURBON

9     Voir Dire Examination - Ms. Handley ..............    22

10    Voir Dire Examination - Mr. Johnson ..............    56

11    Acceptance of the Juror by the State .............   100

12    Acceptance of the Juror by the Defense ...........   100

13   JUNE TEHAN

14    Voir Dire Examination - Mr. McCallum..............   102

15    Dismissed by Agreement ...........................   111

16   CYNTHIA SANTOSCOY

17    Voir Dire Examination - Mr. Beach.................   112

18    Dismissed by Agreement ...........................   114

19   FLOYD GIBBS

20    Voir Dire Examination - Mr. McCallum .............   115

21    Dismissed by Agreement ...........................   125

22   LLOYD MCGINNIS

23    Voir Dire Examination - Mr. Handley ..............   126

24    Dismissed by Agreement ...........................   142

25   Reporter's Certificate ...........................   143
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    I N D E X

 2              Volume 31 of 59 Volumes

 3                                        PAGE/VOL.

 4   Proceedings - 03/04/08 ........................... 5/31

 5   JAMES GARNER

 6     Voir Dire Examination - Ms. Handley ..............   5

 7     Dismissed by Agreement ...........................  15

 8   EDUARDO RUIZ

 9     Voir Dire Examination - Mr. Beach ................  16

10     Voir Dire Examination - Mr. Brauchle .............  51

11     State's Acceptance of Juror ......................  72

12     Defense's Challenge for Cause ....................  72

13     Challenge Denied .................................  73

14     Defense's Peremptory Strike ......................  73

15   JAMES STRAHAN

16     Voir Dire Examination - Mr. McCallum .............  75

17     Dismissed by Agreement ...........................  91

18   SALLY MORRIS

19     Voir Dire Examination - Ms. Handley ..............  92

20     Voir Dire Examination - Mr. Johnson ............. 122

21     State's Acceptance of Juror ...................... 155

22     Defense's Challenge for Cause .................... 161

23     Challenge Denied ................................. 161

24     Defense's Peremptory Strike ...................... 161

25
```

```
 1                        I N D E X

 2            Volume 31 of 59 Volumes Continued

 3                                              PAGE/VOL.

 4   CHERYL NICHOLS

 5    Voir Dire Examination - MR. BEACH ................  163

 6    Dismissed by Agreement ...........................  177

 7   JANET COCKERHAM

 8    Voir Dire Examination - Mr. Beach ................  178

 9    Dismissed by Agreement ...........................  195

10

11   Reporter's Certificate ...........................  196

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                           I N D E X

2                  Volume 32 of 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 03/05/08 ............................ 4/32

5    SHARON JOHNSTON

6      Voir Dire Examination - Mr. McCallum...............    4

7      Dismissed by Agreement ...........................   14

8    JAMES PUTNAM

9      Voir Dire Examination - Ms. Handley ..............   15

10     Dismissed by Agreement ...........................   43

11   GERALDINE GAGE

12     Voir Dire Examination - Mr. McCallum .............   44

13     Dismissed by Agreement ...........................   71

14   LINDA JAMES

15     Voir Dire Examination - Ms. Handley ..............   72

16     Dismissed by Agreement ...........................   74

17   JEAN BROWN

18     Voir Dire Examination - Mr. McCallum .............   75

19     State's Challenge for Cause ......................  116

20     Challenge Granted ................................  116

21   LISA HANSEN

22     Voir Dire Examination - Ms. Handley ..............  117

23     Dismissed by Agreement ...........................  135

24

25     Reporter's Certificate ...........................  136

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2               Volume 33 of 59 Volumes

 3                                          PAGE/VOL.

 4   Proceedings - 03/06/08 ........................... 4/33

 5   ZONA PARKER

 6    Voir Dire Examination - Mr. McCallum .............    4

 7    Dismissed by Agreement ...........................   39

 8   LESLYE DYKES

 9    Voir Dire Examination - Ms. Handley ..............   40

10    Voir Dire Examination - Mr. Brauchle .............   86

11    Defense's Challenge for Cause ....................  112

12    Challenge Denied .................................  114

13    Defense's Peremptory Strike ......................  114

14   BRENDA PROPPER

15    Voir Dire Examination - Ms. Handley ..............  116

16

17   Reporter's Certificate ...........................  167

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2               Volume 34 of 59 Volumes

 3                                          PAGE/VOL.

 4   Proceedings - 03/10/08 ........................... 5/34

 5   HATTIE NANCE

 6    Voir Dire Examination - Ms. Handley...............   5

 7    Dismissed by Agreement ..........................  10

 8   BRENDA PROPPER

 9    Voir Dire Examination - Mr. Brauchle .............  11

10    State's Acceptance of Juror ......................  41

11    Defense's Challenge ..............................  41

12    Challenge Denied .................................  42

13    Defense's Acceptance of Juror ....................  42

14   STEPHEN GARRETT

15    Voir Dire Examination - Mr. McCallum..............  44

16    Voir Dire Examination - Mr. Johnson ..............  70

17    State's Acceptance of Juror ......................  97

18    Defense's Challenge ..............................  97

19    Challenge Granted ................................  97

20   OPELENE WEST

21    Voir Dire Examination - Ms. Handley ..............  99

22    Voir Dire Examination - Mr. Brauchle ............. 128

23    State's Acceptance of Juror ...................... 136

24    Defense's Challenge .............................. 136

25    Challenge Denied ................................. 137
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                          I N D E X

 2               Volume 34 of 59 Volumes Continued

 3                                              PAGE/VOL.

 4    Defense's Pre-emptory Challenge .................. 137

 5    DENNA HOWLETT

 6    Voir Dire Examination - Mr. McCallum ............. 138

 7    Voir Dire Examination - Mr. Johnson  ............. 154

 8    State's Acceptance of Juror ...................... 165

 9    Defense's Challenge for Cause .................... 165

10    Challenge Denied ................................. 166

11    Defense's Pre-emptory Challenge .................. 167

12

13    Reporter's Certificate ........................... 168

14

15

16

17

18

19

20

21

22

23

24

25
```

Belinda G. Baraka, Official Court Reporter
214-653-5803

                        I N D E X

                   Volume 35 of 59 Volumes

                                              PAGE/VOL.

Proceedings - 03/11/08 ............................ 4/35

WILLIAM GRAMMER

 Voir Dire Examination - Ms. Handley ..............    4

 Dismissed by Agreement ...........................    8

MATTHEW HIGGINBOTHAN

 Voir Dire Examination - Mr. McCallum .............    9

 Dismissed by Agreement ...........................   15

OPAL SMITH

 Voir Dire Examination - Ms. Handley ..............   17

 Voir Dire Examination - Mr. Johnson .............    42

 State's Acceptance of Juror ......................   52

 Defense's Challenge ..............................   52

 Challenge Denied .................................   54

 Defense's Pre-emptory Strike .....................   54

KEMA CARTER

 Voir Dire Examination - Mr. McCallum .............   55

 Voir Dire Examination - Mr. Brauchle .............   69

 State's Acceptance of Juror ......................   73

 Defense's Challenge ..............................   73

 Challenge Denied .................................   74

 Defense's Pre-emptory Strike .....................   74

Reporter's Certificate ...........................   76

```
1                    I N D E X

2            Volume 36 of 59 Volumes

3                                        PAGE/VOL.
```

```
4   Proceedings - 03/12/08 ........................... 5/36

5   JAMES GAGE

6     Voir Dire Examination - Ms. Handley ..............    5

7     Voir Dire Examination - Mr. Brauchle ..............   48

8     State's Acceptance of Juror .......................  112

9     Defense's Challenge ...............................  112

10    Challenge Denied ..................................  112

11    Defense's Request for Additional Strike ...........  112

12    Request Denied ....................................  112

13    Juror Accepted ....................................  113

14  LAURA WORSHAM

15    Voir Dire Examination - Ms. Handley ..............   61

16    Voir Dire Examination - Mr. Brauchle ..............   77

17    State's Acceptance of Juror .......................   84

18    Defense's Challenge ...............................   84

19    Challenge Denied ..................................   85

20    Defense's Request for Additional Strike ...........   85

21    Request Granted ...................................   85

22    Defense's Pre-emptory Challenge ...................   85

23  CORINE HARTGRAVE

24    Voir Dire Examination - Mr. Beach ................   86

25    Voir Dire Examination - Mr. Johnson ..............  103
```

```
 1                        I N D E X

 2            Volume 36 of 59 Volumes Continued

 3                                              PAGE/VOL.

 4   CORINE HARTGRAVE (Cont.)

 5    State's Acceptance of Juror ....................... 110

 6    Defense's Challenge .............................. 110

 7    Challenge Denied ................................. 111

 8    Defense's Request for Additional Strike .......... 111

 9    Request Granted .................................. 111

10    Defense's Pre-emptory Challenge .................. 111

11   CURTIS CANNADY

12    Voir Dire Examination - Ms. Handley............... 113

13    Voir Dire Examination - Mr. Brauchle ............. 140

14   MACEY CONRADT

15    Voir Dire Examination - Mr. Beach ................ 157

16    Voir Dire Examination - Mr. Brauchle ............. 183

17

18   Reporter's Certificate ........................... 198

19

20

21

22

23

24

25
```

Belinda G. Baraka, Official Court Reporter
214-653-5803

```
 1                          I N D E X

 2                  Volume 37 of 59 Volumes

 3                                              PAGE/VOL.

 4   Proceedings - 03/27/08 ............................ 4/37

 5   Reporter's Certificate ............................   10

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20                                 .

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                          I N D E X

2                   Volume 38 of 59 Volumes

3                                             PAGE/VOL.

4     Proceedings - 04/08/08 ............................ 4/38

5     Reporter's Certificate ............................    24

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

I N D E X

Volume 39 of 59 Volumes

PAGE/VOL.

