IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WESLEY LYNN RUIZ, | |
| Petitioner, | |
| VS. | Cause No. 3:12-cv-05112-N |
| RICK THALER,<br>Director, Texas Department of Criminal Justice, Institutional Division, | Death Penalty Case |
| Respondent | |

PETITIONER'S REPLY MEMORANDUM

The Respondent has filed an Answer to the Amended Petition for Habeas Corpus arguing *inter alia* that the state court's adjudication of the Petitioner's claims under 28 U.S.C. & 2254 was not unreasonable and further that those claims not presented to the state court are barred due to the Petitioner's failure to show cause and prejudice.

In its Response to the Petitioner's *Martinez* claim, although the Respondent claims that appellate counsel was not ineffective and acknowledges that "appellate counsel could have taken steps to raise claims regarding Merillat's testimony in his reply brief or in argument," D.C. Docket No. 28 at 61, counsel for the Respondent then twice goes outside the record and enters the realm of mental telepathy by stating that "appellate counsel **likely assumed** the claim was more suitable for state habeas review because the trial record did not contain sufficient facts to support the claim." *Id.* (emphasis supplied).

1

*See also id.* at 62 where counsel further assumes what counsel feels might have been in the mind of appellate counsel.

The foregoing statements clearly exceed the bounds of permissible argument, thus vitiating Respondent's argument on this important issue.

Similarly, notwithstanding the fact that Mr. Ruiz's criminal history was virtually devoid of violent conduct, the Respondent instead seizes upon the puffery in some of Mr. Ruiz's correspondence in support of its argument that the Petitioner suffered no prejudice as a result of the error of appellate counsel.

Finally, and most importantly, the Respondent ignores the fact that the Court of Criminal Appeals, which can hardly be construed as a liberal institution, took the extraordinary step in *Estrada* of granting relief on an issue which was not, but could have been raised in the trial court, which underlines the importance of this type of error to a jury's consideration of the first special issue.  *See* 313 S.W.3d 274 at 288.

Respectfully submitted this 5th day of May, 2015.


    DONALD VERNAY
    Attorney at Law
    1604 Golf Course Road SE
    Rio Rancho, NM 87124
    (505) 892-2766
    By: /s/Donald Vernay
    Donald Vernay
    State Bar No. 24035581
    Counsel for Mr. Ruiz

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was filed electronically and also was mailed to the Petitioner at the following address:

Wesley Lynn Ruiz #999536
Polunsky Unit
3872 Fm. 350 South
Livingston, TX 77351

/s/ Donald Vernay
Donald Vernay