IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| WESLEY LYNN RUIZ, | : | |
| | : | |
| Petitioner, | : | Cause No. 3:12-cv-05112-N |
| | : | |
| v. | : | |
| | : | |
| BRYAN COLLIER, Executive Director of the Texas Department of Criminal Justice, Institutional Division, | : : : | THIS IS A CAPITAL CASE **EXECUTION SET FOR FEBRUARY 1, 2023** |
| | : | |
| Respondent. | : | |

## PETITIONER'S MOTION FOR STAY OF EXECUTION

Mr. Ruiz hereby moves for a stay of his execution, currently scheduled for February 1, 2023. For the reasons stated herein and in Mr. Ruiz's prior submissions, this Court should grant this motion.[1]

---

[1] Mr. Ruiz's prior submissions include: (1) Petitioner's Motion For Relief From Judgment Pursuant to FRCP 60(b)(6) ("*Rule 60(b)(6) Motion*") (ECF No. 50); (2) Appendix to Petitioner's FRCP 60(b)(6) Motion ("*Rule 60(b)(6) Appendix*") (ECF No. 50-1).

## ARGUMENT

Wesley Ruiz was wrongfully sentenced to death on the basis of materially false "future danger" testimony. He currently has a *Rule 60(b)(6) Motion* before this Court stating compelling grounds why his judgment should be reopened. Mr. Ruiz should be granted a stay and given the opportunity to demonstrate to this Court, in light of new facts and intervening law, why the merits of his claim can and should be reached.

This Court has statutory authority to grant a stay:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1); *see McFarland v. Scott*, 512 U.S. 849, 858 (1994) (§ "2251 expressly authorizes federal courts to stay state-court proceedings 'for any matter involved in the habeas corpus proceeding'").

Habeas courts consider four factors in determining whether a stay of execution is appropriate under 28 U.S.C. § 2251. These are:

> [W]hether the movant has made a showing of [1] likelihood of success on the merits and of [2] irreparable injury if the stay is not granted, [3] whether the stay would substantially harm other parties, and [4] whether granting the stay would serve the public interest.

*Crutsinger v. Davis*, 936 F.3d 265, 271 (5th Cir. 2019); *In re Holladay*, 331 F.3d 1169, 1176 (11th Cir. 2003) (quoting *Bundy v. Wainwright*, 808 F.2d 1410, 1421 (11th Cir. 1987)).

These four factors comprise a "balancing" test, i.e., they "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *accord Hilton v. Braunskill*, 481 U.S. 770, 777 (1987) (because these "stay factors contemplate

individualized judgments in each case, the formula cannot be reduced to a set of rigid rules"). For example, "if the movant does not show a 'probability' of success on the merits, he must 'present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities (*i.e.*, the other three factors) weighs heavily in the favor of granting the stay." *In re Campbell*, 750 F.3d 523, 534 (5th Cir. 2014) (internal quotations omitted).

Mr. Ruiz makes a strong showing on *all four* stay factors.

(1)  Mr. Ruiz has shown a "likelihood of success on the merits." For the reasons stated in the *Rule 60 Motion*, Mr. Ruiz has a strong case for Rule 60(b)(6) relief. His *Motion* presents the quintessential application of Rule 60(b): "to those cases in which the true merits of a case might never be considered," like Mr. Ruiz's case. *Ruiz v. Quarterman*, 504 F.3d 523, 531–32 (5th Cir. 2007) (granting a continued stay of execution and reversing order denying Rule 60(b) motion). When courts have addressed similar claims to the one that underlies Mr. Ruiz's *Rule 60(b)(6) Motion* on the merits, they have granted sentencing relief, which demonstrates his likelihood of success before this Court. *See Estrada v. State*, 313 S.W.3d 274, 287 (Tex. Crim. App. June 16, 2010); *Velez v. State*, No. AP-76,051, 2012 WL 2130890, at *32 (Tex. Crim. App. June 13, 2012) (unpublished).

In *Estrada*, the Texas Court of Criminal Appeals found the same claim to be meritorious. It noted, "This information, now properly before this Court, demonstrates there is a fair probability that appellant's death sentence was based upon Merillat's incorrect testimony . . . . We believe that the Supreme Court would find this to be constitutionally intolerable." *Estrada*, 313 S.W.3d at 287 (citation omitted). The same reasoning applies here.

At the very least, Mr. Ruiz has shown a sufficient "likelihood of success" to justify a stay of execution so the Court can decide the issues after due consideration. *See Gonzalez v. Crosby*,

545 U.S. 524, 532 n.4 (2005) (noting that a Rule 60 motion does not violate the restrictions on successive petitions if it alleges the prior ruling "which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"); *McFarland*, 512 U.S. at 856 (stay appropriate when petitioner "raise[s] a substantial federal claim"); *Barefoot v. Estelle*, 463 U.S. 880, 888 (1983) (stay appropriate "to give non-frivolous claims of constitutional error the careful attention that they deserve"); *Balentine v. Thaler*, 626 F.3d 842, 845–46 (5th Cir. 2010) (court issued a § 2251 stay on a Rule 60 motion to permit petitioner to proffer a "non-merits-based defect" in the district court's decision denying relief). Thus, this factor favors granting a stay.