Proceedings - 05/08/08 ............................ 4/39

Reporter's Certificate ...........................    23

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

1                        I N D E X

2                  Volume 40 of 59 Volumes

3                                            PAGE/VOL.

4    Proceedings - 05/16/08 ........................... 4/40

5    DEFENSE'S WITNESS    Direct    Cross    V.Dire

6     J.S. BRISENO         8

7     ROCK RICHARDSON      37

8     BRIAN COODY          53

9     VICKI HALL           60

10    WESLEY RUIZ          85

11

12   Reporter's Certificate ...........................  88

13

14

15

16

17

18

19

20

21

22

23

24

25

---

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2                 Volume 41 of 59 Volumes

 3                                            PAGE/VOL.

 4   Proceedings - 05/23/08 ............................ 4/41

 5   Reporter's Certificate .............................    10

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

## I N D E X

### Volume 42 of 59 Volumes

PAGE/VOL.

Proceedings - 05/27/08 ............................ 6/42

In Camera Hearing ...................................  6

Conclusion of In Camera Hearing ...................  23

Jury Sworn ........................................  24

Jury Instructions .................................  24

Presentment of Indictment .........................  25

Opening Statement - by Mr. Brooks .................  26

| STATE'S WITNESS | Direct | Cross |
|-----------------|--------|-------|
| EDUARDO IBARRA | 33 | 37 |
| JEREMY BORCHARDT | 42 | 88 |
| HECTOR MARTINEZ | 121, 141 | 135, 145 |
| CARMEN DELGADILLO | 147 | 156 |

Reporter's Certificate ............................ 171

```
 1                        I N D E X

 2                   Volume 43 of 59 Volumes

 3                                          PAGE/VOL.

 4   Proceedings - 05/28/08 ........................... 7/43

 5   STATE'S WITNESS       Direct      Cross      V.Dire

 6    CARMEN DELGADILLO      8           12

 7    JASON JARC           13, 47      36, 53

 8    TODD HAECKER          68           87

 9    DANIEL KRIETER      123, 132   153, 162   131

10   In-Camera Hearing ............................... 143

11   Conclusion of In-Camera Hearing ................. 152

12   STATE'S WITNESS       Direct      Cross

13    VERONICA MORALES     167         174

14

15   Reporter's Certificate .......................... 177

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2                 Volume 44 of 59 Volumes

 3                                              PAGE/VOL.

 4    Proceedings - 05/29/08 ........................... 4/44

 5    Reporter's Certificate ...........................   10

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                       I N D E X

 2              Volume 45 of 59 Volumes

 3                                        PAGE/VOL.

 4    Proceedings - 06/02/08 ........................... 6/45

 5    STATE'S WITNESS       Direct    Cross     V.Dire

 6     PATRICK STARR        6, 32     21, 35

 7     JEFF METZGER         45, 54    57         53

 8     LARRY GORDON         63, 79    74

 9     STEVEN OSBORN        81        86

10    RAYMOND COOPER        106, 151  126, 154

11                          156       157

12     DEREK MCCARTER       158       161

13    MONICA LOPEZ          163, 171  169

14    VICKI HALL            173       193

15

16    Reporter's Certificate ........................... 200

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                         I N D E X

2                  Volume 46 of 59 Volumes

3                                            PAGE/VOL.

4   Proceedings - 06/03/08 ...........................  6/46

5   STATE'S WITNESS      Direct    Cross

6    JANICE PARCHMAN     9, 40    31, 42

7    BRIAN PAYNE         44

8    PATRICK STARR       45        56

9   State rests its Case in Chief .....................  61

10  DEFENSE'S WITNESS    Direct    Cross

11   MARIA CORREA        62, 76    72

12  In-Camera Hearing .................................  78

13  End of In-Camera Hearing ..........................  87

14  DEFENSE'S WITNESS    Direct    Cross    S.Rosa

15   RAQUEL SOSA                          89, 110

16                                        120

17   KARLOUS LAKE                         126, 137

18

19  Reporter's Certificate ............................  143

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2                 Volume 47 of 59 Volumes

 3                                            PAGE/VOL.

 4   Proceedings - 06/04/08 ........................... 6/47

 5   DEFENSE'S WITNESS    Direct    Cross     S.Rosa

 6    WESLEY RUIZ         9, 57    25, 60     7

 7   Defense Rests Case In Chief ...................... 62

 8   STATE'S WITNESS      Direct    Cross     S.Rosa

 9    HOWARD JOHNSON      62

10   Hearing ......................................... 65

11   STATE'S WITNESS                         S.Rosa

12    HOWARD JOHNSON                         65, 67

13   Argument by - Mr. Beach ......................... 76

14   Argument by - Mr. Brauchle ...................... 76

15   Argument by - Mr. Johnson ....................... 79

16   Argument by - Mr. Parks ......................... 79

17   Ruling .......................................... 80

18   STATE'S WITNESS      Direct    Cross

19    HOWARD JOHNSON      81, 87    86

20    PATRICK STARR       88

21   State Rests on Rebuttal ......................... 90

22   Jury Charge Requests ............................ 90

23

24   Reporter's Certificate .......................... 105

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                           I N D E X

2                  Volume 48 of 59 Volumes

3                                              PAGE/VOL.

4    Proceedings - 06/5/08 ............................ 5/48

5    Acceptance of Charge .............................    5

6    Defense Reopens ..................................    6

7    Defense Rest and Close............................    7

8    Charge of the Court ..............................    7

9    Argument by - Mr. Handley ........................    7

10   Argument by - Mr. Brauchle .......................   23

11   Argument by - Mr. Brooks .........................   49

12   Jury Deliberations ...............................   60

13   Verdict ..........................................   65

14   Defense Witness      Direct    Cross     S.Rosa

15    ANTHONY WILLIAMS                         66, 70

16                                             71, 72

17

18   Reporter's Certificate ...........................   75
```

```
19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2                  Volume 49 of 59 Volumes

 3                                              PAGE/VOL.

 4   Proceedings - 06/09/08 ........................... 4/49

 5   In-Camera Hearing ...............................    4

 6   End of In-Camera Hearing ........................    7

 7   Reporter's Certificate ..........................    8

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                    I N D E X

2              Volume 50 of 59 Volumes

3                                        PAGE/VOL.

4    Proceedings - 06/17/08 ............................ 5/50

5    STATE'S WITNESS      Direct    Cross

6     RICHARD HAMB         6

7

8    Ruling on Defense's Motions ........................    11

9    Reporter's Certificate .............................    34

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

63

```
 1                    I N D E X

 2            Volume 51 of 59 Volumes

 3                                        PAGE/VOL.

 4   Proceedings - 07/07/08 ...........................  5/51

 5   STATE'S WITNESS      Direct    Cross     V.Dire/S.Rosa

 6    RICHARD HAMB         6, 17    20, 34    10

 7                         22

 8    HAROLD RENFRO        49, 74   76                  55, 68

 9                                                     69

10    RAUL TOLEDO          77, 108  104, 109

11                         110

12    JOSE RAMOS           113      126

13    A.P. MERRILOTT       149, 189 176, 191    136, 140

14                         193, 198 196

15

16   Reporter's Certificate ...........................  200

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

**I N D E X**

**Volume 52 of 59 Volumes**

PAGE/VOL.

Proceedings - 07/08/08 ........................... 7/52

| STATE'S WITNESS | Direct | Cross | S.Rosa |
|---|---|---|---|
| JERRY POSTON | 7 | | |
| JOHN CHEUNG | 14 | | |
| DARRELL DOTY | 17 | 20 | |
| ROBERT MUNOZ | 22, 31 | 45 | 29, 35 |
| | 41 | | |
| KATHY KESLER | 56, 70 | 63 | |
| HECTOR MARTINEZ | 74, 89 | 80, 90 | |
| DANIEL TORRES | 91, 104 | 98 | |

Motion to Suppress ................................ 105

| STATE'S WITNESS | Direct | Cross |
|---|---|---|
| SCOTT SEACAT | 105 | 109 |

Argument by - Mr. Parks ........................... 124

Ruling ............................................ 125

| STATE'S WITNESS | Direct |
|---|---|
| SCOTT SEACAT | 126 |
| CHERYL NIX | 142 |

State Rest in Punishment .......................... 158

Reporter's Certificate ............................ 161

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2              Volume 53 of 59 Volumes