(2) Mr. Ruiz will suffer "irreparable injury if the stay is not granted"—he will be executed. Because death is irreversible, "the possibility of irreparable injury weighs heavily in the movant's favor, especially when his claim has some merit." *Battaglia v. Stephens*, 824 F.3d 470, 475 (5th Cir. 2016) (quotation omitted). "In a capital case, we must be particularly certain that the legal issues have been sufficiently litigated, and the criminal defendant accorded all the protections guaranteed him by the Constitution of the United States." *In re Campbell*, 750 F.3d 523, 535 (5th Cir. 2014) (internal quotations omitted).

(3) Granting a stay would not "substantially harm other parties." There is no substantial harm to the State or its citizens, should relief be granted, or from postponing this execution to give appropriate and meaningful consideration of the *Rule 60 Motion*. *See Holladay*, 331 F.3d at 1177 (no substantial harm in granting stay where claim of intellectual disability was never adjudicated by any court). Thus, this factor, too, weighs in favor of a stay.

In comparable contexts, the State has conceded this claim is meritorious, and that relief was due. *Estrada* presented virtually identical facts as here; in both, the State's expert, A.P.

4

Merillat, gave materially false testimony allowing for the inference that a life-without-parole sentence would place correctional personnel at a significantly enhanced risk, a conclusion based on a classification regulation for which Mr. Estrada and Mr. Ruiz were in fact ineligible. In both, there are indications false testimony factored into the resolution, as evidenced by jury questions during deliberation. At oral argument in *Estrada*, the State explained why the interests of justice demanded relief and that, rather than being harmed, the State benefits by remedying such injustice:

> Prosecutor: [T]he state is conceding error based on the principles of—in the interests of justice and a judicial economy…
>
> . . . .
>
> Certainly, in a situation in a habeas corpus, proceeding, there could be an allegation of ineffective assistance of counsel for not properly bringing the fact that this testimony was inaccurate before the jury. So what the merits of this particular situation maybe is, is, is an issue that the state is not addressing, rather what we are conceding is that because of the severity of the punishment in this case, specifically that the jury sentence the defendant to a death, and based on a that, that there was testimony offered by the state that did end up being inaccurate and base[d] on the fact that jury had two questions during the punishment phase of the punishment hearing, one being directly addressing that inaccurate testimony that based on the interest of justice and **based on the duties of the district attorney's office to seek that justice is done. We feel that the appropriate remedy at this point would be to concede error** and allow the defendant to have another opportunity to ha[ve] a punishment trial.

Oral argument, *Adrian Estrada, Appellant, v. State of Texas, Appellee*, No. AP-75,634, 2009 WL 6808148 (Oct. 7, 2009) (emphasis added). The identical considerations apply here.

Moreover, in *Estrada*, the State itself considered the injustice consequential enough that it waived any procedural defenses, recognizing that strict application of procedural rules, including the State's interest in finality, must give way if necessary to remedy an injustice of this

5

magnitude. *Estrada*, 313 S.W.3d at 288. ("We understand the State to claim that this Court should apply Tex.R.App. P. 2 to suspend the preservation-of-error-rules . . . ."). [2]

Finally, Mr. Ruiz's warrant for execution was issued on July 27, 2022. *See Hill v. McDonough*, 547 U.S. 573, 594 (2006) ("A court considering a stay must also apply a strong equitable presumption against the grant of a stay where a claim could have been brought at such a time as to allow consideration of the merits without requiring entry of a stay.") (quotation omitted). One month later, the juror declarations that form a material aspect of the claim were obtained. Thus, there was no way to litigate the claim until Mr. Ruiz was in a warrant posture, and with a stay of execution.

(4) Fourth, "granting the stay would serve the public interest." The "[p]ublic interest is never served by a state's depriving an individual of a constitutional right." *Barbee v. Collier*, 566 F. Supp. 3d 726, 738 (S.D. Tex. 2021). The review for constitutional error provided by federal habeas corpus, which Mr. Ruiz seeks, "has a particularly important role to play" in advancing this public interest. *McFarland*, 512 U.S. at 859. Thus, this factor also supports a stay.

---

[2] Rule 2 states, "On a party's motion or on its own initiative an appellate court may—to expedite a decision or for other good cause—suspend a rule's operation in a particular case . . . ."

## CONCLUSION

All four relevant factors support a stay of execution in Mr. Ruiz's case. The balance of those factors overwhelmingly supports a stay. For the reasons stated herein and in Mr. Ruiz's other submissions, the Court should grant a stay of Mr. Ruiz's execution, currently scheduled for February 1, 2023.

/s/ Shawn Nolan
Shawn Nolan
Chief, Capital Habeas Unit
Peter Walker
Assistant Federal Defender
Federal Community Defender Office
  for the Eastern District of Pennsylvania
The Curtis – Suite 545 West
601 Walnut Street
Philadelphia, PA 19106
(215) 928-0520
Shawn_Nolan@fd.org
Peter_Walker@fd.org
*Counsel for Petitioner-Appellant*

Dated: January 27, 2023

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Director, Assistant Attorney General Tomee Heining, who have indicated the Director opposes this motion.

/s/ Shawn Nolan<br>
SHAWN NOLAN

Dated: January 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused the foregoing to be served on the following persons by ECF filing:

Tomee M. Heining
Assistant Attorney General
Office of the Attorney General of Texas
Post Office Box 12548
Austin, Texas 78711-2548

/s/ Shawn Nolan
SHAWN NOLAN

Dated: January 27, 2023