 3                                              PAGE/VOL.

 4   Proceedings - 07/09/08 .......................... 7/53

 5   DEFENSE'S WITNESS     Direct     Cross      S.Rosa

 6    LARRY FITZGERALD     16, 60     37, 66    7, 9

 7                                    72

 8    RICHARD ZIEGENHAIN   76         86

 9    SUE ZIEGENHAIN       95         112

10    BARBARA RUIZ         114        135

11    GILDA KESSNER        151, 173   166, 175  145

12    KATHERINE DRAKE      179

13    DAVID RIVERA         186        194

14   Daubert Hearing ................................. 197

15   STATE'S WITNESS      Direct     Cross      S.Rosa

16    KENNETH CRAWFORD                197, 202

17                                    211

18   Argument by - Mr. Brauchle......................... 207

19

20   Reporter's Certificate ........................... 213

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

66

```
 1                          I N D E X

 2                   Volume 54 of 59 Volumes

 3                                              PAGE/VOL.

 4   STATE'S WITNESS      Direct    Cross    S.Rosa/V.Dire

 5    KENNETH CRAWFORD                         7, 15    9

 6                                              20

 7   Argument by - Mr. Whittier ........................ 23

 8   Argument by - Mr. Brauchle ........................ 23

 9   Argument by - Mr. Whittier ........................ 24

10   Ruling ............................................ 26

11

12   DEFENSE'S WITNESS    Direct    Cross     S.Rosa

13    CYNTHIA BAILEY      27, 33     32

14    LESLIE SWEET        34, 43     37

15    WESLEY RUIZ                    44

16

17   Defense Rests in Punishment ....................... 46

18   State's Rebuttal in Punishment .................... 46

19   STATE'S WITNESS      Direct    Cross

20    KENNETH CRAWFORD    46         70

21   State Rests and Closes in Punishment .............. 74

22   Defense Rests and Closes in Punishment ............ 74

23

24   Reporter's Certificate ............................ 83

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                        I N D E X

 2               Volume 55 of 59 Volumes

 3                                          PAGE/VOL.
```

```
 4   Proceedings - 07/11/08 ........................... 4/55

 5   Acceptance of Court's Charge ......................    4

 6   Charge of the Court ...............................    5

 7   Argument by - Mr. Brooks ..........................    5

 8   Argument by - Mr. Brauchle ........................   11

 9   Argument by - Mr. Beach ...........................   29

10   Argument by - Mr. Johnson .........................   43

11   Argument by - Mr. Beach ...........................   53

12   Jury Deliberations ................................   54

13   STATE'S WITNESS      S.Rosa

14    KELVIN CRUMP         55, 56

15

16   Verdict ...........................................   60

17   Jury Polled .......................................   62

18   Sentencing ........................................   64

19   Adjournment .......................................   65

20   Reporter's Certificate ............................   66

21   Disclosure ........................................   67
```

```
22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

ALPHABETICAL INDEX OF VENIREMEN

**VENIREMEN** · VOL.

ARNOLD, RICHARD ................................... 6

BARRON, LEE ...................................... 11

BLUE, GEORGE ..................................... 11

BROWN, JEAN ...................................... 32

CANNADY, CURTIS .................................. 36

CARR, CYNTHIA .................................... 7

CARTER, KEMA ..................................... 35

CHEEK, TIMOTHY ................................... 8

CLEARFIELD, PAULA ................................ 10

COCKERHAM, JANET ................................. 31

CONRADT, MACEY ................................... 36

COX, ALICE ....................................... 6

CRUZ, JOSE ....................................... 6

DYKES, LESLYE .................................... 33

FITZGERALD, DEBORAH .............................. 11

FLANNERY, THOMAS ................................. 8

FUENTES, TAMARA .................................. 8

GAGE, GERALDINE .................................. 32

GAGE, JAMES ...................................... 36

GARNER, JAMES .................................... 31

GARRETT, STEPHEN ................................. 34

GAUGER, CAROL .................................... 9

GEE, KATHLENE .................................... 10

ALPHABETICAL INDEX OF VENIREMEN

VENIREMEN                                                    VOL.

GIBBS, FLOYD ..................................... 30

GOEKLER, LESLIE .................................. 11

GRAMMER, WILLIAM ................................. 35

HANSEN, LISA ..................................... 32

HART, CAROLYN .................................... 7

HARTGRAVE, CORINE ................................ 36

HART, ROBERT ..................................... 9

HIGGINBOTHAN, MATTHEW ............................ 35

HOWLETT, DENNA ................................... 34

HURST, STEPHEN ................................... 9

JAMES, LINDA ..................................... 32

JOHNSTON, SHARON ................................. 32

KENNEDY, LEROY ................................... 6

KENNEDY, MARY .................................... 8

KOSAREK, LOUIS ................................... 10

KRETLOW, TAMARA .................................. 30

MCGHEE, STEPHANIE ................................ 11

MCGINNIS, LLOYD .................................. 30

MCLEROY, GRACE ................................... 11

MITCHELL, CLIFFORD ............................... 8

MONTIEL, VERONICA ................................ 5

MOORE, VIEVEN .................................... 5

MORRIS, SALLY .................................... 31

1            ALPHABETICAL INDEX OF VENIREMEN

2    VENIREMEN                                      VOL.

3    NANCE, HATTIE .................................. 34

4    NICHOLS, CHERYL ................................ 31

5    PAUL, BRIAN ....................................  5

6    PARKER, ZONA ................................... 33

7    PETERS, JANICE .................................  8

8    PROPPER, BRENDA ................................ 33/34

9    PUTNAM, JAMES .................................. 32

10   REID, BRIAN ....................................  7

11   RUIZ, EDUARDO................................... 31

12   SALAZAR, FERNANDO ..............................  9

13   SANTOSCOY, CYNTHIA ............................. 30

14   SCHNURR, DOUGLASS ..............................  6

15   SEPULVEDA, CARLOS ..............................  6

16   SMITH, COURTNEY ................................  9

17   SMITH, OPAL .................................... 35

18   STINNETT, NICOLE ............................... 10

19   STRAHAN, JAMES ................................. 31

20   TEAGUE, DAWN ................................... 10

21   TEHAN, JUNE .................................... 30

22   TURBON, ROBERT ................................. 30

23   VANDRUFF, RUTH .................................  5

24   WEST, OPELENE .................................. 34

25   WHALEY, JAMES .................................. 29

ALPHABETICAL INDEX OF VENIREMEN

VENIREMEN                                                    VOL.

WINDLE, PATRICIA ................................. 10

WORSHAM, LAURA ................................. 36

YOULE, JENNIFER ................................   9

YODER, JOE .......................................  29

1          ALPHABETICAL INDEX OF WITNESSES

2     **WITNESSES**                                          **VOL**.

3     BAILEY, CYNTHIA ................................. 54

4     BORCHARDT, JEREMY ............................... 42

5     BRISENO, J.S. .................................. 40

6     CHEUNG, JOHN ................................... 52

7     COODY, BRIAN ................................... 40

8     COOPER, RAYMOND ................................ 45

9     CORREA, MARIA .................................. 46

10    CRAWFORD, KENNETH .............................. 53/54

11    CRUMP, KELVIN .................................. 55

12    DELGADILLO, CARMEN ............................. 42/43

13    DOTY, DARRELL .................................. 52

14    DRAKE, KATHERINE ............................... 53

15    FITZGERALD, LARRY .............................. 53

16    GORDON, LARRY .................................. 45

17    HAECKER, TODD .................................. 43

18    HALL, VICKI .................................... 40/45

19    HAMB, RICHARD .................................. 50/51

20    IBARRA, EDUARDO ................................ 42

21    JARC, JASON .................................... 43

22    JOHNSON, HOWARD ................................ 47

23    KESLER, KATHY .................................. 52

24    KESSNER, GILDA ................................. 53

25    KRIETER, DANIEL ................................ 43

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1              ALPHABETICAL INDEX OF WITNESSES

 2    WITNESSES                                        VOL.

 3    LAKE, KARLOUS .................................. 46

 4    LOPEZ, MONICA .................................. 45

 5    MARTINEZ, HECTOR ............................... 42/52

 6    MCCARTER, DEREK ................................ 45

 7    MERRILOTT, A.P. ................................ 51

 8    METZGER, JEFF .................................. 45

 9    MUNOZ, ROBERT .................................. 52

10    NIX, CHERYL .................................... 52

11    OSBORN, STEVEN ................................. 45

12    PARCHMAN, JANICE ............................... 46

13    PAYNE, BRIAN ................................... 46

14    POSTON, JERRY .................................. 52

15    RAMOS, JOSE .................................... 51

16    RENFRO, HAROLD ................................. 51

17    RICHARDSON, ROCK ............................... 40

18    RIVERA, DAVID .................................. 53

19    RUIZ, BARBARA .................................. 53

20    RUIZ, WESLEY ................................... 40/47/54

21    SEACAT, SCOTT .................................. 52

22    SOSA, RAQUEL ................................... 45

23    STARR, PATRICK ................................. 45/46/47

24    SWEET, LESLIE .................................. 54

25    TOLEDO, RAUL ................................... 51
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

74

```
 1              ALPHABETICAL INDEX OF WITNESSES

 2    WITNESSES                                        VOL.

 3    TORRES, DANIEL ................................... 52

 4    WILLIAMS, ANTHONY ............................... 48

 5    ZIEGENHAIN, RICHARD.............................. 53

 6    ZIEGENHAIN, SUE ................................. 53

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

| | EXHIBIT INDEX | | | |
|---|---|---|---|---|
| **STATE'S EXHIBIT(S):** | | **OFFERED:** | **ADMITTED:** | **VOL.** |
| 1 | Bulletin | 35 | 35 | 42 |
| 4 | Diagram | 67 | 47 | 42 |
| 5 | Photograph | 69 | 69 | 42 |
| 6 | Photograph | 69 | 69 | 42 |
| 7 | Photograph | 69 | 69 | 42 |
| 8 | Photograph | 69 | 69 | 42 |
| 9 | Photograph | 69 | 69 | 42 |
| 10 | Video | 73 | 74 | 42 |
| 11 | Photograph | 128 | 128 | 43 |
| 12 | Photograph | 128 | 128 | 43 |
| 13 | Photograph | 128 | 128 | 43 |
| 14 | Audio Tape | 32 | 32 | 43 |
| 14-A | Transcript | 175 | 176 | 43 |
| 15 | Audio CD | 85 | 85 | 43 |
| 16 | Photograph | 128 | 128 | 43 |
| 16-A | Photograph | 128 | 128 | 43 |
| 16-B | Photograph | 128 | 128 | 43 |
| 17 | Photograph | 128 | 128 | 43 |
| 18 | Bullet | 40 | 41 | 45 |
| 19 | Photograph | 129 | 129 | 43 |
| 20 | Photograph | 129 | 129 | 43 |
| 21 | Photograph | 129 | 129 | 43 |
| 22 | Poster | 17 | 17 | 45 |

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

| | E X H I B I T   I N D E X | | | |
|---|---|---|---|---|
| **STATE'S EXHIBIT(S):** | | OFFERED: | ADMITTED: | VOL. |
| 26 | News Video | 19 | 19 | 45 |
| 27 | Photograph | 128 | 128 | 42 |
| 28 | Photograph | 129 | 129 | 43 |
| 28-A | Photograph | 130 | 130 | 42 |
| 29 | Photograph | 131 | 132 | 42 |
| 32 | Medical Records | 53 | 54 | 45 |
| 32-A | Photograph | 51/32 | 51/33 | 45/51 |
| 33 | Photograph | 129 | 129 | 43 |
| 34 | Photograph | 129 | 129 | 43 |
| 35 | Photograph | 129 | 129 | 43 |
| 36 | Photograph | 129 | 129 | 43 |
| 37 | Photograph | 129 | 129 | 43 |
| 38 | Photograph | 129 | 129 | 43 |
| 39 | Photograph | 129 | 129 | 43 |
| 40 | Photograph | 129 | 129 | 43 |
| 41 | Photograph | 129 | 129 | 43 |
| 42 | Photograph | 129 | 129 | 43 |
| 43 | Photograph | 129 | 129 | 43 |
| 44 | Photograph | 129 | 129 | 43 |
| 45 | Photograph | 129 | 129 | 43 |
| 46 | Photograph | 129 | 129 | 43 |
| 47 | Photograph | 129 | 129 | 43 |
| 48 | Photograph | 129 | 129 | 43 |

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1              E X H I B I T   I N D E X

 2   STATE'S EXHIBIT(S):        OFFERED:   ADMITTED:  VOL.

 3     49    Photograph          129        129        43

 4     50    Photograph          129        129        43

 5     51    Photograph          129        129        43

 6     52    Photograph          129        129        43

 7     53    Photograph          129        129        43

 8     54    Photograph          129        129        43

 9     55    Photograph          129        129        43

10     56    Photograph          129        129        43

11     57    Photograph          129        129        43

12     58    Photograph          129        129        43

13     59    Photograph          129        129        43

14     60    Photograph          129        129        43

15     61    Photograph          128        128        43

16     62    Photograph          128        128        43

17     63    Assault Pistol      137        137        43

18     64    Cartridge Casing    138        139        43

19     66    Bullets             139        139        43

20     68    Laboratory Report   113        113        45

21   68-A Report                 114        114        45

22     69    Photograph - Badge  153        153        45

23     70    Laboratory Report   165        165        45

24     73    Drug Evidence       168        168        45

25     74    Laboratory Report   179        179        45
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
 1                    E X H I B I T   I N D E X

 2   STATE'S EXHIBIT(S):          OFFERED:   ADMITTED:  VOL.

 3   74-A Report                     176        176       45

 4   75    Laboratory Report         184        185       45

 5   76    Laboratory Report         192        192       45

 6   77    Laboratory Report         192        192       45

 7   81    T-Shirt D'gram            185        192       45

 8   82    T-Shirt                   140        141       43

 9   83    Protective Vest           141        141       43

10   84    Uniform Shirt             141        141       43

11   85    Insignia Pin              142        142       43

12   86    Badge                     140        140       43

13   87    Photograph                 75         75       42

14   88    Medical Records             6          6       46

15   90    Photograph                 27         27       46

16   91    Photograph                 27         27       46

17   92    Autopsy Photograph         25         25       46

18   93    Photograph                 27         27       46

19   94    Photograph                 27         27       46

20   95    Photograph                 27         27       46

21   95-A Photograph                  27         27       46

22   96    Fragment                  115        115       45

23   97    Fragment                  117        117       45

24   98    Fragment                  120        121       45

25   99    Particulate Matter         18         18       46
```

```
 1                    E X H I B I T   I N D E X

 2    STATE'S EXHIBIT(S):        OFFERED:   ADMITTED:  VOL.

 3    100   Photograph              46         46       46

 4    101   Affidavit              119        119       46

 5    102   Photograph             119        119       46

 6    103   Photograph             119        119       46

 7    104   Letter               32/93      33/93     47/53

 8    105   Letter               32/73       3374     47/54

 9    106   Letter               32/73      33/74     47/54

10    107   Letter               32/73      33/74     47/54

11    108   Letter               32/73      33/74     47/54

12    109   Letter               32/73      33/74     47/54

13    110   Letter               32/73      33/74     47/54

14    111   Letter                  32         33       47

15    113   Letter                  32         33       47

16    114   Photograph              50         50       47

17    115   Photograph              50         50       47

18    116   Photograph              89         89       47

19    117   Blue Back               10         16       51

20    118   Blue Back               10         12       51

21    119   Blue Back               10         13       51

22    120   Blue Back               10         16       51

23    121   Blue Back               10         16       51

24    122   Blue Back               10         15       51

25    123   Blue Back               10         16       51
```

| | | | EXHIBIT INDEX | | |
|---|---|---|---|---|---|
| 1 | | | | | |
| 2 | **STATE'S EXHIBIT(S):** | | **OFFERED:** | **ADMITTED:** | **VOL.** |
| 3 | 124 | Blue Back | 10 | 16 | 51 |
| 4 | 125 | Blue Back | 10 | 16 | 51 |
| 5 | 126 | Blue Back | 10 | 16 | 51 |
| 6 | 127 | Blue Back | 10 | 16 | 51 |
| 7 | 128 | Fingerprint Card | 12 | | 51 |
| 8 | 129 | Photograph | 19 | 20 | 52 |
| 9 | 130 | Photograph | 19 | 20 | 52 |
| 10 | 131 | Photograph | 19 | 20 | 52 |
| 11 | 132 | Photograph | 19 | 20 | 52 |
| 12 | 133 | Photograph | 19 | 20 | 52 |
| 13 | 135 | Photograph | 19 | 20 | 52 |
| 14 | 136 | Photograph | 19 | 20 | 52 |
| 15 | 137 | Photograph | 19 | 20 | 52 |
| 16 | 138 | Photograph | 19 | 20 | 52 |
| 17 | 139 | Photograph | 19 | 20 | 52 |
| 18 | 140 | Photograph | 19 | 20 | 52 |
| 19 | 141 | Photograph | 19 | 20 | 52 |
| 20 | 142 | Photograph | 19 | 20 | 52 |
| 21 | 143 | Photograph | 19 | 20 | 52 |
| 22 | 144 | Photograph | 19 | 20 | 52 |
| 23 | 146 | Photograph | 19 | 20 | 52 |
| 24 | 147 | Photograph | 19 | 20 | 52 |
| 25 | 148 | Photograph | 19 | 20 | 52 |

```
 1                        E X H I B I T   I N D E X

 2    STATE'S EXHIBIT(S):              OFFERED:   ADMITTED:   VOL.

 3    149    Photograph                  19          20        52

 4    150    Photograph                  19          20        52

 5    151    Photograph                  19          20        52

 6    152    Photograph                  19          20        52

 7    153    Photograph                  19          20        52

 8    154    Photograph                32/103       103        51

 9    155    Photograph                  32          33        51

10    156    Photograph                  32          33        51

11    157    Photograph                  32          33        51

12    158    Photograph                  32          33        51

13    159    Photograph                 101         101        51

14    160    Cir. Vitae                 152         153        51

15    161    Handgun                     15          15        52

16    162    Photograph                  32                    52

17    163    Photograph                  32                    52

18    164    Photograph                  32                    52

19    165    Photograph                  32                    52

20    166    Photograph                  32                    52

21    167    Photograph                  32                    52

22    168    CD                       109/128     109/128      52

23    169    CD                       109/128     109/129      52

24    174    Transcript                 135         137        52

25    175    Murd./Capt. Murders         75          75        53
```

```
 1                    E X H I B I T   I N D E X

 2     STATE'S EXHIBIT(S):            OFFERED:   ADMITTED:  VOL.

 3     176    Letters                 142        149        53

 4     184    List of Known Users     9          13         54

 5     185    Article                  9                    54

 6     186    Brochure                 9                    54

 7     187    Cert. of Accredit.       17/49     19/50      54

 8     188    Scope of Accredit.    17/49        19/50      54

 9     189    Incident Report         40         41         54

10     190    Letter                  64         64         54

11     191    Letter                  64         64         54

12     192    Letter                  64         64         54

13     193    Letter                  64         64         54

14     194    Letter                  64         64         54

15     195    Letter                  64         64         54

16     196    Letter                  64         64         54

17     198    Report                  69         70         54

18

19

20

21

22

23

24

25
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*

```
1                    E X H I B I T   I N D E X

2    DEFENSE'S EXHIBIT(S):        OFFERED:   ADMITTED:  VOL.

3     A    Laboratory Report        62         62        40

4     B    Notice to Supplement     76         77        40

5     C    Supplement to Notice     76         77        40

6     1    Procedures              109        109        42

7     2    Document                107        107        43

8     3    Document                 94         94        45

9     4    Casings                 140        140        45

10    5    Casings                 140        141        45

11    6    Casings                 141        141        45

12    7    Casings                 142        142        45

13    8    Spent/Fragments         147        147        45

14    9    Casings                 149        149        45

15    10   Asp                     162        162        45

16    11   Death Certificate        38         38        46

17    12   Photograph               64         64        46

18    13   Photograph               64         64        46

19    14   Photograph               64         64        46

20    15   Photograph               64         64        46

21    16   Photograph               64         64        46

22    17   Photograph               64         64        46

23    18   Photograph               64         64        46

24    19   Diagram                  64         64        46

25    20   Autopsy Report          123        123        46
```

| | | | OFFERED: | ADMITTED: | VOL |
|---|---|---|---|---|---|
| 1 | | **E X H I B I T   I N D E X** | | | |
| 2 | **DEFENSE'S EXHIBIT(S):** | | **OFFERED:** | **ADMITTED:** | **VOL** |
| 3 | 21 | Typewritten Notes | 77 | 77 | 47 |
| 4 | 22 | Purposed Charge | 93 | | 47 |
| 5 | 23 | Handgun | 6 | 7 | 48 |
| 6 | 24 | 12.44 Motion Form | 65 | 66 | 52 |
| 7 | 26 | Photograph | 104 | 104 | 53 |
| 8 | 27 | Photograph | 104 | 104 | 53 |
| 9 | 28 | Photograph | 104 | 104 | 53 |
| 10 | 29 | Photograph | 104 | 104 | 53 |
| 11 | 30 | Photograph | 104 | 104 | 53 |
| 12 | 31 | Photograph | 104 | 104 | 53 |
| 13 | 32 | Photograph | 104 | 104 | 53 |
| 14 | 33 | Photograph | 104 | 104 | 53 |
| 15 | 34 | Photograph | 104 | 104 | 53 |
| 16 | 35 | Photograph | 104 | 104 | 53 |
| 17 | 36 | Photograph | 104 | 104 | 53 |
| 18 | 37 | Photograph | 104 | 104 | 53 |
| 19 | 38 | Photograph | 104 | 104 | 53 |
| 20 | 40 | Photograph | 104 | 104 | 53 |
| 21 | 41 | Photograph | 104 | 104 | 53 |
| 22 | 42 | Photograph | 104 | 104 | 53 |
| 23 | 43 | Photograph | 104 | 104 | 53 |
| 24 | 44 | Photograph | 104 | 104 | 53 |
| 25 | 45 | Photograph | 104 | 104 | 53 |

E X H I B I T   I N D E X

| DEFENSE'S EXHIBIT(S): | | OFFERED: | ADMITTED: | VOL |
|---|---|---|---|---|
| 46 | Photograph | 104 | 104 | 53 |
| 53 | Photograph | 104 | 104 | 53 |
| 54 | Photograph | 104 | 104 | 53 |
| 55 | Photograph | 104 | 104 | 53 |
| 56 | Photograph | 104 | 104 | 53 |
| 57 | Photograph | 104 | 104 | 53 |
| 58 | Photograph | 104 | 104 | 53 |
| 59 | Photograph | 104 | 104 | 53 |
| 60 | Photograph | 104 | 104 | 53 |
| 61 | Photograph | 104 | 104 | 53 |
| 62 | Photograph | 104 | 104 | 53 |
| 63 | 12.44 Motion | 30 | 30 | 54 |
| 64 | 12.44 Motion | 30 | 30 | 54 |
| 65 | E-Mail | | 36 | 54 |

86

```
 1   THE STATE of TEXAS  )

 2   COUNTY of DALLAS    )

 3           I, BELINDA G. BARAKA, Official Court Reporter in and

 4   for the 194th Judicial District Court of Dallas County, State

 5   of Texas, do hereby certify that the foregoing contains a true

 6   and accurate transcription of all portions of evidence and

 7   other proceedings requested in writing by counsel for the

 8   parties, to be included in this volume of the Reporter's

 9   Record, in the above-styled and -numbered cause(s), all of

10   which occurred in open court or in chambers and were reported

11   by me.

12           I further certify that this Reporter's Record of the

13   proceedings truly and correctly reflects the exhibits, if any,

14   admitted by the respective parties.

15           I further certify that the total cost for the

16   preparation of this Reporter's Record  was paid by the

17   State/Defense.

18           WITNESS MY OFFICIAL HAND this the 30th day of

19   May         , A.D., 2009.

20

21

22                          BELINDA G. BARAKA, CSR #5028
23                          Official Court Reporter
                            133 N. Industrial
24                          Dallas County, Texas  75207

25   Certification Expires:  12-31-09
```

*Belinda G. Baraka, Official Court Reporter*
*214-653-5803*



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,968

### WESLEY LYNN RUIZ, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NO. F07-50318-M
### IN THE 194TH JUDICIAL DISTRICT COURT
### DALLAS COUNTY

**PRICE, J., delivered the opinion of the Court in which KELLER, P.J. and MEYERS, WOMACK, KEASLER, HERVEY and COCHRAN, JJ., joined. JOHNSON, J., concurred in the result.**

## O P I N I O N

The appellant was convicted of intentionally or knowingly causing the death of a

Dallas police officer, a capital offense.[1]  The jury answered the statutory special issues in

---

[1]

    TEX. PEN. CODE § 19.03(a)(1) ("A person commits an offense if the person commits murder as defined under Section 19.02(b)(1) and . . . the person murders a peace officer . . . who is acting in the lawful discharge of an official duty and who the person knows is a peace officer[.]").

Ruiz – 2

such a way that the trial court was obliged to assess the death penalty.[2]  Appeal to this Court

is, therefore, automatic.[3]  The appellant raises fourteen points of error, including challenges

to the sufficiency of the evidence to support both the guilty verdict and the first special issue

at the punishment phase of trial.  We will therefore summarize the evidence in the light most

favorable to the jury's verdicts.[4]

## GUILT/INNOCENCE PHASE ISSUES

### Evidentiary Sufficiency Issues

On March 21, 2007, the homicide division of the Dallas Police Department issued a

bulletin to its officers to be on the lookout for a 1996 four-door Chevy Caprice with dark

tinted windows and chrome wheels, red and gray in color, that was suspected to have some

involvement in a capital murder.  Two days later, on March 23rd, two plainclothes officers

in an unmarked police vehicle spotted a car matching this description on Stemmons

Freeway.[5]  They summoned marked patrol cars to stop the suspect vehicle and followed it

as it exited the freeway at Mockingbird Lane and drove into West Dallas.  Corporal Mark

Nix arrived, positioning his patrol car directly behind the Caprice and activating his overhead

---

[2]

TEX. CODE CRIM. PROC. art. 37.071(2)(b) & (2)(e).

[3]

*Id.*, Section (2)(h).

[4]

*Jackson v. Virginia*, 443 U.S. 307 (1979); *Burns v. State*, 761 S.W.2d 353, 355 (Tex. Crim. App. 1988).

[5]

Although it matched the description of the car sought in the March 21st bulletin, this particular Chevy Caprice did not turn out to be the one sought in the capital-murder investigation.

lights and video camera. The Caprice momentarily braked as if to pull over, but then suddenly raced off at high speed down the winding road, followed by Nix and at least one other patrol car in hot pursuit. The ensuing events were recorded by Nix's video camera and that of the patrol car directly behind him, both of which recordings are in evidence.

Apparently taking a curve too fast, the Caprice hit the left-hand curb and spun out of control. It barreled backwards down a slight incline on the right side of the street and came to rest facing the roadway, its back-end apparently blocked by a fence. Nix followed the Caprice down the incline and pulled to a stop, directly hood to hood. The patrol car behind Nix also pulled off the road and came to a halt on the passenger side of the Caprice, a short way off but close enough to effectively hem it in. Corporal Nix jumped out of his patrol car and rushed to the front passenger side of the Caprice. There he began to swing his baton with his left hand, smashing it against the tinted front passenger window.[6] He paused momentarily to place his pistol on the ground so that he could use both hands to wield the baton and continued striking the window, punching a small hole through it. A second later, a single gun shot shattered the rear passenger window, the bullet striking Nix's badge and splintering. A fragment entered Nix's chest at the level of his clavicle, severing his left common carotid artery. The other officers responded with a hail of gunfire, then dragged Nix to cover and summoned the SWAT team. The appellant was eventually pulled from behind

---

[6]

    All of the windows were so darkly tinted that the officers could barely make out a "silhouette" behind the wheel of the Caprice.

the wheel of the Caprice, wounded and unconscious, the pistol with which Nix had been shot found in his lap. Nobody else was in the car. Nix was pronounced dead at the hospital, but the appellant was able to survive his multiple wounds.

In his fourth point of error, the appellant contends that the evidence was legally insufficient to establish that Nix was acting in the lawful discharge of an official duty when the appellant shot him. Pointing to a written Dallas Police Department (DPD) policy, the appellant argues that Nix acted outside the bounds of his official duty when he failed to use his public-address system to order the appellant out of the Caprice, but instead rushed the car and began to pound on the window with his baton. He claims that this violated departmental policy for felony traffic stops, which expressly and emphatically provides that officers ordinarily should not "rush" a suspect who has been stopped on the roadside. And indeed, DPD policy declares that "[t]his is true for most types of felony stops, *whether end of chase*, or any other high risk stop."[7] The appellant acknowledges that the case law from this Court plainly holds that, for purposes of Section 19.03(a)(1) of the Penal Code, an officer acts in the lawful discharge of his official duties so long as he is on duty and in uniform; the fact that he may be effectuating an unconstitutional arrest, or a lawful arrest in an improper or

---

[7]

(Emphasis supplied.) This written policy was admitted into evidence as Defendant's Exhibit 1. Several DPD officers testified for the State that the official policy prohibition against "rushing" a suspect applies only to an initial felony traffic stop, and that, once the appellant initiated the high-speed chase in this case, that policy no longer applied.

unlawful manner, does not mean he is not acting in the lawful discharge of an official duty.[8]

Regardless of whether Nix violated departmental policy by "rushing" the Caprice and

breaking the window in an attempt to ascertain and apprehend whoever was inside, such a

breach of departmental policy would not render his conduct in discharging his duty as a

peace officer any less "lawful," in contemplation of Section 19.03(a)(1),[9] than had he tried

to effectuate the appellant's arrest in an unconstitutional manner. As long as Nix was acting

within his capacity as a peace officer, as we have held, he was acting within the lawful

---

[8]

    *Montoya v. State*, 744 S.W.2d 15, 29-30 (Tex. Crim. App. 1987); *Guerra v. State*, 771 S.W.2d 453, 460-61 (Tex. Crim. App. 1988); *Hughes v. State*, 897 S.W.2d 285, 297-98 (Tex. Crim. App. 1994).

[9]

    Section 1.07(48) of the Penal Code defines "unlawful" to mean "criminal or tortious or both[.]" TEX. PEN. CODE § 1.07(48). We are aware of no precedent, and the appellant cites none, holding that a violation of a police department policy constitutes criminal or tortious conduct *per se*. Instead, he relies upon *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985), in which the Supreme Court held that law enforcement use of deadly force to accomplish a felony arrest violates the Fourth Amendment unless there is reason to believe the suspect "has committed a crime involving the infliction of serious physical harm, . . . and if, where feasible, some warning has been given." But there is no evidence that Nix used deadly force against the appellant when he rushed the Caprice and breached the passenger side window. (The jury was instructed on self-defense. But applicability of self-defense to the present facts turns on the reasonableness of the appellant's perception, should the jury find that he in fact harbored such a perception, that Nix was attempting unjustifiably to use deadly force—*not* on whether Nix actually *was* using deadly force. TEX. PEN. CODE § 9.32.) Nor can it be said, under the circumstances, that Nix's conduct "shocks the conscience" so as to amount to a violation of substantive due process under another case that the appellant relies upon, *City of Sacramento v. Lewis*, 523 U.S. 833 (1998). In an analogous context, we have held that a public servant acts within the lawful discharge of his official duties so long as his conduct, committed during the course of those duties, does not rise to the level of a criminal or tortious abuse of his office—regardless of whether it violates official agency policy. *See Hall v. State*, 158 S.W.3d 470 (Tex. Crim. App. 2005) (construing "lawful discharge of an official duty" for purposes of Texas's assault-on-a-public-servant statute).

discharge of his official duties.[10]  To intentionally or knowingly cause an officer's death

under these circumstances still constitutes a capital offense.

In his second point of error, the appellant suggests that by adhering to the cases that

have construed Section 19.03(a)(1) in this way, we risk rendering the statute too indistinct

to withstand constitutional scrutiny.  The Eighth Amendment requires that any scheme for

imposing the death penalty involve guided jury discretion at the so-called "eligibility" stage.[11]

In Texas, at least part of the eligibility determination is built into Section 19.03 itself, which

defines the subset of the broader class of all murders that constitutes a capital offense.[12]  To

pass constitutional muster, the Supreme Court has said, the eligibility stage must operate to

channel jury discretion by "genuinely narrow[ing] the class of persons eligible for the death

penalty and . . . reasonably justify[ing] the imposition of a more severe sentence on the

defendant compared to others found guilty of murder."[13]  The appellant argues that our past

construction of Section 19.03(a)(1), by effectively removing the word "lawful" from the

---

[10]

*Guerra v. State*, *supra*, at 461.

[11]

*Tuilaepa v. California*, 512 U.S. 967, 971-75 (1994).  To satisfy the Eighth Amendment, any capital punishment scheme must include both an "eligibility" process, during which jury discretion must be narrowly circumscribed so as to avoid arbitrary and capricious application, and a "selection" process, during which the jury's discretion must remain relatively unfettered so as to ensure an assessment of punishment that is tailored to the individual.  *Id.*

[12]

*See Lowenfield v. Phelps*, 484 U.S. 231, 245 (1988) (under Texas statutory scheme, constitutionally required narrowing function occurs, not by the use of aggravating factors at the punishment phase, but in the definition of capital murder itself, litigated at the guilt phase).

[13]

*Zant v. Stephens*, 462 U.S. 862, 877 (1983).

statute, fails sufficiently to narrow the class of murderers eligible for capital punishment, resulting in the arbitrary and capricious imposition of the death penalty.

But the Supreme Court has also said that, "[b]ecause 'the proper degree of definition' of eligibility . . . factors often 'is not susceptible of mathematical precision,' our [Eighth Amendment] vagueness review is quite deferential."[14] So long as an eligibility factor "has some common-sense core of meaning . . . that criminal juries should be capable of understanding[,]" it will adequately serve its Eighth Amendment narrowing function.[15] As our case law has construed Section 19.03(a)(1), it certainly has a common-sense core of meaning: A police officer is acting within the lawful discharge of his official duties under the statute so long as he is "on duty, in uniform[.]"[16] A jury would have no trouble comprehending this core meaning. Moreover, as so construed, the statute clearly identifies a sub-class of murderers that the Legislature could rationally conclude is deserving of the most severe penalty available. As a matter of public policy, the Legislature may legitimately extend the presumed deterrent effect of capital punishment to discourage citizens from murdering police officers—even those officers who are not necessarily operating within the precise parameters of official departmental policy. Protection of police officers while they are on duty represents a reasonable justification for imposing a more severe penalty than

---

[14]
  *Tuilaepa v. California*, *supra*, at 973 (quoting *Walton v. Arizona*, 497 U.S. 639, 655 (1990)).

[15]
  *Id.* (internal quotation marks omitted).

[16]
  *Guerra v. State*, *supra*, at 461.

applies to other murderers. Even if the appellant were right to criticize our past construction

of Section 19.03(a)(1)—which we by no means concede—our construction of the statute

does not make it indefinite or its imposition arbitrary and capricious. That it narrows the class

of murderers susceptible to execution to a sub-class that is broader than the appellant would

prefer does not render it intolerably vague for Eighth Amendment purposes.  For these

reasons, we recently (and unanimously) rejected a similar argument that the aggravating

element embodied in Section 19.03(a)(1), as we have construed it, is unconstitutionally

vague.[17]  We likewise reject it here and hold that the evidence was sufficient to support the

appellant's conviction for capital murder.  We overrule the appellant's second and fourth

points of error accordingly.

In his third point of error, the appellant also argues that the evidence is factually

insufficient to support the conviction, for the same reasons.  This Court no longer entertains

claims of factual insufficiency in capital-murder cases, however.[18]   We overrule the

appellant's third point of error.

### Specific Misconduct Evidence to Show First Aggressor

In his first point of error, the appellant argues that the trial court erred in sustaining

the State's objection to the admission of testimony with respect to three prior acts of

misconduct on Corporal Nix's part.  The appellant proffered this testimony in order to show

---

[17]

*Mays v. State*, 318 S.W.3d 368, 388-89 (Tex. Crim. App. 2010).

[18]

*Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

Nix's state of mind at the time he rushed the Caprice; the purpose was to help the jury understand and appreciate why Nix acted (and therefore, inferentially, to establish *that* he acted) as the first aggressor under the circumstances. The appellant argued that this evidence was admissible in support of his claim that he was compelled to use deadly force in self-defense, which theory was indeed presented to the jury in the court's charge. The State maintained that the testimony was inadmissible under Rule 404(b) of the Texas Rules of Evidence,[19] arguing that it had no relevance apart from inferences of character conformity, and adding, incidentally and without elaboration, that it was "also prejudicial to the State." The trial court sustained the State's objection, expressly invoking Rule 404(b), but allowed the appellant to develop the record in the jury's absence. In response, the appellant presented testimony from three witnesses who related past incidents in which Nix, in his capacity as a police officer, allegedly treated suspects who either fled apprehension or did not immediately respond to his assertion of official authority with arguably greater force than was necessary under the circumstances.

The first witness, Raquel Sosa, testified that, in June of 2002, Nix shot and killed her boyfriend when they tried to outrun the police after an attempted traffic stop.[20] Karlous Lake,

---

[19]

TEX R. EVID. 404(b).

[20]

Sosa denied that her boyfriend was carrying a weapon that night or that he shot at Nix first. The State proffered evidence that Sosa's boyfriend gave a dying declaration in which he admitted having discarded a nine-millimeter pistol after he was shot. The police subsequently found the pistol where Sosa's boyfriend said he had discarded it, and a nine millimeter cartridge was discovered at the site of the shooting. The State also proffered that, "after investigation, this use of deadly force

the second witness, was a marine who testified that, as he was leaving a bar with friends in

the early morning hours in March of 2005, a group of police officers told them to "hurry up,

get home before your curfew." When Lake asked them what time the curfew was and began

to walk away, Nix shot him with a taser, though Lake did not believe he had done anything

threatening or provocative. Another officer told Lake that the reason he had been tasered

was that he had refused to stop, but Lake maintained that none of the officers ordered him

to stop. Lake was arrested for public intoxication though he claimed to have had only one

drink; the case was later dismissed.[21] Finally, Anthony Williams testified that, in August of

2006, when he was fourteen years old, he was running down the street when Nix ordered him

to stop and get down on the ground. When Williams immediately complied, Nix handcuffed

him behind his back, lifted him up by the handcuffs, and "threw" him into a squad car,

threatening to "knock all [his] teeth out." Williams was soon released and never charged

with any offense. Other officers at the scene filed a complaint against Nix for using

excessive force to lift Williams up, but made no mention of Nix's having thrown Williams

into the squad car.

The appellant argued that the specific misconduct evidence was admissible because

it explained that Nix's conduct in rushing the Caprice and battering the passenger side

---

was ruled as . . . justifiable" on Nix's part.

[21]

   The State proffered testimony from another officer that Lake had incited the incident with the police officers and, when they tried to arrest him for public intoxication, he resisted arrest. When Lake "approached" Nix with an apparently threatening gesture, Nix fired his taser.

window was typical of the sort of violent responses he demonstrated over the course of his

career when confronted with suspects who did not immediately accede to his authority. He

argues that the testimony of his proffered witnesses was admissible under of Rule 404(b) of

the Texas Rules of Evidence,[22] as we have construed that rule in *Tate v. State*.[23]  We need not

address this contention, however, because we hold that any purported error was harmless

under Rule 44.2(b) of the Texas Rules of Appellate Procedure.[24]

Because the error, if any, was not of constitutional dimension, we measure harm

against the standard in Rule 44.2(b), which requires us to "disregard" any "error . . . that does

not affect" the appellant's "substantial rights[.]"   That Nix was the first aggressor in this

case, in the sense that his conduct in rushing to the Caprice and breaking out the window

with his baton constitutes an act of aggression that came before the appellant's use of deadly

force, is uncontradicted on the present record. In fact, it was established beyond cavil by the

videos that were taken from the squad cars. There was no need on the part of the defense to

shore up that evidence with specific misconduct evidence explaining that Nix had a history

of overreacting to resistence to his police authority.  It is most unlikely on the facts of this

case that the jury's resolution of the appellant's self-defense claim would have turned on the

question whether Nix's aggressive behavior came first.  Whether the appellant legitimately

---

[22]

TEX. R. EVID. 404(b).

[23]

981 S.W.2d 189 (Tex. Crim. App. 1998).

[24]

*Id.*

resorted to deadly force to protect himself from Nix's aggression depended on the nature of that aggression and the appellant's reasonable perception of it under the circumstances—not on its timing.  The jury was called upon to decide, not when Nix's aggression occurred with respect to the appellant's own conduct, which was definitively established by the video evidence, but whether Nix's aggression was of such a degree and character that the appellant, from his standpoint, was reasonable in concluding (if, in fact, he did conclude) that he must immediately resort to deadly force to protect himself.  Because there is no showing that appellant had any knowledge of Nix's history, proof of Nix's past misconduct while on duty was not relevant to this pivotal jury issue.  We therefore conclude that any error in failing to admit the appellant's proffered testimony did not affect his substantial rights.  Accordingly, we overrule his first point of error.

## PUNISHMENT PHASE ISSUES

### Evidentiary Sufficiency Issues

In his sixth point of error, the appellant challenges the legal sufficiency of the evidence to establish, beyond a reasonable doubt, that there is a probability he would commit criminal acts of violence that would constitute a continuing threat to society.[25]  We review the evidence in the light most favorable to the jury's disposition.[26]  As aptly summarized by the State in its brief, "the evidence [relevant to this special issue] showed appellant was a

---

[25]

TEX. CODE CRIM. PROC. art. 37.071, § 2(b)(1).

[26]

*Hunter v. State, supra*, at 673.

veteran criminal and gang member fully immersed in a life of drugs, guns, and violence."[27] And indeed, the appellant expressly "concedes that some of the *Keeton* factors seem to cut against an argument of insufficiency of the evidence to support an affirmative finding to the future dangerousness special issue."[28] He argues, however, that there is insufficient evidence to support a jury finding, beyond a reasonable doubt, that he will probably continue to commit acts of violence in the setting in which he would find himself for the rest of his life under current law, namely prison. But, as we recently re-emphasized in *Estrada v. State*,[29] our appellate review of the sufficiency of the evidence to establish future dangerousness is not limited to the defendant's probable conduct within prison walls, even with the advent of life-without-parole as the exclusive alternative to the death penalty for capital offenders.[30] We hold that the evidence was legally sufficient to support the jury's determination that the appellant would commit criminal acts of violence that would constitute a continuing threat to society and overrule the appellant's sixth point of error.

---

[27]

State's brief, at 46.

[28]

Appellant's brief, at 52 (citing *Keeton v. State*, 724 S.W.2d 58, 61 (Tex. Crim. App. 1987)). The *Keeton* factors include the circumstances of the offense, the calculated or deliberate nature of the defendant's acts, the degree and severity of the defendant's prior criminal record, his age and personal circumstances, whether duress was involved, and any psychiatric or character evidence.

[29]

313 S.W.3d 274 (Tex. Crim. App. 2010)

[30]

*Id.* at 280-85 (even following the passage of life-without-parole in 2005, appellate review of legal sufficiency of the evidence to establish future dangerousness looks to defendant's likely conduct in the abstract, "whether [the defendant will be] in or out of prison").

In his seventh point of error, the appellant also argues that the evidence is factually insufficient to support the jury's finding of future dangerousness. We have never indulged claims of factual insufficiency with respect to future dangerousness.[31]  Moreover, this Court no longer entertains claims of factual insufficiency in capital-murder cases on issues for which the State bears the burden of proof.[32]  The appellant argues at some length that this Court's refusal to assay factual sufficiency of the evidence to support a jury finding of future dangerousness invidiously discriminates against capital-murder defendants, contrary to the Eighth and Fourteenth Amendments to the United States Constitution. Whatever validity this argument may once have held,[33] there is none now, in light of our recent rejection of factual sufficiency review across the board.[34]  Accordingly, we overrule the appellant's seventh point of error.

### Prosecutor's Comment Regarding Parole Eligibility

In his fifth point of error, the appellant claims that the prosecutor reversibly erred to suggest to the jury, during his examination of a State's witness, that the law might change at some future date to provide that a capital defendant, sentenced to life without parole,

---

[31]

*Hunter v. State*, 243 S.W.3d 664, 672 (Tex. Crim. App. 2007).

[32]

*Martinez v. State, supra.*

[33]

*But see McGinn v. State*, 961 S.W.2d 161, 169 (Tex. Crim. App. 1998).

[34]

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).

would nevertheless be eligible for parole. He contends that, broaching this suggestion in the jury's presence, over the appellant's objection, and then reiterating it shortly thereafter over the appellant's renewed objection, violated his right to due process of law. He relies primarily upon the United States Supreme Court's plurality opinion in *Simmons v. South Carolina*.[35] In our view, however, the objection that the appellant leveled at trial was insufficiently specific to preserve his present claim for appeal.

In an effort to counter what it anticipated to be the appellant's defensive posture at the punishment phase of the case, namely that the appellant would not pose a significant danger to society if assessed a sentence of life without parole, the State presented testimony from A. P. Merrilott. Merrilott is a long-time investigator with a special prosecution unit, based in Walker County, that prosecutes violent crimes committed within the state prison system. He testified with regard to the classification of incoming inmates, and specifically, non-death-sentenced capital offenders, within the prison system, describing the opportunities that such inmates have to commit violent acts while in prison. Toward the end of Merillott's direct-examination testimony, the relevant colloquy occurred:

Q. [By Prosecutor] Recently Mr. Merrilott, the law has changed here in Texas to where if one is convicted of capital murder by a jury and sentenced to life, that defendant no longer has the option of parole; is that correct?

A. That's correct.

Q. So Mr. Ruiz is sentenced to life in this case based on the answers

---

[35] 512 U.S. 154 (1994) (plurality opinion).

to the two special issues, he has no possibility or potential for parole?

A.  That's correct.

Q.  Unless the laws change sometime in the future?

A.  Right.

[Defense Counsel]:  Your Honor, we would object to that as being improper.  There is no evidence that the law is ever going to change and for him to imply that it may at some point in time is incorrect.

THE COURT:  I will overrule that objection.

[Defense Counsel]:  May we have a running objection on that?

THE COURT:  You may.

[Defense Counsel]:  To sit here and make these jurors think that somehow something is going to change in what they are sentencing him to –

[Prosecutor]:  That's why I said unless, Judge, unless.  I am not saying it is going to happen.  I said unless.

[Defense Counsel]:  Well, this is making the matter worse, he is saying that maybe it will happen and everybody in this room has to work on the premise that nothing is ever going to change about what we are told them [sic] in voir dire and what the law says now.  So to imply that it is somehow, some way this is just a wink-and-a-nod process down here, is certainly improper.

THE COURT:  Overrule your objection, [Defense Counsel].

Q.  (By [Prosecutor])  That's the law right now, is that correct?

A.  That's correct.

[Defense Counsel]:  Once again, Your Honor, we would object to him going back to it by saying "That's the law right now," once again imply that somehow there is something in the works that will change what we all

Ruiz – 17

know is for the going to [sic].

THE COURT:  Overruled.

Q. (By [Prosecutor])  Parole serves many purposes; is that correct?

[Defense Counsel]:  We would object to talking about to parole [sic] because it is not available in this case.

[Prosecutor]:  That's what I am getting to, Judge.

Q. (By [Prosecutor])  What purpose does parole serve?

[Defense Counsel]:  Your Honor, once again we would object to this.  It is not a factor in a case that's life without parole.

THE COURT:  May I see the attorneys.

(Following proceedings had at Bench Conference.)

THE COURT:  I presume you are going to tie parole up?

[Prosecutor]: Parole is for good behavior and the defendant will not have access to that.  That's all I am going into it.

[Defense Counsel]:  That's not the only incentive for good behavior.

[Prosecutor]:  It is an accurate statement.

THE COURT:  I will overrule the objection.

(End of Bench Conference.)

THE COURT:  Overruled.

Q. (By [Prosecutor])  The availability of parole for most of the general population inmates, that help to maintain order and security?

A.  Yes, sir, it gives an inmate a reason to behave.

Q.  And a capital murder life without parole, obviously parole is unavailable, does he have that incentive?

A.  That incentive is not there for him.  I don't know what it would take, the incentive is not there.

With this, the prosecutor turned briefly to other matters and then passed Merrilott to the defense for cross-examination.

*Simmons* held that, consistent with the Due Process Clause of the Fourteenth Amendment, a state "may not create a false dilemma by advancing generalized arguments regarding the defendant's future dangerousness while, at the same time, preventing the jury from learning that the defendant never will be released on parole."[36]  In the instant case, the jury was fully aware that, under current Texas law, the only alternative to the death penalty for a defendant convicted of capital murder is life without parole.  Nevertheless, in an extrapolation of the due-process principle announced in *Simmons*, the appellant argues that the prosecutor's suggestion that the law might at some future point in time retroactively change with respect to parole eligibility for life-sentenced capital defendants deprived him of due process.  We need not decide, however, whether *Simmons*'s due-process holding can or should be extended in this way because, in any event, the appellant's trial objection was insufficiently specific to alert the trial court that the purported impropriety of the prosecutor's suggestion that the Legislature could someday retroactively change the parole law for life-sentenced capital defendants was grounded in federal due process.

---

[36] 512 U.S. at 171.

To preserve a complaint for appellate review, a party must first timely lodge his complaint in the trial court by way of a "request, objection, or motion that . . . stated *the grounds* for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific *grounds* were apparent from the context[.]"[37] Here, when the prosecutor suggested that, if the appellant were sentenced to life, he would not be eligible for parole "[u]nless the laws change sometime in the future[,]" the appellant timely objected, but the immediately stated ground for his objection was simply that this suggestion was "improper." He did not explain what he believed to be improper about the suggestion, and a precise basis for the purported impropriety would not have been readily apparent to the trial court from the context. He next suggested that there was "no evidence" in the record "that the law is ever going to change" and that to imply that it would change "is incorrect." If we construe this to constitute an objection that the prosecutor was arguing facts outside of the record,[38] then we observe that the appellant's *Simmons* due-process complaint on appeal fails to comport with the objection raised at trial. And the appellant's further trial assertion that the prosecutor's suggestion is "incorrect" provides no clearer basis for the ruling he sought from the trial judge than did his

---

[37]

TEX. R. APP. P. 33.1(a)(1)(A) (emphasis supplied).

[38]

*See* George E. Dix & Robert O. Dawson, 43 TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 37.21 (2d ed. 2001), at 611 ("The most fundamental rule of closing argument is that counsel must confine their arguments to the evidence that was introduced during the trial and to reasonable deductions from that evidence.").

naked assertion that the suggestion was "improper." While it is abundantly clear from the context *what* the appellant was objecting to, the "grounds for the ruling" he sought are not.[39] "A trial objection must specify the legal theory later relied upon on appeal."[40] The appellant's initial objection here did not. It is true that the appellant persisted in his objection, but his later iteration that the prosecutor's suggestion was simply "improper" likewise failed to identify a legal basis for the ruling he sought. We hold that the appellant failed to preserve his presently asserted *Simmons*-derived complaint for appeal.

In addition, we hold that, any error that may have emanated from the prosecutor's suggestion with respect to parole eligibility, on the particular facts of this case, did not contribute to the jury's answer to the statutory special punishment issues and was therefore harmless beyond a reasonable doubt.[41] The prosecutor's suggestion was not part of any broader strategy (as was the case in *Simmons*) to persuade the jury that it should find that the appellant constitutes a continuing threat to society because the evidence shows he is

---

[39]

TEX. R. APP. P. 33.1(a)(1)(A).

[40]

George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.94 (2d ed. 2001), at 283.

[41]

For purposes of this harm analysis, we will assume that the appellant did preserve his present *Simmons*-derived due-process complaint for appeal. We will also assume, without deciding, that the trial court erred to overrule the appellant's objection and that the objection preserved a constitutional error for appeal, invoking Rule 44.2(a) of the Rules of Appellate Procedure. *See* TEX. R. APP. P. 44.2(a) ("If the appellate record in a criminal case reveals constitutional error that is subject to harmless error review, the [reviewing court] must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment.").

dangerous to the public at large and might someday, if not sentenced to death, be again released into that segment of society. Indeed, quite the opposite. As the balance of the testimony quoted above demonstrates, the suggestion occurred, more or less incidentally, in the context of a colloquy in which the prosecutor was attempting to show that the appellant would actually constitute a threat of violence even in the context of prison society.[42] The prosecutor did not repeat his suggestion at any later point in the punishment proceedings. He never argued or intimated during his punishment summations that the jury should answer the first special issue affirmatively in order to protect itself by assuring that the appellant will never pose a future danger to the general public. In other words, the prosecutor did not broach the possibility that the parole law would change as part of any concerted scheme to convince the jury to impose the death penalty as an act of societal self-preservation, and the jurors were unlikely, on the record before us, to have construed it in that way. We are confident that the prosecutor's suggestion did not contribute to the jury's affirmative answer to the future-dangerousness special issue. We therefore hold that any error in failing to sustain the appellant's objection was harmless beyond a reasonable doubt. The appellant's fifth point of error is overruled.

---

[42]

    And indeed, in this context, what the prosecutor was really emphasizing was the appellant's parole *in*eligibility, in an attempt to persuade the jury that, in the absence of the "incentive" of parole to regulate his behavior, the appellant would be more likely to commit acts of violence in the penitentiary.

### Constitutionality of Article 37.071

The appellant maintains in his eighth point of error that Article 37.071, Section 2(f)(4)'s definition of mitigating evidence is unconstitutionally narrow insofar as it fails to accommodate jury consideration of any mitigating evidence that does not directly reduce a capital defendant's moral blameworthiness. We have repeatedly reject this claim,[43] and do so again today. The appellant's eighth point of error is overruled.

As a corollary to his eighth point of error, the appellant argues in his ninth point of error that the trial court erred in refusing to submit a jury instruction that he requested at the close of the punishment phase that would have expressly informed the jury that its consideration of mitigating evidence was not limited to that evidence which directly reduces his "moral blameworthiness";[44] they could also, according to this proposed instruction, "consider any other evidence that would justify a sentence of life without parole." The trial court's refusal to submit this requested instruction, the appellant contends, caused him "*some harm*" under *Almanza v. State*.[45] He argues that, because his requested instruction was not an *incorrect* instruction in contemplation of our case law, it was therefore "law of the case"

---

[43]

*Lucero v. State*, 246 S.W.3d 86, 96 & n.11 (Tex. Crim. App. 2008).

[44]

TEX. CODE CRIM. PROC. art. 37.071, § 2(f)(4).

[45]

686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on State's motion for reh'g).

for purposes of Article 36.14 of the Code of Criminal Procedure.[46] We recently rejected an

almost identical claim in *Coble v. State*,[47] in which we observed that the statutory definition

of mitigating evidence contains no "nexus" requirement, and that prior case law has

> never suggested that a jury can, should, or must be instructed not to consider
> any nexus between the crime and the mitigating evidence. Such an instruction
> would be necessary only if the jury would be reasonably likely to infer a nexus
> requirement from the statutory words. That is not the case.[48]

That the appellant's proposed jury instruction was not incorrect does not mean that the trial

court was necessarily obliged to submit it under Article 36.14 if the court's charge was

otherwise adequate to instruct the jury on "the law applicable to the case." Having rejected

a substantially similar argument in *Coble*, we reject the appellant's argument today. His

ninth point of error is overruled.

In his point of error number ten, the appellant challenges the constitutionality of that

aspect of Article 37.071 which requires at least ten negative votes before the jury is

authorized to return a negative verdict on any of the special punishment issues.[49] We have

---

[46]

See TEX CODE CRIM. PROC. art. 36.14 ("in each felony case . . . the judge shall, before the argument begins, deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case[.]").

[47]

___ S.W.3d ___ (Tex. Crim. App., No. AP-76,019, 2010 WL 3984713, delivered October 13, 2010) (slip op. at *23).

[48]

*Id.*

[49]

TEX. CODE CRIM. PROC. art. 37.071, §§ 2(d) & (f)(2).

rejected this challenge to the so-called "10-12 rule" on many prior occasions,[50] and we reject it today as well. We overrule the appellant's tenth point of error.

In his eleventh point of error, the appellant complains that the future-dangerousness special issue is unconstitutional because it fails to define "probability," "criminal acts of violence," and "continuing threat to society."[51] We have previously rejected this claim,[52] and do so again in the instant case. We overrule the appellant's eleventh point of error.

In his twelfth and thirteenth points of error, the appellant invokes *Ring v. Arizona*[53] and *Apprendi v. New Jersey*[54] to argue that the mitigation special issue is unconstitutional to the extent that it fails to place the burden of proof upon the State, and to a level of confidence beyond a reasonable doubt, to demonstrate an absence of mitigating circumstances sufficient to justify imposition of a life sentence.[55] We have consistently declined so to hold,[56] and we

---

[50]

*Russeau v. State*, 171 S.W.3d 871, 886 (Tex. Crim. App. 2005).

[51]

*See* TEX. CODE CRIM. PROC. art. 37.071, § 2(b)(1) ("On conclusion of the presentation of the [punishment phase] evidence, the court shall submit the following issues to the jury: . . . whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society[.]").

[52]

*Coble v. State*, *supra* (slip op. at *24 & n.150).

[53]

536 U.S. 584 (2002).

[54]

530 U.S. 466 (2000).

[55]

*See* TEX. CODE CRIM. PROC. art. 37.071, § 2(e)(1) ("The court shall instruct the jury that if the jury returns an affirmative finding to each issue submitted under Subsection (b), it shall answer the following issue: . . . Whether, taking into consideration all of the evidence, including the

likewise reject the appellant's argument today.  The appellant's twelfth and thirteenth points of error are overruled.

Finally, in his fourteenth point of error, the appellant contends that Article 37.071 violates the Texas constitution because it simultaneously restricts and allows open-ended jury discretion in imposing the death penalty, relying on Justice Blackmun's dissenting opinion in *Callins v. Collins*.[57]  Having previously rejected this claim,[58] we likewise reject it now. The appellant's fourteenth point of error is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

DELIVERED:        March 2, 2011
DO NOT PUBLISH

---

circumstances of the offense, the defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant a sentence of life imprisonment without parole rather than a death sentence be imposed.").

[56]

  *Segundo v. State*, 270 S.W.3d 79, 102 (Tex. Crim. App. 2008).

[57]

  510 U.S. 1141 (1994) (Blackmun, J., dissenting).

[58]

  *See, e.g.*, *Escamilla v. State*, 143 S.W.3d 814, 828 (Tex. Crim. App. 2004) (rejecting identical claim under both federal and state constitutions).